## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
10/13/2011

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No.  09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| RODNEY TOW, CHAPTER 7 TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., AMEGY MORTGAGE COMPANY, LLC, VESTALIA, LLC, HAMMERSMITH GROUP, LLC, f/k/a/ HAMMERSMITH GROUP, INC., PARK LAKE COMMUNITIES, LP, DONNIE LOU SPEER, GEORGE KOPECKY, WATERMARK LAND, LLC,  WATERMARK LAND, LP[1], WATERMARK TORTUGA, LLC, MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, L.L.C., DMW HOLDINGS, INC., MGM MOTOR SPORTS, L.L.C., SARACEN HOLDINGS, INC.[2], SARACEN HOLDINGS, L.P., SARACEN HOLDINGS GP, L.L.C., | § | Adversary No. 11-03191 |
| Defendants. | § | |

## REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT RECOMMENDING THAT IT WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING
[Adv. Doc. Nos. 59, 60, 69, 77, 82, 87, 88, 126 & 132]

---

[1] Watermark Land, LP was later discovered to be the predecessor of Watermark Land, LLC and thus is effectively no longer a party in this adversary proceeding.  *See* Adv. Doc. No. 79, ¶15 ("Defendant further states that based on information and belief, Watermark Land, LP, a Delaware limited partnership, was converted to Watermark Land, LLC, a Delaware limited liability company, on or about December 31, 2008.")

[2] Saracen Holdings, Inc. was later discovered to be the predecessor of Saracen Holdings, L.P. and Saracen Holdings GP, L.L.C. and thus is no longer a party in this adversary proceeding.  This Court signed an Order dismissing Saracen Holdings, Inc. from this adversary proceeding on September 7, 2011.  [Adv. Doc. No. 173].

## I. Introduction

In this adversary proceeding, Rodney Tow, the Chapter 7 Trustee (the Trustee), seeks to recover millions of dollars and alleges the following causes of action against some or all of the defendants: breach of partnership agreement, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy, civil theft and conversion, fraud, turnover, fraudulent transfers pursuant to 11 U.S.C. § 548, fraudulent transfers pursuant to TUFTA and DUFTA[3] (as allowed under 11 U.S.C. § 544), unjust enrichment, equitable subordination, and constructive trust. Here, numerous defendants have requested a trial by jury and have asked this Court to recommend to the District Court that the reference of this adversary proceeding be withdrawn.

## II. Relevant Procedural and Factual Background of the Bankruptcy Case and Adversary Proceeding

1.  On April 7, 2009, four of Royce Homes LP's (the Debtor) creditors filed a Chapter 7 involuntary petition against the Debtor. [Main Case, No. 09-32467, Doc. No. 1]. On April 30, 2009, the Court entered the Order for Relief. [Main Case, No. 09-32467, Doc. No. 11].

2.  On April 28, 2011, the Trustee filed his Original Complaint (the Complaint), **which was 578 pages and contained an exhibit totaling 56 pages.**[4] [Adv. Doc. No. 1]. In the Complaint, the Trustee alleges the following: (1) breach of partnership agreement; (2) breach of fiduciary duty; (3) aiding and abetting breach of fiduciary duty; (4) conspiracy; (5) civil theft and conversion; (6) fraud; (7); turnover; (8) fraudulent transfers pursuant to

---

[3]  The TUFTA is another name for sections of the Texas Business and Commerce Code that concern fraudulent transfers and the applicable rules of recovery. The DUFTA is another name for sections of the Delaware Business and Commerce Code that concern fraudulent transfers and the applicable rules of recovery.

[4]  On June 17, 2011, the Trustee filed an Amended Complaint, which is presently the "live" pleading. [Adv. Doc. No. 89]. **The Amended Complaint is 606 pages and contains two exhibits totaling 57 pages**.

11 U.S.C. § 548; (9) fraudulent transfers pursuant to TUFTA and DUFTA (as allowed under 11 U.S.C. § 544); (10) unjust enrichment; (11) equitable subordination; and (12) constructive trust.

3.      John H. Speer, Vestalia, LLC, Michael Manners, Allard Investment Company, LLC, DMW Holdings, Inc., MGM Motor Sports, LLC, Donnie Lou Speer, Amegy Bank, N.A., Amegy Mortgage Company, LLC, Park Lake Communities, Hammersmith Group, LLC, George Kopecky, Watermark Land, LLC, Watermark Tortuga, LLC, Saracen Holdings GP, L.L.C., Saracen Holdings, L.P., and Saracen Holdings, Inc. (collectively, the Defendants) all filed answers to the Complaint and accompanying jury demands.[5] [Adv. Doc. No. 57, 58, 61-68, 72-76, 78-80,  104-107, 110-112, 127, 129, 133 & 172]. All of the Defendants also filed motions to withdraw the reference. [Adv. Doc. No. 59, 60, 69, 77, 82, 87, 88, 126 & 132].

4.      The Trustee filed his objections to the various motions to withdraw reference filed by all of the Defendants.[6] [Adv. Doc. No. 90 & 149].

5.      On August 19, 2011, this Court held a hearing on, among other things, the motions to withdraw the reference.  After hearing argument from counsel, the Court took the matter under advisement. The Court now makes this Report and Recommendation.

---

[5] Watermark Land, LP did not file an answer. *See supra* note 1.

[6] These objections did not relate to either Saracen entity, as their motions to withdraw the reference were filed on July 20, 2011 [Adv. Doc. Nos. 126 & 132], i.e. after the Trustee had already filed his objections to the other motions to withdraw the reference.  The Trustee filed his objection to these two motions on August 10, 2011. [Adv. Doc. Nos. 148, 149].

### III. THIS COURT RECOMMENDS THAT THE DISTRICT COURT WITHDRAW THE REFERENCE OF THIS ADVERSARY PROCEEDING

A.     **Mandatory Withdrawal of the Reference**

As provided by General Order 2005-6 of the United States District Court for the Southern District of Texas under authority of 28 U.S.C. § 157(a), "cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this District." 28 U.S.C. § 157(d) also provides for both mandatory and permissive withdrawal of the reference by district courts. *See* 28 U.S.C. § 157(d). Withdrawal of the reference is mandatory "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* This provision "is to be construed narrowly, so that it does not become an 'escape hatch' for matters properly before the bankruptcy court." *United States v. Johns-Manville Corp. (In re Johns-Mannville Corp.)*, 63 B.R. 600, 603 (S.D.N.Y. 1986); *see also Levine v. M & A Custom Home Builder & Developer, LLC*, No. Civ. A. H-08-2946, 2008 WL 5082400, at *1 (S.D. Tex. Nov. 10, 2008). The District Court must withdraw the reference when a "substantial consideration" of both the Bankruptcy Code and other federal law is required. *Levine,* 2008 WL 5082400, at *1; *Lifemark Hosps. of Louisiana, Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 161 B.R. 21, 24 (E.D. La. 1993); *United States Gypsum Co. v. Nat. Gypsum Co. (In re Nat. Gypsum Co.)* 145 B.R. 539, 541 (N.D. Tex. 1992).

Here, there are no causes of action alleging violations of federal law outside of the Bankruptcy Code. Accordingly, mandatory withdrawal is inapplicable in relation to this Adversary Proceeding. This Court will now address permissive withdrawal of the reference.

4

**B.    Permissive Withdrawal of the Reference**

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  In determining whether a movant has shown "cause" for permissive withdrawal of the reference, the Fifth Circuit has held that a district court should consider whether: (1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial.  *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985). A review of these factors strongly favors withdrawal of the reference by the district court.

1. The first factor: the underlying lawsuit is a non-core proceeding

The Trustee has brought numerous causes of action against several defendants.  All of these causes of action, except the fraudulent transfer claims brought under 11 U.S.C. § 548, are based upon state law.  Claims based upon state law for prepetition breaches of contract are non-core proceedings.  *See N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71-72 (1982).  Claims based upon state law for prepetition tortious conduct are also non-core proceedings.  *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 783 (E.D. Tex. 2001).  Further, claims based upon breach of fiduciary duty, civil theft and conversion, conspiracy to defraud, and unjust enrichment are also non-core proceedings. *See Mirant Corp. v. The S. Co.*, 337 B.R. 107, 112-18 (N.D. Tex. 2006); *See also In re Byrd*, 66 B.R. 261, 262 (Bankr. N.D. Miss. 1986); *Sago v. Wal-Mart Stores, Inc.*, 280 F. Supp.2d 578, 582-87 (S.D. Miss. 2003); *Robin Towing Corp. v. Defelice*, No. 87-146, 1987 U.S. Dist. LEXIS 11157, at *1-1 (E.D. La. Dec. 1, 1987).  Thus, all of the Trustee's claims in this suit are non-core proceedings except the section 548 claims, which

are core pursuant to 28 U.S.C. § 157(b)(2)(H). If the majority of claims are non-core, then withdrawal of the reference is favored. *See Gecker v. Marathon Fin. Ins. Co., Inc., RRG*, 391 B.R. 613, 615 (N.D. Ill. 2008). Here, the majority of claims are non-core. Accordingly, this first factor weighs in favor of withdrawal of the reference[7].

## 2. The second factor: uniformity in bankruptcy administration will be promoted

If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration. *See Palmer & Palmer, P.C. v. U.S. Trustee (In re Hargis)*, 146 B.R. 173, 176 (N.D. Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co.(In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (finding that "Given [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy, including this adversary proceeding").

In weighing this consideration, the Court will look to two Reports and Recommendations on the withdrawal of reference prepared by this Court. Each case reached a different conclusion under this factor. *Waldron v. Nat. Union Fire Ins. Co. of Pittsburgh, PA (In re EbaseOne Corp.),* 2006 WL 2405732, No. 01-31527-H4-7, Adv. No. 06-3197, at *4 (Bankr. S.D. Tex. June 14, 2006); *Veldekens v. GE HFS, Inc. (In re Doctors Hosp. 1997, L.P.),* 351 B.R. 813, 867–68 (Bankr. S.D. Tex. 2006). In *EbaseOne,* this Court noted that none of the substantive issues in the adversary proceeding had been reached because the motion to withdraw reference was filed

---

[7] In the wake of the Supreme Court's recent ruling in *Stern v. Marshall*, 131 S.Ct. 2594 (2011)—holding that a bankruptcy court does not have constitutional authority to enter a final judgment where the dispute is based upon state law and does not involve the claims adjudication process—the facts in the adversary proceeding at bar make the conclusion that this first factor favors withdrawal of the reference even more compelling than would otherwise be the case. Here, none of the Defendants have filed claims in the main Chapter 7 case of Royce Homes, so there is no claims adjudication process involved in this suit. Moreover, most of the Trustee's causes of action are based upon state law.

shortly after the complaint. The Court concluded that it had not reached a significant level of familiarity with the case and therefore that the factor favored withdrawal. Conversely, in *Doctors Hospital*, this Court had previously held several lengthy hearings on an application for preliminary injunction and several motions for summary judgment. The Court, therefore, determined that it had reached such a level of familiarity with the facts of the underlying adversary proceeding that it would be disruptive to the uniformity of bankruptcy administration for the suit to be withdrawn.

Of these two polar examples, the facts of the present adversary proceeding are closer to *EbaseOne*. The Court has held only a few hearings since this lawsuit was initiated in April of this year, and the rulings that it has issued have primarily concerned motions to dismiss based upon the defendants' assertions that the Trustee needs to plead with greater specificity[8]. There have been no lengthy hearings where testimony has been adduced and substantive rulings issued. Accordingly, this second factor favors withdrawal of the reference.[9]

### 3. The third factor: forum shopping and confusion will be reduced

United States District Judge Kenneth M. Hoyt has stated: "In some sense, any party who objects to Bankruptcy Court adjudication is forum shopping." *Veldekens v. GE HFS Holdings, Inc.*, 362 B.R. 762,769 (S.D. Tex. 2007). "A good faith claim of right, even when motivated (at least in part) by a desire for a more favorable decision maker, should not on that basis alone be

---

[8] With a few exceptions, the undersigned judge has denied all of the motions to dismiss. [Adv. Doc. Nos. 151, 167, 171, 174, 194, 200]. The Court did dismiss the conversion cause of action against John H. Speer as well as the civil theft and conversion and unjust enrichment claims against Donnie Lou Speer. [Adv. Doc. Nos. 167, 194]. However, the Court dismissed these claims without prejudice and has afforded the Trustee the opportunity to file another amended complaint as to these causes of action. [Adv. Doc. Nos. 167, 194].

[9] The Court wants to emphasize that it has certainly become well-acquainted with the allegations made by the Trustee. Indeed, the Court necessarily had to familiarize itself with these allegations in order to issue rulings on the motions to dismiss. Nevertheless, this familiarity alone does not necessarily disfavor withdrawal of the reference. After all, the motions to withdraw the reference were filed very early on in this adversary proceeding, and, unlike this Court's extensive involvement in *Veldekens*, here there has been much less involvement.

denied as forum shopping." *Id*. (declining to find forum shopping where there was significant change in the circumstances that led the party to agree to adjudication by the bankruptcy court). Here, unlike *Veldekens*, there is nothing in the record indicating that any party has engaged in forum shopping. Indeed, all of the motions to withdraw reference were filed quite soon after the Trustee initiated this adversary proceeding.

With respect to whether confusion will be reduced, the undersigned judge believes that any chance of confusion will be minimized if the District Court withdraws the reference. As already noted, the "live" complaint filed by the Trustee is his "Trustee's First Amended Complaint." [Adv. Doc. No. 89]. This pleading is 606 pages, with two exhibits, one of which is 56 pages and the other is 1 page. Given the sheer volume of the First Amended Complaint, and the numerous causes of action pleaded therein, confusion will be minimized if the District Court immediately withdraws the reference and adjudicates this dispute. Accordingly, this third factor weighs in favor of withdrawal of the reference.

### 4. The fourth factor: economical use of debtor's and creditors' resources will be fostered

One of the major goals of bankruptcy law is the efficient use of the debtor's and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation. *Plan Admin'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D. Ill. 2005) (citing *Holland Am.*, 777 F.2d at 999). In relation to non-core matters, *Mirant* held that a withdrawal of reference fosters judicial economy and conservation of resources because if there is no withdrawal of reference, then the district court must review the bankruptcy court's findings of fact and conclusions of law. *Mirant*, 337 B.R. at 122. Because the district court performs a *de novo* review of a non-core matter, unnecessary costs can be avoided if the

8

district court simply tries the suit under its original jurisdiction rather than having the facts adduced first in the bankruptcy court and later reviewed *de novo* by the district court.

In the suit at bar, even though the section 548 claims are core matters, there are several non-core matters that need to be adjudicated. Therefore, if this Court were to hold a full bench trial, any substantive rulings that it issues on the non-core matters would necessarily have to be reviewed *de novo* by the District Court pursuant to 28 U.S.C. § 157(c)(1)[10]. Under these circumstances, unnecessary costs can be avoided if the District Court simply tries the suit under its original jurisdiction rather than having the dispute tried first in bankruptcy court and later reviewed *de novo* by the District Court. For all of these reasons, this fourth factor weighs in favor of withdrawal of the reference.

5. The fifth factor: the bankruptcy process will be expedited

A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). Here, a refusal to withdraw the reference would, in fact, unduly delay the administration of this Chapter 7 case. If a bankruptcy court adjudicates a non-core proceeding in the first instance, thereby invoking the two-step process discussed previously, the *de novo* review will delay the resolution of the dispute and consequently, the final administration of the bankruptcy estate. This situation is present here because there are several non-core matters that need to be adjudicated. Accordingly, this fifth factor favors withdrawal of the reference.

---

[10]   The Defendants have not consented to the undersigned judge issuing a final judgment of any non-core matters, and therefore 28 U.S.C. § 157(c)(2) is not applicable here. Even if they did consent, it is not clear in the wake of the Supreme Court's ruling in *Stern* that the undersigned Article I judge could issue a final judgment.

6. The sixth factor: a party has demanded a jury trial

This is a crucial factor in any motion to withdraw the reference. As stated by United States District Judge Barbara Lynn: "A party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate is entitled to a jury trial under the constitutional mandates of the Seventh Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding." *In re Nu Van Tech., Inc.*, No. 01-49589, 2003 WL 23785355, at *2 (N.D. Tex. Oct. 14, 2003) (unreported opinion).

In this adversary proceeding, all the Defendants except for Watermark Land, LP[11] have demanded a jury trial, have never consented to the undersigned Article I judge conducting a jury trial, and have not filed any claims against the Debtor's Chapter 7 estate. Moreover, the Trustee acknowledges in his objection to the Defendants' various motions to withdraw the reference that "at least some of the Defendants would have a right to trial by jury on at least some of the causes of actions pled by the Trustee in the Original Complaint." [Adv. Doc. No. 90]. As such, this Court places a heavy emphasis on this consideration because the Defendants are "part[ies] against whom legal action has been brought to recover monetary damages and who ha[ve] never filed a claim against the estate." Therefore, this sixth factor strongly favors withdrawal of the reference.

---

[11] Watermark Land, LP is no longer a party in this adversary proceeding. *See supra* note 1.

## IV. CONCLUSION

In sum, the undersigned judge believes that all six of the *Holland America* factors favor withdrawal of the reference by the District Court. **Therefore, because cause exists under 28 U.S.C. § 157(d), the undersigned judge recommends that the District Court immediately withdraw the reference of this adversary proceeding.**

At the hearing on the various motions to withdraw the reference, the Trustee argued that even if the undersigned judge recommends withdrawal of the reference, he should nevertheless recommend deferring withdrawal until the trial is ready to proceed. There is certainly precedent for this approach. *See Levine,* 2008 WL 5082400*,* at *5 ("The right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions. A right to a jury trial does not arise until jury issues are presented.") (citing *McFarland v. Leyh*, 52 F.3d 1330, 1339 (5th Cir. 1995)); *In re Pruitt*, 910 F.2d at 1169 (stating if the suit is "entirely disposed of" before trial accrues, then there will cease to be "cause" for withdrawal). Not surprisingly, the Defendants strongly oppose the Trustee's request.

**The undersigned judge recommends against deferring withdrawal of the reference.** As already noted, the Amended Complaint is 606 pages and contains numerous causes of action. Judicial efficiency and economy would be disserved if the District Court deferred withdrawal of the reference and allowed the undersigned judge to resolve all pretrial disputes.[12]

Signed on this 13th day of October, 2011.

Jeff Bohm
United States Bankruptcy Judge

---

[12] The undersigned judge wants to emphasize that he does not believe his docket is too heavy for him to adjudicate all pretrial disputes. Rather, the issue is one of efficiency and economy.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P. | § | Case No. 09-32467-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| RODNEY TOW, CHAPTER 7 | § | |
| TRUSTEE, | § | |
|    Plaintiff, | § | Adversary No. 11-03191 |
| v. | § | |
| | § | |
| JOHN H. SPEER, AMEGY BANK, | § | |
| N.A., AMEGY MORTGAGE | § | |
| COMPANY, LLC, VESTALIA, LLC, | § | |
| HAMMERSMITH GROUP, LLC, f/k/a/ | § | |
| HAMMERSMITH GROUP, INC., | § | |
| PARK LAKE COMMUNITIES, LP, | § | |
| DONNIE LOU SPEER, GEORGE | § | |
| KOPECKY, WATERMARK LAND, | § | |
| LLC,  WATERMARK LAND, LP, | § | |
| WATERMARK TORTUGA, LLC, | § | |
| MICHAEL MANNERS, ALLARD | § | |
| INVESTMENT COMPANY, L.L.C., | § | |
| DMW HOLDINGS, INC., MGM | § | |
| MOTOR SPORTS, L.L.C., SARACEN | § | |
| HOLDINGS, INC., SARACEN | § | |
| HOLDINGS, L.P., SARACEN | § | |
| HOLDINGS GP, L.L.C., | § | |
|    Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ORDER WITHDRAWING REFERENCE OF ADVERSARY NO. 11-03191

Based on the Report and Recommendation of the Bankruptcy Court regarding the various

motions for withdrawal of reference filed by the defendants, the Court finds that the reference should

be immediately withdrawn.  It is therefore:

ORDERED that the reference of adversary proceeding 11-03191 is immediately withdrawn;
and it is further

ORDERED that the District Court shall try all of the claims brought in Adversary No. 11-
03191.

Signed on this _____ day of _____, 2011

_____
United States District Judge