## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| _____ | § | |
| | § | |
| RODNEY D. TOW, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY NO. 11-03191 |
| v. | § | |
| | § | |
| JOHN H. SPEER, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

### JOHN H. SPEER'S MOTION TO WITHDRAW THE REFERENCE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOU RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

John H. Speer ("*Speer*"), a Defendant in the above-captioned adversary proceeding, files

this *Motion to Withdraw the Reference* pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the

Bankruptcy Local Rules, and shows:

1

**Nature of John Speer's Motion**

1.        Speer seeks withdrawal of the reference of this adversary proceeding to the District Court.  As demonstrated below, clear "cause" exists to withdraw the reference.  Speer has timely requested a trial by jury (Docket No. 57) and does not consent to trial before the Bankruptcy Court.  Speer has <u>not filed a proof of claim</u> in this bankruptcy case.  Accordingly, Speer preserved his right to a jury trial.  Further, it is in the interest of judicial economy to withdraw the reference, considering the necessity for de novo review under 28 U.S.C. § 157(c)(1) if a Bankruptcy Court heard "non-core" claims such as the Trustee's purported claims for breach of partnership agreement, breach of fiduciary duty, civil theft/conversion, fraud/fraud scheme, and unjust enrichment.  The Bankruptcy Court should recommend to the District Court that the automatic reference of this adversary proceeding be withdrawn and that this case should proceed as a civil action in the United States District Court.

**Legal Claims Are Asserted**

2.        On April 28, 2011, Chapter 7 Trustee, Rodney Tow filed the instant adversary case alleging, among other things, the following claims against Speer:

> i.   Breach of Partnership Agreement;
> ii.  Breach of Fiduciary Duty;
> iii. Civil Theft/Conversion;
> iv.  Fraud/Fraud Scheme;
> v.   Fraudulent Transfers;
> vi.  Unjust Enrichment; and
> vii. Constructive Trust.

3.        Speer denies the claims.  The Trustee's claims are asserted under Del. Code Ann. Tit. 6, § 15-405(a), 6 Del C. § 15-404(b)–(c), TEX. CIV. PRAC. & REM. CODE ANN. § 134.001–134.005, 11 U.S.C. 548, 11 U.S.C. 544 and TEX. BUS. & COM. CODE § 24.001, *et seq.*, the Texas Uniform Fraudulent Transfer Act ("***TUFTA***"), 6 Del. C. §§ 1304, 1305 and 1309, the Delaware

2

Uniform Fraudulent Transfer Act ("*DUFTA*"), among others.  The Trustee seeks either a monetary judgment or recovery of real or personal property for claims (i) through (vi).

4.       Speer denies that the Trustee is entitled to the relief sought.

## Procedure for Withdrawal of Reference

5.       Local Bankruptcy Rule 5011-1 provides that "unless the district court orders otherwise, the matter [a motion for withdrawal of reference] shall first be presented to the bankruptcy judge for recommendation."[1]  Section 157(d) of Title 28 provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party for cause shown."[2]

## Argument and Authorities

### I.       Speer's Jury Trial Right

6.       The Fifth Circuit instructs that without consent of the parties, a bankruptcy judge lacks the authority to conduct a jury trial.[3]  If the party requesting a jury trial is entitled to a jury trial, the reference must be withdrawn.[4]  "[I]f there is a valid demand for a jury trial and the Bankruptcy Court is unable to conduct that trial through consent, the appropriate course of action is for the District Court to withdraw the reference so that it may conduct a jury trial."[5]

7.       A motion to withdraw the reference based upon a jury demand requires an analysis of three fundamental questions:

>       (i)       First, did the jury demand comply with applicable procedural
>                 requirements?

---

[1]   Local Bankruptcy Rule 5011-1 for the Southern District of Texas.
[2]   28 U.S.C. § 157(d).
[3]   *In re Clay*, 35 F.3d. 190, 196–97 (5th Cir. 1994).
[4]   *Id.*
[5]   *In re British Am. Props. III*, 369 B.R. 322, 326–27 (Bankr. S.D. 2007).

(ii)    Second, does the party have a right to a jury trial in a civil action pending in the Bankruptcy Court?

(iii)   And third, if a party does have such right, may a Bankruptcy Judge conduct the jury trial?

8.    Speer complied with applicable procedural requirements.  Contemporaneously with this Motion, Speer timely filed a jury demand pursuant to FED. R. CIV. 38(b).  Moreover, Speer has not filed a proof of claim in the bankruptcy case.

9.    Speer is entitled to jury trial of the Trustee's claims.  The Supreme Court explained that the right to a jury trial depends on whether the remedy in the cause of action is legal or equitable, stating that a three-part test is used to determine such right:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature.  The second stage of the analysis is more important than the first.  If, of the balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a fact finder.[6]

10.    The Trustee's purported claims for breach of partnership agreement,[7] breach of fiduciary duty,[8] civil theft/conversion,[9] fraud/fraud scheme,[10] and fraudulent transfers[11] are legal claims to which Speer has a right to a jury trial.  Because the Trustee seeks to recover money

---

[6]  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

[7]  *See In re OCA, Inc.*, 410 B.R. 443 (E.D. La. 2007) (finding that the claims for breach of contract and breach of fiduciary duty are actions at law).

[8]  *Id.*

[9]  *In re Quarles*, 294 B.R. 729, (E.D. Ark. 2003) (finding that the action for conversion was an action at law to which a jury right attaches).

[10]  *Granfinanciera, S.A.*, 492 U.S. at 47–48 (1989).

[11]  *Id.* at 42 (The Supreme Court held that "[t]here is not dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th-Century England.").

from Speer based on the above causes of action, the Trustee seeks a legal remedy, thus Speer is entitled to a jury trial on the claims.[12]

11.     28 U.S.C. § 157(e) provides that absent the special designation of the District Court and the express consent of all parties, the Bankruptcy Court may not conduct a jury trial.[13] Speer does not consent to trial before the Bankruptcy Court.

## II.     Whether Claims are Core or Non-Core

12.     The Fifth Circuit suggests that a court considering a motion to withdraw the reference determine whether the proceeding is core or non-core.[14]  After the district court makes a core/non-core determination, it should consider factors such as judicial economy, uniformity in bankruptcy administration reducing forum shopping, fostering economical use of debtor and creditor resources and expediting the bankruptcy process.[15]

13.     While "[b]ankruptcy judges may hear and determine" core proceedings, subject to ordinary appellate review, 28 U.S.C. § 157(b)(1), when "a proceeding is not a core proceeding," only a district judge may enter a final judgment, and only after reviewing any findings or conclusions from the bankruptcy court on a de novo basis.[16]

14.     "[A] proceeding is core under section 157 if it invokes a substantive right by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[17]  A proceeding that does not meet the test is non-core.[18]  Bankruptcy judges may exercise full judicial power over only those controversies that implicate the peculiar rights and powers of

---

[12]   *Id.* at 46 n.5 (quoting ***Whitehead v. Shattuck***, 138 U.S. 146, 151 (1891) ("Where an action is simply for the recovery and possession of specific real or personal property, or for the recover of a money judgment, the action is one at law.")).

[13]   28 U.S.C. § 157(e).

[14]   ***Holland Am. Ins. Co. v. Succession of Roy***, 777 F.2d 992 998-99 (5th Cir. 1985).

[15]   *Id.*

[16]    18 U.S.C. § 157(c)(1).

[17]   ***In re Wood***, 825 F.2d 90, 97 (5th Cir. 1987).

[18]   *Id.*

bankruptcy.[19]  Controversies that do not depend on the bankruptcy laws for their existence are not core proceedings.[20]

15.     Under the *Wood* test, the Trustee's purported claims of breach of partnership agreement, breach of fiduciary duty, civil theft/conversion, fraud/fraud scheme, and unjust enrichment are all non-core proceedings.

16.     Although the Trustee asserted some "core" fraudulent transfer claims, there is every reason to withdraw the reference as to those claims as well.  The Trustee's avoidance claims arise out of the same purported operative facts as the non-core claims.  It should also be noted that the fraudulent conveyance claims brought under 11 U.S.C. § 544, while classified as core in 28 U.S.C. § 157(b)(2), have significant non-core characteristics, such as being predicated in whole or in part on state law.[21]  In such circumstances, courts have not hesitated to withdraw the core claims from the bankruptcy court along with the non-core claims.[22]

17.     Moreover, trying all of the claims in the district court will further satisfy the other *Holland America* factors, such as expediting the bankruptcy process and fostering the economical use of the estate's and creditors' resources.

> Judicial economy will not be sacrificed by the withdrawal.  Rather adjudicating all of the claims, both core and non-core, in the district court eliminated the prospect of an appeal from the bankruptcy judge's adjudications of core claims, and dispenses with the need for the district court to conduct *de novo* review of proposed findings and conclusions of the bankruptcy judge after a trial in the bankruptcy court as to non-core claims.  And, for the same reasons, withdrawal of the reference will foster the economical use of resources of the litigants.[23]

---

[19]  *Id.* at 96.
[20]  *Id.*
[21]  **Mirant Corp. v. The So. Co.**, 337 B.R. 107, 119 (N.D. Tex. 2006).
[22]  *See, e.g., id.* 119 & 123.
[23]  *Id.* at 122.

18.     Wherefore, Speer requests that this Court enter an order recommending the withdrawal of the reference of this adversary proceeding and granting Speer such other relief as is just.

Respectfully submitted,

/s/ Steven Shurn
C. Ed Harrell                    TBN #09042500
eharrell@hwa.com
Steven Shurn                    TBN: 24013507
sshurn@hwa.com
Simon Mayer                    TBN #24060243
smayer@hwa.com
Three Allen Center
333 Clay, 29th Floor
Houston, Texas  77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR JOHN SPEER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of May, 2011, a true and correct copy of the foregoing was served by ECF transmission or U.S. Mail, prepaid, on the following persons:

*/s/ Steven Shurn*
Steven Shurn

**Attorneys for Plaintiff**
Rodney D. Tow
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via ECF:* rtow@towkoenig.com

Erin E. Jones
Jones Morris, LLP
6363 Woodway Suite 570
Houston, TX 77057
*Via ECF:* erin@jonesmorris.com

Julie Mitchell Koenig
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
*Via ECF:* jkoenig@towkoenig.com

Michael Duncan
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
*Via ECF:* mikedunc@cagehill.com

**Attorney for Amegy Bank, N.A., Defendant**
George R. Gibson
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Flr
Houston, TX 77056-6102
*Via ECF:* ggibson@nathansommers.com

**Attorney for Michael Manners, Defendant**
Peter Johnson
Law Offices of Peter Johnson
Eleven Greenway Plaza
Suite 2820
Houston, TX 77046
*Via ECF:* pjlawecf@pjlaw.com

**Defendants**
Donnie Lou Speer
14322 Darschelle Court
Houston, TX 77069
*Via First Class Mail*

Christopher D. Johnson
McKool Smith
600 Travis Street, Suite 7000
Houston, Texas 77002
*Via First Class Mail*

Vestalia, LLC
Steven Shurn
HughesWattersAskanase, LLP
333 Clay St., 29th Floor
Houston, TX 77002
*Via ECF:* sdsecf@hwallp.com

Hammersmith Group, LLC
Park Lake Communities
c/o John H. Speer
16427 Telge Road
Cypress, TX77429-7029
*Via First Class Mail*

8

Michael J. Durrschmidt
Hirsch & Westheimer, P.C.
700 Louisiana Street, Suite 2550
Bank of America Center
Houston, TX 77002-2772
*Via First Class Mail*

Watermark Land LLC
Watermark Land LP
George Kopecky
21408 Provincial Blvd
Katy, TxX77450
*Via First Class Mail*

David C. Martin
Zukowski, Bresenhan & Sinex, LLP
1177 West Loop South, Suite 1100
Houston, Texas 77027
*Via First Class Mail*

Watermark Tortuga LLC
c/o James Hunter
6511 Riva Ridge Drive
Richmond, TX 77406
*Via First Class Mail*

Allard Investment Company, LLC
DMW Holdings, Inc.
MGM Motor Sports, LLC
Saracen Holdings, Inc.
c/o Michael Manners
17510 Red Oak Dr., Suite 100
Houston, TX 77090
*Via First Class Mail*

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |
| _____ | § | |
| | § | |
| RODNEY D. TOW, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADVERSARY NO. 11-03191 |
| v. | § | |
| | § | |
| JOHN H. SPEER, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

ORDER GRANTING JOHN SPEER'S
__MOTION TO WITHDRAW THE REFERENCE__
(Docket No. ___)

Came on for consideration *John Speer's Motion to Withdraw the Reference* ("Motion")
and after consideration of the Motion, response, and arguments of counsel, if any, finds that
cause exists to grant the motion.  It is therefore,

ORDERED, ADJUDGED and DECREED that the Motion is GRANTED and Adversary
No. 11-03191 shall be assigned to the United States District Court for the Southern District of
Texas, Houston Division for further proceedings and trial.

Signed this _____ day of _____, 2011.


_____
JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

*/s/ Steven Shurn*

C. Ed Harrell        TBN #09042500
eharrell@hwa.com
Steven Shurn        TBN: 24013507
sshurn@hwa.com
Simon Mayer        TBN #24060243
smayer@hwa.com
Three Allen Center
333 Clay, 29th Floor
Houston, Texas  77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR JOHN SPEER**

2