UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROYCE HOMES, LP** | § | Chapter 7 Case 09-32467 |
| *Debtor* | § | |
| | § | |
| **RODNEY TOW, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **11-03191** |
| vs. | § | |
| | § | |
| **JOHN H. SPEER, ET AL** | § | |
| *Defendants* | § | |

# DEFENDANTS MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC. AND MGM MOTOR SPORTS, LLC'S MOTION FOR WITHDRAWAL OF REFERENCE

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, **Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC** (hereinafter collectively "**Defendants**" or "**Manners Parties**") and move the United States District Court for the Southern District of Texas[1] (the "District Court") for an order, pursuant to *28 U.S.C.§157(d)*, withdrawing the reference of adversary proceeding number **11-03191** to the United States Bankruptcy Court for the Southern District of Texas ("Motion") and for cause would show to the Court as follows:

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

1.      This case was brought by the Chapter 7 Trustee of ROYCE HOMES, LP ("Royce") against sixteen (16) separate parties alleging that they conspired to breach a partnership agreement, breach of fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust, fraud and fraudulent transfers under both

---

[1] Pursuant to Bankruptcy Local Rule 5011-1 this Motion is Filed with the Clerk and will be presented to the Bankruptcy Court for Initial consideration.

[2] In fact, only one other action has been filed by this Trustee during his two (2) year tenure, a preference regarding a

DEFENDANTS MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DWM HOLDINGS, INC. AND MGM
PAGE 1 OF 9

State and Federal law.  The Manners Parties deny all such allegations in their answers filed

contemporaneously with this Motion and demand a trial by jury.

2.      There has been no action on this Adversary Case since filing[2], other than the

Answer filed by the Manners Parties and their respective requests for trial by jury[3].

## BACKGROUND FACTS

3.      Royce was in the business of constructing single family residences primarily in

the Greater Houston and Dallas, Texas areas.

4.      Michael Manners founded Royce in early 1994 and after successfully growing the

entity, Manners sold half of his interest in Royce to John Speer, a valued employee of Royce,

Manners then retired from active participation in the management and operation of Royce.

5.      In 2006, Michael Manners sold his remaining interest in  Royce Speer at a time

when financial success continued to visit Royce and the audited financial statements evidenced

the significant solvency of Royce both before and after such sale[4].

6.      On April 29, 2011, the Trustee filed a six hundred (600) paragraph complaint

containing over five hundred seventy-eight (578) pages in this Adversary Case ("Complaint[5]"),

accusing the Manners Parties and others of a litany of financial offenses against the Debtor,

generally described as breach a partnership agreement, breach fiduciary duty, civil theft,

conversion, turnover, unjust enrichment, equitable subordination, constructive trust, fraud and

fraudulent transfers under both State and Federal law all allegedly occurring after October 2006.

7.      The Manners Parties deny all such allegations in their answers filed

contemporaneously with this Motion and have all demanded a trial by jury.

---

[2] In fact, only one other action has been filed by this Trustee during his two (2) year tenure, a preference regarding a pre-filing garnishment in Adv. 11-03059.

[3] Answer date for the Manners Parties and all other Defendants properly served appears to be Sunday, May 29, 2011.

[4] In fact both 2006 and 2007 audited financials reflect significant equity in Royce.

[5] Defendants reference herein to the "Complaint" refers to the Complaint filed in this Adversary Proceeding at Docket #1.

8.      In the prayer to the Complaint, the Trustee in each of the eleven requests for relief, seeks a sum certain in monetary damages and then supplements each such demand with requested equitable relief. *[See Complaint at Docket #1, Page 149 through Page 155]*.

9.      None of the Manners Parties are Debtors in any related bankruptcy case and none of the Manners Parties have filed claims for recovery in the Royce bankruptcy case.   The Manners Parties have not voluntarily become parties in the Royce case and are only here as a result of the filing of the Complaint.

## LEGAL ARGUMENT

### *THERE IS CAUSE TO WITHDRAW THE MATTER FROM BANKRUPTCY COURT*

10.      28 U.S.C.§157(d) grants this Court the authority to "*withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.*"   Because the statute does not define "cause" for withdrawal, the discretion is left with the Court.    Common tests for determining whether cause for withdrawal exists have developed in the case law including that the court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997).    Most Courts have followed the *Orion factors* that direct the court to consider:

   a.   Whether the claim is core or non-core;
   b.    Whether the claim is legal or equitable;
   c.   Whether the claim is triable by a jury;
   d.   The most efficient use of judicial resources;
   e.   Reduction of forum shopping;
   f.   Conservation of estate and non-debtor resources; and
   1.   Uniformity of bankruptcy administration. *In re Enron Power Marketing, Inc.*, 2003 WL 68036 (S.D.N.Y.), citing *Orion Pictures Corp. v. Showtime Networks, 4 F.3d 1095, 1101 (2d Cir.1993), cert. dismissed, 511 U.S. 1026, 114 S.Ct. 1418,*

*128 L.Ed.2d 88 (1994).*

11.      Thus, the first inquiry to address in determining cause for withdrawal exists is whether the matter at issue is a "core" or "non-core" proceeding.  Of course, in the Complaint the Trustee has alleged a litany of actions, some of which are clearly core matters, but the majority which are non-core.  For example, Title 11 Claims under §548 to *"...recover fraudulent conveyances."*  28 U.S.C.§157(b)(2)(H) is clearly a core matter.   However, since some of the provisions of *§157* are so broad that they could be construed to include almost any matter relating to bankruptcy, the nature of the proceeding in question must be examined.  *Complete Management, Inc. v. Arthur Andersen, LLP, 2002 WL 31163878 (S.D.N.Y. Sept. 27, 2002).*

12.      A close examination of the Complaint reveals that although fraudulent transfer actions are alleged under both State and Federal law, the contract action for breach a partnership agreement, breach fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust and fraud, if they had merit, would all exist independent of the bankruptcy proceeding.  Other than the fraudulent transfer claim that parrots the state action for such recovery, the suit is not based on any right created by the federal bankruptcy law, rather they are based on state created rights.  Nine of the ten foundations for recovery plead by the Trustee in the Complaint are non-core matters under the facts of this case. *Matter of Wood, 825 F.2d 90, 97 (5th Cir. 1987).*  A proceeding is core under §157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *See also In re OCA, Inc., 551 F.3d 359, 367 (5th Cir. 2008) citing Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 930 (5th Cir.1999) (quoting In re Wood, 825 F.2d at 97).* The non-fraudulent transfer allegations in the Trustee's Complaint do not meet this test and, accordingly, are non-core and dominate the proceeding.

***JURY DEMAND IS IPSO FACTO CAUSE IN THIS CASE***

13.      The second inquiry and the third inquiry are necessarily interconnected.  Whether

or not the matter is legal or equitable will also determine whether the parties are entitled to a jury

trial that, without agreement, cannot be conducted by the bankruptcy court.   A bankruptcy court

may not conduct a jury trial without the consent of all parties.   *In re Clay, 35 F.3d 190, 196–97*

*(5th Cir.1994).*

14.      Because the Trustee has predominated the Complaint with legal actions at law[6],

the right to a jury trial is preserved and mixing equitable concepts will not save the action from

being a law claim in fact.  *"[i]f a legal claim is joined with an equitable claim, the right to a jury*

*trial on the legal claim, including all issues common to both claims, remains intact." Curtis v.*

*Loether, 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974)."*  Like in the

Levine case, here all claims arise from and are intertwined within the same nucleus of common

facts. *Levine v. M & A Custom Home Builder & Developer, LLC, 400 B.R. 200, 206 (S.D. Tex.*

*2008) citing  In re Jensen, 946 F.2d 369, 371 (5th Cir. 1991).* Accordingly, since the Manners

Parties are entitled to a jury trial, the reference must be withdrawn.

*JUDICIAL EFFICIENCY DICTATES IMMEDIATE WITHDRAWAL*

15.      Once again, each of the remaining factors for cause are interrelated.   The

efficiency of the judicial process dictates the good sense and efficiency of withdrawal at this

---

[6] Our decisions establish beyond peradventure that "[i]n cases of fraud or mistake, as under any other head of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of  damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received." *Buzard v. Houston,* 119 U.S., at 352, 7 S.Ct., at 252, citing *Parkersburg v. Brown,* 106 U.S. 487, 500, 1 S.Ct. 442, 452, 27 L.Ed. 238 (1883); *Ambler v. Choteau,* 107 U.S. 586, 1 S.Ct. 556, 27 L.Ed. 322 (1883); *Litchfield v. Ballou,* 114 U.S. 190, 5 S.Ct. 820, 29 L.Ed. 132 (1885). See also *Atlas Roofing Co. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 454, n. 11, 97 S.Ct. 1261, 1268, n. 11, 51 L.Ed.2d 464 (1977) ("the otherwise legal issues of voidable preferences"); *Pernell v. Southall Realty,* 416 U.S. 363, 370, 94 S.Ct. 1723, 1727, 40 L.Ed.2d 198 (1974) (" '[W]here an action is simply for the recovery ... of a money judgment, the action is one at law' "), quoting *Whitehead v. Shattuck,* 138 U.S. 146, 151, 11 S.Ct. 276, 277, 34 L.Ed. 873 (1891); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 476, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962) ("Petitioner's contention ... is that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal. We agree with that contention"); *Gaines v. Miller,* 111 U.S. 395, 397-398, 4 S.Ct. 426, 427, 28 L.Ed. 466 (1884) ("Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received. The remedy at law is adequate and complete") (citations omitted). Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 47-48, 109 S. Ct. 2782, 2793, 106 L. Ed. 2d 26 (1989).

time. There has been no activity relating to this instant Complaint that was just filed on April 29, 2011. The answer date has yet to arrive. Unlike other administrations, this case has been in the bankruptcy court without active Court involvement, which will only be initiated by the parties in response to the Complaint. When the law requires the withdrawal before trial, it must be more efficient for the trial court to monitor the discovery and pre-trial issues, including dispositive motions. As a matter of course, the District Court management of the litigation will eliminate potential duplication on appellate review[7]. Withdrawal of the reference also promotes the efficient use of judicial resources. Since the Bankruptcy Court's determination of dispositive issues would be subject to de novo review in the district court, unnecessary costs can be avoided by a single proceeding in that court." *In re The VWE Group, Inc., 359 B.R. 441, 451 (S.D.N.Y. 2007).*

16.     There is no sense that the Complaint will have a delayed resolution, since it was just filed and discovery has not commenced. Further the Trustee's estate investigation will be just as valid in the District Court as it would in the bankruptcy forum. Rather than prejudice any party, the withdrawal at this point will avoid the duplication of effort. *VWE Group at 451.* Nor will the withdrawal of the reference adversely affect the uniformity of bankruptcy administration because the non-core claims, which predominate the Complaint, (a) are not brought under bankruptcy law; (b) arose prior to and independent of the Debtor's bankruptcy filing; and (c) do not otherwise concern administration of the bankruptcy estate. *See In re FMI Forwarding Co., Inc., 2004 WL 1348956, at *7.*

17.     It is axiomatic that the Complaint is predominated by "non-core" claims. The issue of "core" or "non-core" is on what questions of efficiency and uniformity turn. For example, "non-core proceedings are subject to de novo review [by the district court], *see 28*

---

[7] At least one party has previously appealed Bankruptcy Court rulings on attorney client privilege to this District Court. *See U.S. District Judge Lee H Rosenthal, Civil Action 4:11cv1585*

PAGE 6 OF 9

*U.S.C. § 157(c)(1),* and, hence, withdrawing the reference for these matters may be an efficient procedure to avoid unneeded duplication of judicial effort." *In re County Seat Stores, Inc., 01 Civ. 2966, 2002 WL 141875, \*4 (S.D.N.Y. Jan. 31, 2002) (citing Orion ).*

18.      Other courts have found that it is judicially economical to withdraw the entire reference of an adversary action from the Bankruptcy Court and transfer the adversary matter to the District Court. "By transferring the entire adversary matter to the District Court, as opposed to transferring just the trial portion, the District Judge is better able to closely monitor the case and uniformly resolve all issues which will expedite the adversary action and, in turn, the bankruptcy process. In addition, assigning only one District Judge to oversee the entire matter reduces any confusion, which may occur by splitting the matter in half by leaving the discovery and pre-trial matters in the Bankruptcy Court and then transferring the matter to the District Court at a later date for only the trial portion. Therefore, for all the foregoing reasons, the withdrawal of the entire reference is a better use of the parties' resources."  *Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co., 272 B.R. 104, 111-12 (E.D. Pa. 2001).*

19.      Finally, withdrawing the reference will not result in forum-shopping because, due to defendants' demand for a jury trial on the non-core claims, the parties have no choice but to try the case in the District Court of the Southern District of Texas.  *In re The VWE Group, Inc., 359 B.R. 441, 451 (S.D.N.Y. 2007).  See also Picard v. JPMorgan Chase Case 11-cv-00913-CM (SDNY, May 23, 2011)* where the Court withdrew reference and stated that  "*...the grounds for withdrawal of the reference are apparent from the face of the complaint.  It is therefore a waste of judicial resources to require JPMorgan to answer...or file motion to dismiss in the bankruptcy court before allowing it to move for withdrawal of the reference.*

## PRAYER

Defendants **Michael Manners, Allard Investment Company, LLC, DWM Holdings,**

**Inc., MGM Motor Sports, LLC and Saracen Holdings, Inc.** pray that the District Court Withdraw its Reference of this Adversary Proceeding pursuant to 28 U.S.C.§157(d), that such withdrawal be implemented immediately to foster judicial economy and for such other and further relief to which such Defendants may show themselves entitled, both in law and at equity.

Dated:  May 27, 2011.

**LAW OFFICE OF PETER JOHNSON**

*/s/ Peter Johnson*

By: _____

        Peter Johnson
        State Bar No. 10778400
        Eleven Greenway Plaza, Suite 2820
        Houston, Texas  77046
        pjohnson@pjlaw.com
        Telephone (713) 961-1200
        Facsimile (713)  961-0941
        ATTORNEY FOR MICHAEL MANNERS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Motion to Withdraw Reference was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice on the attached service listing by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on May 27, 2011.

*/s/ Peter Johnson*

_____
PETER JOHNSON

*SERVICE LIST PURSUANT TO LOCAL RULE 9013*

**11-03191**                                                                                    **Trustee vs. John H. Speer, *et al***

*indicates electronic service-LBR 1001(b)- (Admin Proc CMF/ECF- III-E)

**PLAINTIFF COUNSEL:**

* Michael Duncan on behalf of Plaintiff Rodney Tow
mikedunc@cagehill.com

* Erin E Jones on behalf of Plaintiff Rodney Tow
erin@jonesmorris.com

* Julie Mitchell Koenig on behalf of Plaintiff Rodney Tow
jkoenig@towkoenig.com, sziegler@towkoenig.com;cgloria@towkoenig.com

* Rodney Dwayne Tow on behalf of Plaintiff Rodney Tow
rtow@towkoenig.com, ecf@trustesolutions.com

**ALL OTHER PARTIES TO THE PROCEEDING:**

George R Gibson on behalf of Defendant Amegy Bank, N.A.
ggibson@nathansommers.com, lopio@nathansommers.com

C Ed Harrell on behalf of Defendant John Speer
eharrell@hwallp.com, kconn@hwa.com

Steven Douglas Shurn on behalf of Defendant John Speer
sdsecf@hwallp.com

Pascal Piazza on behalf of Defendant George Kopecky
ppp@zbsllp.com

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **ROYCE HOMES, LP** | § | Chapter 7 Case **09-32467** |
| *Debtor* | § | |
| | § | |
| **RODNEY TOW, TRUSTEE** | § | |
| *Plaintiffs* | § | Adversary No. **11-03191** |
| VS. | § | |
| **JOHN H. SPEER, ET AL** | § | |
| *Defendants* | § | |

### RECOMMENDATION OF WITHDRAWAL OF REFERENCE ON ADVERSARY PROCEEDING 11-03191
**[This instrument pertains to Docket #____]**

Came on for consideration the Motion of Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports, LLC for Withdrawal of Reference of this Adversary Proceeding  and this matter having been presented to this Court for recommendation pursuant to Local Bankruptcy Rule 5011-1.

After review of the pleadings and argument of Counsel, the Court finds that cause exists under *11 U.S.C.§157* to withdraw reference for the following reasons: (i) the parties have demanded jury trial; (ii) the parties have declined such jury trial in the bankruptcy court; (iii) the case has already generated interlocutory appeal and is likely to include other such disputes before trial; and, (iv) preparation and trial of the case is more judicially efficient if immediately withdrawn to the United States District Court.

Accordingly, it is

**RECOMMENDED** that the reference be immediately withdrawn in this Adversary Proceeding.

Reserve Judge Signature

*Jeff Bohm*
*United States Bankruptcy Judge*

**Entry Requested:**

**Law Offices Of Peter Johnson**
Eleven Greenway Plaza, Suite 2820
Post Office Box 980877
Houston, Texas 77098-0877
(713) 961.1200 (telephone)
(713) 961.0941 (facsimile)
pjohnson@pjlaw.com


*/s/Peter Johnson*

By: _____
　　　Peter Johnson SBT 10778400

**COUNSEL FOR MOVANTS**