IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Royce Homes, L.P. | § | |
|     Debtor | § | |
| | § | |
| ********************************* | § | |
| | § | Case No. 09-32467-H4-7 |
| Rodney Tow, Trustee | § | |
|     Plaintiff | § | CHAPTER 7 |
| | § | |
| vs. | § | |
| | § | |
| John H. Speer, Amegy Bank, N.A., Amegy Mortgage Company LLC, Michael Manners, Donnie Lou Speer, Vestalia LLC, Hammersmith Group, LLC f/k/a Hammersmith Group, Inc., Park Lake Communities, L.P., Watermark Land, LLC, Watermark Land, LP, Watermark Tortuga, LLC, Allard Investment Company, LLC, DWM Holdings, Inc., MGM Motor Sports, L.L.C., Saracen Holdings, Inc. and George Kopecky | § | Adversary No. 11-03191 |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
|     Defendants | § | |

### DEFENDANTS GEORGE KOPECKY, WATERMARK LAND, LLC F/K/A WATERMARK LAND, LP, AND WATERMARK TORTUGA, LLC'S MOTION TO WITHDRAW REFERENCE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE**

**HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 157(d), Defendants George Kopecky, Watermark Land, LLC f/k/a Watermark Land, LP and Watermark Tortuga, LLC ("Defendants") in the above styled adversary proceeding move the Bankruptcy Court to recommend to the United States District Court for the Southern District of Texas that it withdraw the reference to the United States Bankruptcy Court for the Southern District of Texas for the above styled adversary proceeding, and in support thereof would show the Court the following:

### STATEMENT OF THE CASE

1. This adversary proceeding, being Adversary No. 11-03191 (the "Adversary Proceeding"), was brought by Rodney Tow, the duly appointed Trustee in the Royce Homes, L.P. bankruptcy, being Case No. 09-32467-H4-7 in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy"), on April 28, 2011 against 16 different parties, including the Defendants, under numerous state and federal causes of action.

2. Pursuant to an answer deadline of May 31, 2011, Defendants and other parties to the Proceeding have filed their respective answers, as well as jury demands.

3. Further, defendants Michael Manners, Allard Investment Company, LLC, DWM Holdings, Inc. and MGM Motor Sports LLC filed a Motion for Withdrawal of Reference[1], defendant John H. Speer filed a Motion to Withdraw the Reference[2], defendant Vestalia, LLC filed a Motion to Withdraw the Reference[3], defendant Donnie Lou Speer filed a Motion to

---

[1] Docket No. 69 in this Adversary Proceeding.
[2] Docket No. 59 in this Adversary Proceeding.
[3] Docket No. 60 in this Adversary Proceeding.

Withdraw the Reference[4], defendants Hammersmith Group, LLC f/k/a Hammersmith Group, Inc. and Park Lake Communities, LP filed a Motion to Withdraw the Reference[5], and defendants Amegy Bank National Association and Amegy Mortgage Company, LLC filed a Motion to Withdraw the Reference[6], all seeking to move this Adversary Proceeding to the United States District Court. Defendants hereby incorporate and adopt those respective motions into this motion, and would show the court the following information in further support of this motion.

## BACKGROUND FACTS

4.      Royce Homes, L.P. was in the business of constructing single family residences, primarily in the Houston, Texas area.

5.      In or around 1999, Royce Homes acquired Texas Colonial Homes, a homebuilding company started by Defendant George Kopecky. Under the terms of this acquisition, George Kopecky retained a one-third (1/3) equity interest in Royce Homes, L.P., while Royce Homes owned the remaining two-thirds (2/3) interest.

6.      As a limited partner in Texas Colonial Homes, Mr. Kopecky exercised no control over Texas Colonial Homes, L.P. or Royce Homes, L.P. He simply provided equity to Texas Colonial Homes, L.P., which according to financial statements issued by Royce Homes, L.P., totaled approximately $3.5 million on or around January 1, 2008.

7.      George Kopecky acquired a 40% interest in Watermark Land, LP, which was subsequently converted to Watermark Land, LLC, of which he is the managing member. On or about December 31, 2008, pursuant to a settlement agreement, Watermark Land, LLC created Watermark Tortuga, LLC under the same ownership scheme as Watermark Land, LLC, thus vesting George Kopecky with a 40% interest in Watermark Tortuga, LLC.

---

[4] Docket No. 77 in this Adversary Proceeding.
[5] Docket No. 82 in this Adversary Proceeding.
[6] Docket No. 87 in this Adversary Proceeding.

8. The Trustee filed a 578-page complaint commencing this Adversary Proceeding on April 29, 2011 (the "Complaint")[7], accusing the Defendants and other parties of a multitude of offenses against Royce Homes, L.P., including but not limited to breach of partnership agreement, breach of fiduciary duty, civil theft/conversion, fraud, fraudulent transfers and unjust enrichment, seeking monetary judgment from the Defendants and other named defendants.

9. The Defendants have denied all liability alleged in the Complaint in their respective answers filed with the Court.

10. The Defendants have not filed any claims in the Bankruptcy, have not voluntarily become parties to the Bankruptcy and have not otherwise availed themselves of any relief in the Bankruptcy. The Defendants only appear in the Bankruptcy as a result of the filing of the Complaint.

## LEGAL ARGUMENT

*GOOD CAUSE EXISTS TO WITHDRAW THE REFERENCE TO THE UNITED STATES DISTRICT COURT*

11. Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

12. While the referenced statute does not specify what constitutes good cause, the Courts have determined good cause by examination of certain factors. These factors include:

    1. Are the proceedings core or non-core?

    2. Do the proceedings involve a jury demand?

    3. Would withdrawal further uniformity in bankruptcy administration?

    4. Would withdrawal reduce forum-shopping and confusion?

---

[7] The Complaint refers to Docket entry #1 in Adversary No. 11-03191.

      5.      Would withdrawal foster economical use of resources?

      6.      Would withdrawal expedite the bankruptcy process?[8]

*The Adversary Proceeding is non-core, being predominated by non-core, state law claims*

13.      The Adversary Proceeding, though claimed by the Trustee to be a core proceeding, is rather a mix of core and non-core issues. However, the non-core issues predominate, and as such, the proceeding as a whole is a non-core proceeding.

14.      While there is some statutory guidance of what constitutes a core proceeding[9], the list of matters in 28 U.S.C. § 157(b)(2) is not completely determinative. Courts, including the Fifth Circuit, have held "… that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[10] The Court in *Wood* went on to state that, while not dispositive, the fact that proceedings before them were "not based on any right created by the federal bankruptcy law [but rather] based on state created rights"[11] assisted with the determination that the issues raised in the case were non-core in nature.

15.      In addition to looking at whether or not the rights invoked arise out of federal or state law, Courts also look to "the nature of a proceeding for purposes of determining core status."[12] In looking at the nature of a proceeding, "the court must look to both the form and the substance of the proceeding."[13]

16.      To determine the true nature of the proceeding, Defendants note that the Trustee

---

[8] *Rodriguez v. Countrywide Home Loans, Inc.* 421 B.R. 341 (S.D. Tex 2009) (incorporating guiding principles set forth by the Fifth Circuit in *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985))

[9] 28 U.S.C.A. § 157(b)(2)(A)-(P)
[10] *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987).
[11] *Id.*
[12] *Id.*
[13] *Id.*

in this case seeks relief based mainly upon state law. While the Trustee does seek relief based upon fraudulent transfer, which claim may be determined to be core in nature, the remainder of relief sought, and by far the overwhelming majority of Trustee's claims, including breach of partnership agreement, breach of fiduciary duty, civil theft, conversion, turnover, unjust enrichment, equitable subordination, constructive trust, and fraud, arise out of state law and independent of Title 11. As the Complaint is predominated by non-core, state law claims, this proceeding is non-core, which favors withdrawal of the reference. The reference should be withdrawn.

*The Jury Demand requires withdrawal of the reference, independently of any other factors.*

17. Defendants filed concurrently with their answers to the Trustee's complaint a demand for a jury trial. Defendants are entitled to a jury trial under the Seventh Amendment, which protection is afforded litigants in bankruptcy proceedings by FED. R. BANKR. P. 9015 and FED. R. CIV. P. 38.

18. The Supreme Court noted in *Granfinanciera, S.A. v. Nordberg* that in determining whether a party is entitled to a jury trial or not, a court must determine whether the relief sought is equitable or legal in nature. If it is legal in nature, then the parties are entitled under the Seventh Amendment to a jury trial. A claim for monetary relief, as the Trustee seeks here, is legal in nature.[14]

19. As the Trustee seeks monetary relief from Defendants, the proceedings are legal in nature, and Defendants are entitled to a jury trial. Defendants have not waived their right to a jury trial as they have not filed any claims in the Bankruptcy nor submitted themselves to

---

[14] 492 U.S. 33 (1989).

equitable relief in the Bankruptcy Court.[15] The Defendants have not and do not consent to a jury trial in the non-Article III Bankruptcy Court, nor do the Defendants submit to the entry of final orders or judgment in the Bankruptcy Court. As such, the Defendants are entitled to a jury trial in the District Court, and the reference must be withdrawn.

*The withdrawal of the reference will promote judicial efficiency, economical use of resources and would expedite the bankruptcy process.*

20. Although withdrawal of the reference is required in this case as a result of the jury demand and non-consent of Defendants to a jury trial in the Bankruptcy Court, an examination of judicial efficiency and economical use of resources also implores the Court to withdraw the reference.

21. As discussed above, this Adversary Proceeding is predominantly non-core in nature. Accordingly, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."[16]

22. The requirement of *de novo* review set forth in Paragraph 20, above, would mean that the parties would essentially try this Adversary Proceeding twice. This is not a good use of either Court's time or resources, nor any of the parties' time or resources. The most efficient manner to deal with this complaint is to try the Adversary Proceeding to a jury in the District Court one time, after which the District Court has the jurisdictional ability to enter a final judgment. In fact, this Court noted this exact reasoning in support of its recommendation to

---

[15] *Id* at 36.
[16] 28 U.S.C.A § 157(c)(1)

withdraw the reference in *In re British Am. Props. III, Ltd.*[17]

23. Further, the District Court should withdraw the reference immediately rather than allow the Bankruptcy Court to maintain jurisdiction over pre-trial matters.[18] This will "promote efficiency and economy while reducing potential confusion"[19] that may arise by having proceedings in two different courts. The reference should be withdrawn immediately.

*Defendants are not forum shopping.*

24. As stated in *Countrywide*, "[w]hen a movant has been consistent in its position that particular proceedings belong in the district court, however, there is no support for forum shopping."[20] From the time of Defendants Original Answers and Jury Demands, Defendants have consistently sought to withdraw the reference and to have all issues raised in the Complaint against them tried to a jury in the District Court. Further, as shown above, the District Court is, by virtue of the jury demand, the only forum in which this Complaint may be tried. Again, this Court held on almost identical logic in *In re British Am. Props. III, Ltd.*[21] As such, there is no forum shopping, and the reference should be withdrawn.

## PRAYER

Defendants George Kopecky, Watermark Land, LLC f/k/a Watermark Land, LP, and Watermark Tortuga, LLC pray that the District Court immediately withdraw the reference of the Adversary Proceeding for cause pursuant to 28 U.S.C. § 157(d), and that the District Court grant all such other relief to which Defendants may show themselves entitled to in law and in equity.

Dated: June 1, 2011

---

[17] 369 B.R. 322, 328 (Bankr. S.D. Tex. 2007).
[18] *Id.*
[19] *Veldekens v. GE HFS Holdings, Inc.,* 362 B.R. 762, 768 (S.D. Tex. 2007).
[20] 421 B.R. at 353.
[21] 369 B.R. at 327-28.

        Respectfully submitted,

          /s/  Marc J. Magids         .
        MARC J. MAGIDS
        Texas Bar No. 12818500
        1177 West Loop South, Suite 1100
        Houston, Texas 77027
        713-965-9969
        713-963-9169 [Telecopier]
        mail@zbsllp.com
        ***ATTORNEY IN CHARGE FOR DEFENDANTS,***
        ***GEORGE KOPECKY,***
        ***WATERMARK LAND, LLC f/k/a WATERMARK LAND, LP, and***
        ***WATERMARK TORTUGA, LLC***

**OF COUNSEL:**
**ZUKOWSKI, BRESENHAN & SINEX, L.L.P.**
PASCAL P. PIAZZA
Texas Bar No. 15966850
DAVID C. MARTIN
Texas Bar No. 24052202
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969
(713) 963-9169 [Telecopier]
david.martin@zbsllp.com
ppp@zbsllp.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing DEFENDANTS GEORGE KOPECKY, WATERMARK LAND, LLC F/K/A WATERMARK LAND, LP, AND WATERMARK TORTUGA, LLC'S MOTION TO WITHDRAW REFERENCE was served the parties required by Local Bankruptcy Rule in this case, either by mailing a copy of the same to all parties entitled to notice by regular U.S. mail postage prepaid or by electronic notice pursuant to the Local Bankruptcy Rules on June 1, 2011.

**Peter Johnson**                                                                                          VIA ECF
Law Offices of Peter Johnson
Eleven Greenway Plaza, Suite 2820
Houston, TX 77046
713-961-1200
713-961-0941 (fax)
pjlawecf@pjlaw.com
***ATTORNEY FOR Allard Investment Company, LLC, DWM Holdings, Inc., MGM Motor Sports, LLC and Michael Manners***

**George R Gibson**                                                                                      VIA ECF
Nathan Sommers Jacobs PC
2800 Post Oak Blvd, 61st Floor
Houston, TX 77056-6102
713-892-4843
713-892-4840 (fax)
ggibson@nathansommers.com
***ATTORNEY FOR Amegy Bank, N.A. and Amegy Mortgage Company, LLC***

**Christopher Donald Johnson**                                                             VIA ECF
McKool Smith P.C.
600 Travis St., Suite 7000
Houston, TX 77002
713-485-7315
713-485-7344 (fax)
cjohnson@mckoolsmith.com
***ATTORNEY FOR Donnie Lou Speer***

**Steven Douglas Shurn and C. Ed Harrell**                                       VIA ECF
Hughes Watters and Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002
713-759-0818
713-759-6834 (fax)
sshurn@hwallp.com
***ATTORNEYS FOR John H. Speer and Vestalia, LLC***

**Michael Duncan**                                          VIA ECF
Cage Hill & Niehaus
5851 San Felipe, Suite 950
Houston, TX 77057
713-789-0500
mikedunc@cagehill.com

**Erin E Jones**                                            VIA ECF
Jones Morris, LLP
6363 Woodway Suite 570
Houston, TX 77057
713-589-5061
713-589-5513 (fax)
erin@jonesmorris.com

**Julie Mitchell Koenig and Rodney Dwayne Tow**             VIA ECF
Tow and Koenig PLLC
26219 Oak Ridge Drive
The Woodlands, TX 77380
281-681-9100
281-681-1441 (fax)
jkoenig@towkoenig.com
rtow@towkoenig.com
*ATTORNEYS FOR TRUSTEE, RODNEY TOW*

**Michael J. Durrschmidt and Michael S. Wilk**              VIA ECF
Hirsch & Westheimer, P.C.
700 Louisiana, Suite 2550
Houston, Texas 77002
713-220-9165
713-223-9319 (fax)
mdurrschmidt@hirschwest.com
*ATTORNEYS FOR Hammersmith Group, LLC f/k/a Hammersmith Group, Inc. and Park Lake Communities, L.P.*

**Saracen Holdings, Inc.**                                  VIA FIRST CLASS MAIL
c/o Michael Manners
17510 Red Oak Dr. Suite 100
Houston, Texas 77090

                                                 /s/ Marc J. Magids           .

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>Royce Homes, L.P.<br>    Debtor<br><br>************************************<br><br>Rodney Tow, Trustee<br>    Plaintiff<br><br>vs.<br><br>John H. Speer, Amegy Bank, N.A., Amegy Mortgage Company LLC, Michael Manners, Donnie Lou Speer, Vestalia LLC, Hammersmith Group, LLC f/k/a Hammersmith Group, Inc., Park Lake Communities, L.P., Watermark Land, LLC, Watermark Land, LP, Watermark Tortuga, LLC, Allard Investment Company, LLC, DWM Holdings, Inc., MGM Motor Sports, L.L.C., Saracen Holdings, Inc. and George Kopecky<br>    Defendants | § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 09-32467-H4-7<br><br>CHAPTER 7<br><br><br>Adversary No. 11-03191<br><br><br>**JURY TRIAL DEMANDED** |

## RECOMMENDATION OF WITHDRAWAL OF REFERENCE FOR ADVERSARY PROCEEDING 11-03191
### [This instrument pertains to Docket #_____]

Came this day the Motion to Withdraw the Reference of Defendants George Kopecky, Watermark Land, LLC f/k/a Watermark Land, LP and Watermark Tortuga, LLC in the above styled adversary proceeding, being submitted to this Court for recommendation to the United States District Court.

After a review of the pleadings and argument of Counsel, the Court finds that good cause exists under 28 U.S.C. § 157(d) to withdraw the reference of the above styled adversary

proceeding for the following reasons: (1) the Defendants timely requested a jury trial, have not waived their right to a jury trial, and are entitled to a jury trial on all issue raised against them in this adversary proceeding; (2) the Defendants do not consent to a jury trial in the Bankruptcy Court; (3) the adversary proceeding is predominately non-core; and (4) judicial efficiency would be enhanced by the immediate withdrawal of the reference.

**RECOMMENDED** that the reference be immediately withdrawn in this adversary proceeding.

SIGNED this ___ day of _____, 2011.

_____
**Jeff Bohm**
**United States Bankruptcy Judge**

**ENTRY REQUESTED:**
ZUKOWSKI, BRESENHAN & SINEX, L.L.P.
Marc J. Magids
Texas Bar No. 12818500
David C. Martin
Texas Bar No. 24052202
Pascal P. Piazza
Texas Bar No. 15966850
1177 West Loop South, Suite 1100
Houston, Texas 77027
(713) 965-9969
(713) 963-9169 (facsimile)
mail@zbsllp.com
david.martin@zbsllp.com
ppp@zbsllp.com

By:     /s/ Marc J. Magids     .

COUNSEL FOR MOVANTS