**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **Royce Homes, L.P** | § | **Civil Action 4:11-cv-03700** |
| **Debtor** | § | |
| | § | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | § | |
| | § | |
| **Rodney Tow, Trustee** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **John H. Speer, Amegy Bank, N. A., et** | § | |
| **al** | § | |
| **Defendants** | | |

**Trustee's Reply to Donnie Lou Speer's Objection to Plaintiff's**
**Motion to Authorize Filing of Trustee's Second Amended Complaint**
(Relates to Bankruptcy Adversary Docket Nos. 205 and 210)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:**

Rodney Tow, Trustee/Plaintiff, files this Reply to the Objection of Donnie Lou Speer and

would show the Court as follows:

# Table of Contents

I. Nature and Stage of Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. Relationship of the Parties Relevant to this Reply. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. Trustee's Complaint is Backed by Testimonial Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. Rule 15 Requirements are Met by the Trustee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    A. The Trustee's Unjust Enrichment Claim are Not in Bad Faith, The Factual
        Deficiencies Found by the Bankruptcy Court are Cured, and the Amendment is
        Not Futile.
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B. Claims of Civil Theft Not Futile. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    C. Claims of Conversion Withdrawn. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    D. Claims of Money Had and Received are Not Futile. . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V. Rule 12(b)(6) Re Aiding and Abetting and Knowing
    Participation Breach of Fiduciary Duty
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VI. Aiding and Abetting *In Pari Delicto*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VII. Declaratory Judgment Action is Not Futile. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VIII. Reply to Donnie Lou Speer Supplemental Objection. . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# Table of Authorities

## Cases

*Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299, 301 (1985). . . . . . . . . . . . . . . . . 13

*Floyd v. CIBC World Markets, Inc.*, 426 B.R. 622, 642-43 (S.D. Tex. 2009). . . . . . . . . . . . . 13, 14

*Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002). . . . . 11

*In re Mortgage America,* 714 F.2d 1266, 1275 (5th Cir.1983). . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In re S.I. Acquisition, Inc.,* 817 F.2d 1142, 1150 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . 15-17

*In re Schimmelpennick,* 183 F.3d 347, 351 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*In re Seven Seas Petroleum, Inc.,* 522 F.3d 575, 585 (5th Circuit 2008). . . . . . . . . . . . . 15-17, 19

*In re Today's Destiny, Inc.*, 388 B.R. 737 (Bankr. S.D. Tex. 2008).. . . . . . . . . . . . . . . . . 13, 14

*Perma Life Mufflers, Inc. V. Int'l Parts Corp.* 392 U.S. 134, 138-39 (1968)... . . . . . . . . . . . . 13

*Tri-State Chemicals, Inc. v. First State Bank, Stratford*, 185 S.W.3d 519, 522 (Tex. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

11 U.S.C. §  541(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11 U.S.C. §101(31)(c)(ii) and (v). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11 U.S.C. §546(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Rules**

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 15(c)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## I. Nature and Stage of Proceedings

1.     The underlying Adversary Proceeding (Adversary No. 11-3191) was filed on April 28, 2011.

After motions to dismiss were filed by the various Defendants, the Trustee amended his

complaint to address the issues raised in the motions to dismiss.  The Defendants then filed

additional motions to dismiss.  The Trustee replied to each motion to dismiss, including

Donnie Lou Speer's Motion to Dismiss the Amended Complaint.  (Bankruptcy Adversary

Docket No. 109).  Prior to the withdrawal of the reference, the Bankruptcy Court entered

orders relating to each motion to dismiss.  The Order relating to the Donnie Lou Speer

Motion to Dismiss the Amended Complaint was entered at Bankruptcy Adversary Docket

No. 167.

## II. Relationship of the Parties Relevant to this Reply

2.     John Speer (Speer) is the former president and CEO of Royce Homes, L.P., the Debtor in

this case.  He was also the sole shareholder and an officer of Hammersmith Group, LLC, fka

Hammersmith Group, Inc., the former general partner of Royce Homes.  At all times relevant

to this case Speer was a control person of and fiduciary to Royce Homes and Hammersmith.

3.     Donnie Lou Speer is Speer's ex-wife.  They divorced in December 2005.

## III. Trustee's Complaint is Backed by Testimonial Evidence

4.     The Second Amended Complaint is 181 pages backed by 412 pages of testimony by Speer,

Michael Manners (a former partner in Royce Homes and control person), Chris Denison (the

Amegy Bank representative on the Speer note), and Bill Gathmann (the former CFO of

Royce Homes).  The testimony is summarized in the Second Amended Complaint.  Links

from the Complaint to the testimonial excerpts are provided so, when viewed electronically,

the reader may easily move from allegation to supporting testimony and back to allegation.

### IV. Rule 15 Requirements are Met by the Trustee

5.    Donnie Lou Speer only alleges the Motion to Amend should be denied because "the Motion

fails because it was filed in bad faith, fails to cure previous deficiencies, and is futile."[1]

**A. The Trustee's Unjust Enrichment Claim are Not in Bad Faith, The Factual Deficiencies Found by the Bankruptcy Court are Cured, and the Amendment is Not Futile.**

6.    The Bankruptcy Court held, "[t]o prevail on an unjust enrichment claim, the plaintiff must

prove: (i) the defendant obtained a benefit; (ii) from the plaintiff; (3) by fraud, duress, or

taking of an unfair advantage."[2]

7.    The Bankruptcy Court held, "Unjust enrichment occurs when the defendant wrongfully

secures a benefit or passively receives a benefit which would be unconscionable to retain."[3]

8.    The Bankruptcy Court concluded, "[a]lthough the Trustee has properly alleged the first two

elements of an unjust enrichment claim, the Trustee has failed to allege sufficient facts to

support the allegation that Ms. Speer received a benefit by fraud, duress or the taking of an

undue advantage that would render the retention of the benefit unconscionable."[4]

---

[1]Donnie Lou Speer Objection, paragraph 8.

[2]Excerpt from Bankruptcy Court Order Relating to Donnie Lou Speer, Page 17.

[3]Excerpt from Bankruptcy Court Order Relating to Donnie Lou Speer, Page 17.

[4]Excerpt from Bankruptcy Court Order Relating to Donnie Lou Speer, Page 18.

9.    The Bankruptcy Court ordered "that the Trustee's claims against Ms. Speer for unjust enrichment....are dismissed without prejudice" and it further ordered "the Trustee shall be entitled to amend the Amended Complaint as to the above referenced claims that have been dismissed."[5]

10.   In response to the Bankruptcy Court's Order, the Trustee amended the Complaint to address the third element of Unjust Enrichment that Donnie Lou Speer received a benefit by the taking of an undue advantage that would render the retention of the benefit unconscionable. The Unjust Enrichment section of the Second Amended Complaint begins at Paragraph 632:

a.    Paragraph 632 incorporates by reference all facts and allegations set out in the Second Amended Complaint in order to avoid redundancy of factual allegations.

b.    Paragraphs 608 through 620 demonstrate the facts relied on by the Trustee to show Donnie Lou Speer received a benefit by the taking of an undue advantage that would render the retention of the benefit unconscionable.  These paragraphs allege:

i.     Speer was a fiduciary to Royce Homes.

ii.    Speer had a personal financial obligation to Donnie Lou Speer.

iii.   Speer and Donnie Lou Speer agreed that he would pay his personal obligation to her with Royce Homes's funds.

iv.   Royce Homes received nothing in return for satisfying Speer's personal obligation to Donnie Lou Speer.

---

[5]Excerpt from Bankruptcy Court Order Relating to Donnie Lou Speer, Page 20.

11.     Donnie Lou Speer, in her Objection, asserts:

    a.      She was being paid $50,000 per month in funds derived from Royce Homes to satisfy Speer's $3 million personal obligation to buy her interest in Royce Homes.[6]

    b.      As part of the divorce decree, she and Speer required Royce Homes to enter into a "Consulting Agreement" whereby she would be paid $20,000 per month.[7]

    c.      She had little or no involvement with [Royce Homes].[8]

12.     The Speer/Donnie Lou Speer transactions were self dealing.  Speer was a fiduciary to Royce Homes.  Speer and Donnie Lou Speer used their position and control over Royce Homes to compel it to pay Speer's personal obligations to Donnie Lou Speer.  This was accomplished through sham transactions such as the "Consulting Agreement" and the promissory note.  Speer and Donnie Lou Speer took unfair advantage of Royce Homes.  It would be unconscionable for Donnie Lou Speer retain the benefit of these self-dealing transactions.

13.     The additional facts alleged by the Trustee in the Second Amended Complaint satisfy the factual deficiencies found by the Bankruptcy Court.  The Trustee has set forth a plausible claim for unjust enrichment. Therefore, Donnie Lou Speer's allegation that the Trustee's proposed amendment is made in bad faith, that factual deficiencies remain, and that the amendment is futile is unfounded.  The Motion to Authorize the Filing of the Second Amended Complaint should be granted.

---

[6]Donnie Lou Speer Objection, paragraph 4 and the attached Exhibit A, paragraph 8(a) which acknowledges the payments on the note are to be funded from Royce Homes.

[7]Donnie Lou Speer Objection, paragraph 5.

[8]Donnie Lou Speer Objection, paragraph 2.

**B. Claims of Civil Theft Not Futile**

14.     The Court dismissed the Trustee's claim of Civil Theft against Donnie Lou Speer because:

> The Court concludes that the Trustee has failed to allege sufficient facts supporting a plausible claim for civil theft or conversion. Paragraph 335 of the Amended Complaint states: "The Trustee files this claim against Speer, Manners, and Amegy and any other Defendant actively involved or who are necessary to the claim ("Civil Theft Defendants")." [Adv. Docket No. 89, p. 87]. The Trustee argues that "Ms. Speer is a 'defendant actively involved or who are necessary' to the civil theft/conversion." [Adv. Docket No. 140, p. 8]. **This Court finds that Ms. Speer was not given fair notice of the civil theft or conversion claim and the grounds upon which it rests because the Trustee failed to specifically name Ms. Speer as a defendant.** *Twombly*, 550 U.S. at 555. Therefore, the Motion to Dismiss as to the civil theft or conversion claim is granted. (Emphasis added).

15.     The Bankruptcy Court ordered "that the Trustee's claims against Ms. Speer for...civil theft...are dismissed without prejudice" and it further ordered "the Trustee shall be entitled to amend the Amended Complaint as to the above-referenced claims that have been dismissed."[9]

16.     The Second Amended Complaint clarifies that Donnie Lou Speer is a Civil Theft defendant by specifically naming her in accordance with the Bankruptcy Court's Order.

17.     The Trustee set forth in paragraphs 336 through 362 specific facts showing that Speer and Donnie Lou Speer unlawfully appropriated property of Royce Homes with intent to deprive Royce Homes of its property without its effective consent.  The Trustee has pled facts to show that Speer did not have effective consent to use Royce Homes's funds to pay his personal obligations to Donnie Lou Speer.  The Trustee pled that Donnie Lou Speer knowingly participated with Speer to pay Speer's personal obligation to her with funds from

---

[9]Excerpt from Bankruptcy Court Order Relating to Donnie Lou Speer, Page 20.

Royce Homes.  The Trustee specifically incorporated paragraphs 607 to 620 as part of the Civil Theft claim.[10]  Paragraphs 607 to 620 relate to the DLS Note, the "Consulting Agreement," and the Tax Distributions which the Trustee asserts were unlawfully appropriated from Royce Homes with intent to deprive Royce Homes of its property without its effective consent. These were self dealing transactions made in breach of Speer's fiduciary duty and in violation of the Partnership Agreement and therefore were unlawful appropriations and made without the effective consent of Royce Homes.  Donnie Lou Speer has admitted in her Objection that she clearly understood that the DLS Note was a personal obligation of Speer from their divorce and that the $20,000 month salary from Royce Homes was also a condition of the divorce decree.  Further, the Trustee has alleged Royce Homes did not receive consideration for the salary to Donnie Lou Speer.  She admits in her Objection she had little or no involvement with [Royce Homes].[11]  Finally, in her Objection she admits the DLS Note and the "Consulting Agreement" were in satisfaction of Speer's personal obligations to her as part of the divorce.[12]

18.    The Trustee sufficiently asserted a plausible claim against Donnie Lou Speer for Civil Theft and has complied with the Bankruptcy Court's order by specifically naming her as a Civil Theft defendant.  However, with respect to Donnie Lou Speer, the Trustee only must plead Donnie Lou Speer was the recipient of the stolen funds.  "As a general proposition, we note that the owner of personalty wrongfully taken from him may recoup it, or the proceeds or

---

[10]See Second Amended Complaint, paragraph 342.

[11]Donnie Lou Speer Objection, paragraph 2.

[12]Donnie Lou Speer Objection, paragraph 4 and 5.

mutations thereof, from the possession of one who took it or his transferee. This is true even if the possessor is a good faith purchaser for value. To recoup the property, the claimant need only trace his property into the asset he seeks."[13]  The Trustee traced Royce Homes's asset into Donnie Lou Speer's hands.

19.     For the foregoing reasons, the Trustee's civil theft claim against Donnie Lou Speer is not futile and the Trustee should be permitted to file his Second Amended Complaint.

## C. Claims of Conversion Withdrawn

20.     On October 4, 2011, the Bankruptcy Court entered its order granting in part and denying in part John Speer's Motion to Dismiss (Bankruptcy Adversary Docket No. 194) which related to the First Amended Complaint.  The Order asked the Trustee to make an election to accept or dispute the dismissal of the conversion action.

21.     On October 26, 2011, in response to the Bankruptcy Court's order, the Trustee filed the "Trustee's Election Under the Court's Order Denying in part and Granting in Part Defendant John H. Speer's Motion to Dismiss" (Bankruptcy Adversary Docket No. 209). The Trustee elected to not dispute the dismissal of the conversion claim and dropped the conversion claim against all parties.

22.     The issues raised by Donnie Lou Speer relating to the conversion claim is now moot.

## D. Claims of Money Had and Received are Not Futile

23.     In paragraph 26 of her Objection, Donnie Lou Speer states that, with respect to money had and received, the Trustee has failed to allege she holds money that belongs to the estate.  The

---

[13]*Tri-State Chemicals, Inc. v. First State Bank, Stratford*, 185 S.W.3d 519, 522 (Tex. App. 2005)**.** (Internal citations omitted).

Trustee made this allegation in paragraphs 341 and 344 of the Second Amended Complaint. The Trustee also alleged facts in paragraphs 336 through 362 and incorporated paragraphs 607 through 620 which show that Donnie Lou Speer is holding money that belongs to Royce Homes in equity and good conscience.

### V. Rule 12(b)(6) Re Aiding and Abetting and Knowing Participation Breach of Fiduciary Duty

24.    In her Objection, Donnie Lou Speer admits the Trustee pled, "Donnie LouSpeer…conspired with, aided and abetted, and acted in concert with [John] Speer in these breaches of fiduciary duty" yet, she argues the Trustee did not allege facts showing "knowing participation."[14] By way of example of knowing participation, she cites *Gotham Partners*[15] for the proposition that "...[t]he aiding and abetting parties actively used their position in control of the general partner of the limited partnership to enter into a self-dealing transaction..."[16]  Just like the aiding and abetting parties in *Gotham*, Speer and Donnie Lou Speer used their control of Royce Homes to enter into self dealing transactions by which they used Royce Homes's assets to satisfy Speer's personal obligation to Donnie Lou Speer.  Thus, they used their control to breach Speer's fiduciary duty to Royce Homes.  Donnie Lou Speer cannot deny she knew she would be paid by Royce Homes in that she signed the DLS Note which

---

[14]Donnie Lou Speer Objection, paragraph 20.

[15]Donnie Lou Speer Objection, paragraph 19. *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002).

[16]Donnie Lou Speer Objection, paragraph 19.

specifically states it will be paid by Royce Homes[17] and she entered into the "Consulting Agreement" whereby she would be paid a $20,000 per month salary as part of her divorce settlement with Speer.  She even acknowledges she had little or no involvement with Royce Homes.[18]

25.    Donnie Lou Speer's knowing participation in breaching Speer's fiduciary duty and in aiding and abetting such breach is set forth in the Second Amended Complaint in sufficient detail to state a plausible claim.

## VI. Aiding and Abetting *In Pari Delicto*

26.    Donnie Lou Speer was an insider to Royce Homes.[19]  She admits in her Objection she had a "stake" in Royce Homes and that Speer was purchasing that "stake."[20]  She also admits that she was the wife of Speer, the control person for Royce Homes, at the time she entered into the DLS Note and the "Consulting Agreement."[21]  Further, she was a manager at Royce Homes.[22]

27.    If Donnie Lou Speer is able to show Royce Homes was *in pari delicto*, the Trustee is not precluded from asserting the claims.  Under Texas law the pari delicto defense does not

---

[17]Donnie Lou Speer Objection, paragraph 4 and Exhibit A, paragraph 8(a) of the DLS Note.  *See also*, Donnie Lou Speer Objection, paragraph 5 and Exhibit B, the Consulting Agreement.  *See also*, Second Amended Complaint paragraph 608.

[18]Donnie Lou Speer Objection, paragraph 2.

[19]11 U.S.C. §101(31)(c)(ii) and (v).

[20]Donnie Lou Speer Objection, paragraphs 3 through 5.

[21]*Id.*

[22]*See* Second Amended Complaint, paragraphs 75.

preclude the Trustee from asserting claims, including aiding and abetting breach of fiduciary duty claims, against insiders of corporate debtor that itself was involved in alleged fraudulent scheme, based upon insiders' own purported wrongful conduct.[23]   Thus, as an insider, Donnie Lou Speer cannot prevent the Trustee of Royce Homes from asserting claims against her based on an *in pari delicto* defense.

28.     Even if she is not an insider, the *in pari delicto* defense under Texas law imposes a two step approach–determining whether *in pari delicto* applies and, if it applies, consideration of the equities and public policy may exempt the Trustee from *in pari delicto's* application. The Trustee may still recover if he demonstrates that any recovery would benefit only innocent creditors, not the wrongdoers, thus promoting public policy. This second factor can only be determined after the evidence is presented.[24] And, even if Donnie Lou Speer is determined to not be an insider, the Trustee still may assert his claims.

29.     The Supreme Court has instructed that the *in  pari delicto* two-step process also applies in claims related to federal statutes.[25]

30.     The Second Amended Complaint pled the requisite elements avoiding the *in pari delicto* defense:

> "[t]he Fiduciaries' conduct was not authorized by the Partnership Agreement. In carrying out the scheme the Fiduciaries totally abandoned Royce Homes's interest. Their interests were adverse to Royce Homes and not for its benefit. The Fiduciaries intended to act solely for their own purpose or for the purposes of Amegy. On

---

[23]*In re Today's Destiny, Inc.*, 388 B.R. 737 (Bankr. S.D. Tex. 2008).

[24]*Id* at 749.  *Floyd v. CIBC World Markets, Inc.*, 426 B.R. 622, 642-43 (S.D. Tex. 2009).

[25]*Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299, 301 (1985); *Perma Life Mufflers, Inc. V. Int'l Parts Corp.* 392 U.S. 134, 138-39 (1968).

information and belief, other than the parties sued herein, there were relevant decision-makers in management for Hammersmith and Royce Homes who were innocent of the breach of fiduciary duty and fraud and if informed of the wrongful conduct could have stopped it."[26]

## VII. Declaratory Judgment Action is Not Futile

31.   With no substantive analysis and little more than a conclusory statement at paragraph 29 of Donnie Lou Speer's Objection, she argues the Trustee's proposed Second Amended Complaint is futile as to the declaratory judgment action against Donnie Lou Speer because the Trustee lacks standing to assert that claim.

32.   Donnie Lou Speer provides the Court with her conclusions but no real analysis as to the factors the Court must consider in determining whether the Trustee has standing to assert this claim.

33.   The declaratory judgment action is based upon a provision of the DLS Note in which she agrees that any payments she receives are subordinate to and held in trust for creditors of Royce Homes in the event that Royce Homes is in default with other debts.

34.   The DLS Note states in pertinent part:

   6.      SUBORDINATION.

        (a) The Debtor's obligations with respect to the principal of and interest on this Note shall be subordinate and junior in right of payment, to the extent and in the manner set forth herein, to any indebtedness of the Debtor or Royce Homes, L.P. with respect to "Senior Debt," which is defined to mean loans to which Debtor or Royce Homes, L.P., a Texas limited partnership, is a party.

        (b) No payment of principal or interest on this Note shall be made at any time when

---

[26]*See* Second Amended Complaint, paragraph 318. See also, *In re Today's Destiny, Inc.*, 388 B.R. 737, 749, fn. 13 (Bankr. S.D. Tex. 2008); *Floyd v. CIBC World Markets, Inc.*, 426 B.R. 622, 643, fn. 40 (S.D. Tex. 2009).

a default has occurred and is continuing under the terms of any Senior Debt (or if such a payment of principal or interest would result in such a default), and, if any such payment is made, then the Holder of this Note will hold the same in trust and pay it over to the holders of the Senior Debt.

35.    Donnie Lou Speer admits in paragraph 29 of her Objection that under the DLS Note she agreed she would "hold the funds paid in trust in favor of Royce Home's creditors. . .".  She argues that because she was holding these funds in trust in favor of "Royce Homes's creditors" (instead of Royce Homes) that the Trustee has no standing to assert the claim. Notably absent is any denial by Donnie Lou Speer that such funds are held in trust for the benefit of Royce Homes's creditors.  She simply denies that the Trustee is the proper party to assert such claims.

36.    Given the lack of analysis in the Objection, it is difficult to ascertain Donnie Lou Speer's reasoning behind her flawed conclusion that the Trustee has no standing to assert the declaratory judgment action against her.

37.    It is well settled, that an individual claim seeking recovery or control of the Debtor's property is subject to the Code's automatic stay.[27] This is true because estate property should be recovered for the benefit of all creditors. Moreover, a claim of generalized harm to all creditors is property of the estate pursuant to 11 U.S.C. §  541(a)(1).

38.    A creditor has no standing to assert causes of action that belong to a bankruptcy estate.  In determining which party a cause of action belongs to, the Court looks to who was directly injured by wrongful conduct.[28] If the claim alleges an injury to the debtor, and only an

---

[27]*See e.g., In re S.I. Acquisition, Inc.,* 817 F.2d 1142, 1150 (5th Cir. 1987).

[28]*In re Seven Seas Petroleum, Inc.,* 522 F.3d 575, 585 (5th Circuit 2008).

indirect injury to the creditor, the action belongs solely to the debtor.[29]  The denuding of the Debtor's assets to pay the personal obligations of John Speer - such as the obligations under the DLS Note - is a claim for which all creditors in the bankruptcy case were injured and for which the Debtor itself was injured.  Making large cash payments from Royce Homes to Donnie Lou Speer under the DLS Note when the Debtor was in default to "Senior Debt" is a claim for which all creditors were injured.  The DLS Note contemplates that any payments made to Donnie Lou Speer under the DLS Note while the Debtor was in default were to be held in trust for the benefit of Royce Homes's creditors.  Donnie Lou Speer admits this at paragraph 29 of the Objection.  The misuse of the Debtor's funds led to the Debtor's undercapitalization and the over $40 million of creditors who did not get paid.[30]   Such an injury is not a direct injury to the creditor, but an indirect one through the injury to the Debtor.

39.     The Court has established a two-pronged test for determining whether a claim belongs to a bankruptcy estate.[31]   The first prong addresses whether the claim, itself, is a property right that belongs to the estate.  The second prong addresses whether the claim or cause of action seeks "recovery or control" of property of the estate.

40.     Under the first prong of the test, whether a particular state law claim belongs to the bankruptcy estate depends on whether under applicable state law, the debtor could have

---

[29]*Id.*

[30]*Id.* at 589.

[31]*In re S.I. Acquisition,* 817 F.2d at 1153-1154.

raised the claim as of the commencement of the case.[32] As part of this analysis, the Court must also consider the nature of the injury for which relief is sought.[33]  When the debtor was directly injured by the conduct alleged, the claim belongs to the estate.[34]  In this case, the Debtor was directly injured by making payments to Donnie Lou Speer under the Note when the Debtor was clearly not in a financial position to make such payments.  Under Texas law, a cause of action under a trust fund (denuding) theory is a right of the corporate entity and is therefore property of a bankruptcy estate.[35]  As a result, the Trustee in this case has exclusive standing to assert the declaratory judgment claim against Donnie Lou Speer.[36]

41.   Under the second prong of the test, as of the date of the bankruptcy filing, the Trustee is the only party with standing to recover any transfer of property to a shareholder or owner that should have remained property of the estate.  Only the Trustee has the power to pursue property that could go to the bankruptcy estate for equitable distribution to all creditors.  The payments made to Donnie Lou Speer under the DLS Note were property of the Debtor and should be recovered by the Debtor - not by creditors on an individual and piecemeal basis. Accordingly, the Trustee is the proper party to recover property that was diverted from the Debtor to Donnie Lou Speer.

---

[32]*In re Seven Seas Petroleum, Inc.,* 522 F.3d at 584.

[33]*Id.* At 585.

[34]*See Id.*

[35]*In re SI Acquisition, Inc.,* 817 F.2d at 1149.

[36]*In re Seven Seas Petroleum, Inc.,* 522 F.3d at 584.

42.   The primary purpose of bankruptcy law is to ensure that all similarly situated creditors are treated equally.[37]  By giving the Trustee the sole power to bring causes of action that belong to the estate or seek to recover property of the estate, this policy is realized.[38]  To allow creditors to individually pursue such claims outside of bankruptcy would defeat the purpose of bankruptcy and result in anarchy.[39]  When analyzing whether a creditor has standing to bring a claim in a bankruptcy case, the "equitable principals of bankruptcy overarch [the] inquiry."[40]  If one creditor is allowed to recover assets of a debtor that other creditors are not allowed to share in would "oppugn the very equitable foundation on which bankruptcy is build."[41]

43.   The fundamental concept behind all claims in this case is that it was wrong to denude corporate assets to satisfy Speer's personal obligations - including his obligations to Donnie Lou Speer arising out of their divorce.  There are over $40 million of claims against the Debtor at this time.  The Trustee is seeking to recover funds fraudulently diverted from the Debtor to various parties, including Donnie Lou Speer, so that such funds can be marshaled and distributed equitably to all creditors.

44.   Donnie Lou Speer argues that the declaratory judgment action seeking to recover the Debtor's funds is not a claim for which the Trustee has standing.  But Donnie Lou Speer

---

[37]*In re Schimmelpenninck,* 183 F.3d 347, 351 (5th Cir. 1999).

[38]*In re Mortgage America,* 714 F.2d 1266, 1275 (5th Cir.1983).

[39]*Id.*

[40]*In re Schimmelpenninck,* 183 F.3d at 351.

[41]*Id.* at 351-352.

admits that the payments under the DLS Note were made to buy her stake in the Debtor. Certainly, payments made to shareholders, principals, or insiders while a company is insolvent is a claim belonging to the bankruptcy estate and one for which the Trustee has exclusive standing. If this claim was reserved for individual creditors only and such creditors were permitted to pursue these claims on an individual and piecemeal basis, it would violate the fundamental policies underpinning the Bankruptcy Code.

45.    It is axiomatic that a trustee has the right to bring actions that will benefit the estate. Such claims can either be founded on the rights of the debtor or on the rights of the debtor's creditors. If the right belongs to the debtor's creditors, the distinction between personal and general claims takes on significance: A trustee can assert the general claims of creditors, but is precluded from asserting those creditor claims that are personal. In other words, even if a claim "belongs to" the creditor, the trustee is the proper party to assert the claim, for the benefit of all creditors, provided the claim advances a generalized grievance."[42]

46.    To say the nature of the injury is common to all creditors advances a "generalized injury" or "generalized grievance." Under *Schimmelpenninck,* only the Trustee can assert generalized grievances.[43] *Schimmelpenninck* and *Seven Seas* explain that it is the nature of the injury that determines whether a claim is a generalized grievance.[44] The denuding of corporate assets to pay personal obligations is an injury against the Debtor and, in turn, all

---

[42]*In re Seven Seas Petroleum*, 522 F.3d at 588.

[43]*Schimmelpenninck,* 183 F.3d at 588; *In re Seven Seas Petroleum,* 522 F.3d at 588.

[44]*Id.*

of the Debtor's creditors.  Therefore, the nature of the injury caused by the diversion of corporate assets for personal benefit is indirect and common to all creditors.

47.     For the foregoing reasons, the Trustee asserts that he is the one and only party with standing to assert the declaratory judgment against Donnie Lou Speer and the Second Amended Complaint is not futile.

### VIII. Reply to Donnie Lou Speer Supplemental Objection
(Bankruptcy Adversary Docket No. 210)

48.     Donnie Lou Speer asserts in her Supplemental Objection that some of the Trustee's claims in the Second Amended Complaint are futile because they are subject to an affirmative defense of statute of limitations.

49.     The premise of her argument is the Trustee is alleging new payments to Donnie Lou Speer which assert new claims raised after the expiration of the statute of limitations under §546(c).  She argues the payments in paragraph 180 of the Second Amended Complaint were not "identified" in either the Original Complaint or the First Amended Complaint, thus the claims relating to these payment are barred.  Donnie Lou Speer's premise that these claims were not asserted in the Original Complaint or the First Amended Complaint is wrong.

50.     Paragraph 172 of the Original Complaint, under the section titled "Other Speer Distributions/Payments," the Trustee's claim stated:

*For example, beginning in October 2006, Speer distributed $300,000 per month to himself in addition to his salary.*

51.     In paragraph 181 of the First Amended Complaint, under the section titled "Other Speer

Distributions/Payments," the Trustee's claim alleged the same payments but provided more

detail:

*For example, beginning in October 2006, Speer distributed money to himself in addition to his salary. These distributions were from accounts of Royce Homes and include but are not limited to:*

| Date | Check Number | Amount |
|------|--------------|--------|
| *1/2/07* | *94724* | *$150,000* |
| *2/1/07* | *93458458* | *$150,000* |
| *3/1/07* | *94529* | *$150,000* |
| *4/2/07* | *3056* | *$150,000* |
| *5/1/07* | *5066* | *$150,000* |
| *6/1/07* | *7134* | *$150,000* |
| *7/2/07* | *8958* | *$150,000* |

52.     Finally, in paragraph 180 of the Second Amended Complaint, under the section titled "Other

Speer Distributions/Payments," the  Trustee's claim still alleged the same payments but provided

even more detail:

*For example, beginning in September,  2006, Speer distributed money to himself in addition to his salary. These distributions were from accounts of Royce Homes and include but are not limited to:*

| Date Issued | Date Dep. | Check No | Amount | Account |
|-------------|-----------|----------|--------|---------|
| *09/01/06* | *09/01/06* | *85428* | *150,000.00* | *Royce Homes* |
| *10/02/06* | *10/06/06* | *87368* | *150,000.00* | *Royce Homes* |
| *10/31/06* | *10/31/06* | *9308* | *227,248.60* | *Royce Homes* |
| *11/01/06* | *11/06/06* | *89556* | *150,000.00* | *Royce Homes* |
| *12/01/06* | *12/01/06* | *92245* | *150,000.00* | *Royce Homes* |
| *01/02/07* | *01/04/07* | *94724* | *150,000.00* | *Royce Homes* |
| *02/01/07* | *02/02/07* | *93458* | *150,000.00* | *Royce Homes* |
| *03/01/07* | *03/13/07* | *94529* | *150,000.00* | *Royce Homes* |
| *04/02/07* | *04/04/07* | *03056* | *150,000.00* | *Royce Homes* |
| *05/01/07* | *05/01/07* | *05066* | *150,000.00* | *Royce Homes* |
| *07/02/07* | *07/05/07* | *08963* | *150,000.00* | *Royce Homes* |
| *08/01/07* | *08/06/07* | *01407* | *150,000.00* | *Royce Homes* |
| *09/04/07* | *09/04/07* | *12996* | *150,000.00* | *Royce Homes* |
| *10/01/07* | *10/02/07* | *14690* | *150,000.00* | *Royce Homes* |

| | | | | |
|---|---|---|---|---|
| *11/01/07* | *11/02/07* | *4819* | *150,000.00* | *Royce Homes* |
| *12/03/07* | *12/04/07* | *18113* | *150,000.00* | *Royce Homes* |
| *12/07/07* | *12/11/07* | *18469* | *156,428.00* | *Royce Homes* |
| *01/02/08* | *01/04/08* | *6310* | *150,000.00* | *Royce Homes* |

53.   The additional detail simply provided specificity of the previously stated claim by providing the check date, date deposited, check number, amount and the account holder's name.  These payments do not represent new claims but simply provide more detail on the original claim. These payments arise out of the same conduct, transactions, or occurrences set out, or attempted to be set out, in the original complaint.[45]

54.   In relation to the Donnie Lou Speer Transfers, the Trustee alleges "The Donnie Lou Speer Transfers were made from assets of Royce Homes."[46]

55.   In paragraph 608 of the Second Amended Complaint, the Trustee quotes the DLS Note signed by Speer and Donnie Lou Speer which shows they agreed the payments would come from Royce Homes distributions:

*Speer and Donnie Lou Speer agreed the funds to pay the DLS Note would come from Royce Homes.  The promissory note signed by both Speer and Donnie Lou Speer states:*

*…..Notwithstanding the foregoing, Payee acknowledges that the Debtor's payments of principal and accrued interest on this Note are to be funded by distributions to Debtor from First Duval Group, Inc, a Nevada corporation, which is in turn funded by distributions with respect to its limited partnership interest in Royce Homes L.P.. Consequently, to the extent that the failure or refusal of the Debtor to pay all or any part of the principal amount of, or accrued interest on, this Note when same becomes due and payable in accordance with the terms hereof occurs as a result of the failure of Royce Homes L.P. to make distributions, then such*

---

[45]Fed. R. Civ. P. 15(c)(1)(B).

[46]Original Complaint, paragraph 550.  First Amended Complaint, paragraph 598.  Second Amended Complaint, paragraph 609.

*failure by Debtor will not be considered an event of Default until after four consecutive months after written notice from the Holder. ….*[47]

56.     With respect to the source of the payments to Donnie Lou Speer, the Trustee's Second Amended Complaint, paragraph 182 simply states, "Finally, Speer made distributions from Royce Homes to fund his personal obligations to Donnie Lou Speer.." The Trustee has alleged since the inception of the litigation that the source of payments to Donnie Lou Speer was from Royce Homes.[48]

### Prayer

WHEREFORE, the Trustee respectfully requests that this Court overrule Donnie Lou Speer's objections and grat the Trustee's Motion to Amend and file the Second Amended Complaint and for such other and further relief to which the Trustee is entitled.

Respectfully submitted this 21st day of November 2011.

**CAGE HILL & NIEHAUS, LLP**
By:*/s/ Michael Duncan*
Michael Duncan
Texas Bar No. 06218700
Cage, Hill & Niehaus, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
Telephone:   (713) 789-0500
Telecopier:   (713) 974-0344

---

[47]See DLS Note, paragraph 8(a), second sentence.

[48]Fed. R. Civ. P. 15(c)(1)(B)

Trustee's Reply to Donnie Lou Speer Objection                                    Page 23
Z:\Royce\Complaints, Responses etc\Complaint Amended 2d\Objections and Replies to Filing 2d Amend Complaint\DLS Objection\FINAL DLS REPLY 11_21.wpd

**JONES MORRIS KLEVENHAGEN, LLP**

By:*/s/ Erin E. Jones*

Erin E. Jones

Texas Bar No. 24032478

Jones Morris Klevenhagen, LLP

6363 Woodway Suite 570

Houston, TX 77057

Telephone:  (713) 589-5061

Telecopier:  (713) 589-5513


**TOW & KOENIG, PLLC**

By: *ered/s/ Julie Koenig*

Julie Koenig

Texas Bar No. 14217300

Rodney Tow

Texas Bar No. 20152500

Fed. Id: 3196

26219 Oak Ridge Drive

The Woodlands, TX 77380

Telephone:  (281) 681-9100

Telecopier:  (832) 482-3979


**COUNSEL FOR RODNEY TOW, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ROYCE HOMES, L.P.**

Trustee's Reply to Donnie Lou Speer Objection                                                                    Page 24

Z:\Royce\Complaints, Responses etc\Complaint Amended 2d\Objections and Replies to Filing 2d Amend Complaint\DLS Objection\FINAL DLS REPLY 11_21.wpd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via first class U.S. Mail to those listed below and by ECF/PACER to those registered to receive such service on this 21ˢᵗ day of November 2011.

/s/ Erin E. Jones

| | |
|---|---|
| George R Gibson<br>Nathan Sommers Jacobs PC<br>2800 Post Oak Blvd,<br>61st Flr<br>Houston, TX 77056-6102<br>**COUNSEL FOR AMEGY BANK, N.A., AMEGY MORTGAGE COMPANY, LLC** | C Ed Harrell<br>Steven Douglas Shurn<br>Hughes Watters & Askanase<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, TX 77002<br>**COUNSEL FOR JOHN H. SPEER, VESTALIA, LLC** |
| Christopher Donald Johnson<br>McKool Smith P.C.<br>600 Travis St.<br>Suite 7000<br>Houston, TX 77002<br>**COUNSEL FOR DONNIE LOU SPEER** | Randall A. Rios<br>Timothy Million<br>Munsch Hardt Kopf & Harr P.C.<br>700 Louisiana, 46ᵗʰ Floor<br>Houston, TX 77002<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, PARK LAKE COMMUNITIES** |
| Marc J. Magids<br>David Martin<br>Zukowski, Bresenhan & Sinex, L.L.P.<br>1177 West Loop South Suite 1100<br>Houston, TX 77027<br>**COUNSEL FOR GEORGE KOPECKY, WATERMARK LAND LLC, WATERMARK TORTUGA, LLC** | Randall A. Rios<br>Timothy Million<br>Munsch Hardt Kopf & Harr P.C.<br>700 Louisiana, 46ᵗʰ Floor<br>Houston, TX 77002<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, PARK LAKE COMMUNITIES** |
| Peter Johnson<br>Law Offices of Peter Johnson<br>Eleven Greenway Plaza Suite 2820<br>Houston, TX 77046<br>**COUNSEL FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DMW HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, INC.** | |