IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Royce Homes, L.P. | § | |
|     Debtor | § | |
| | § | Civil Action 4:11-cv-03700 |
| ********************************* | § | |
| | § | |
| RODNEY TOW, CHAPTER 7 TRUSTEE | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| AMEGY et. al. | § | |
| | § | |
|     Defendants. | § | |

___

# Joint Rule 26(f) Conference Report
___

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    a. The meeting was held at Cage Hill & Niehaus, LLP, 5851 San Felipe, Suite 950, Houston, Texas 77057 at 9:00 a.m. on November 16, 2011.

    b. Counsel for the Plaintiff/Trustee:

        i. Michael Duncan

        ii. Erin Jones

        iii. Rodney Tow

        iv. Julie M. Koenig

    c.    Counsel for the Defendants:

        i.    George R. Gibson for Amegy Bank, N.A. and Amegy Mortgage Company, LLC:

        ii.    C. Ed Harrell for John H. Speer and Vestalia, LLC:

        iii.    Christopher Donald Johnson for Donnie Lou Speer:

        iv.    David C. Mattka and Randall Rios for Hammersmith Group, LLC and Park Lake Communities:

        v.    David Martin for George Kopecky, Watermark Land, LLC f/k/a Watermark Land LP, and Watermark Tortuga, LLC:

        vi.    Peter Johnson for Michael Manners, Allard Investment Company, DMW Holdings, Inc., and MGM Motor Sports:

        vii.    Peter Johnson for Saracen Holdings, L.P. or Saracen Holdings, GP, L.L.C.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    a.    *In re Royce Homes, L.P.*, Case No. 09-32467-H4-7 currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

    b.    *John H. Speer v. Chapter 7 Trustee Rodney D. Tow*, Cause No. 11-1069, currently pending in the United States District Court for the Southern District of Texas, Houston Division - appeal from Order Granting Motion to Compel in the underlying Bankruptcy Case.

3. Briefly describe what this case is about:

Plaintiff Allegations:

    John Speer was a control person, officer, director, and sole shareholder of the general partner of Royce Homes. He was CEO and president of Royce Homes. Speer used his control over Royce Homes to enrich himself and to pay his personal obligations to Amegy, Manners, Donnie Lou Speer, and Kopecky. Amegy, Manners, Donnie Lou Speer, and Kopecky knew or participated with Speer in the scheme so they could receive

2

Joint Rule 26(f) Report
Royce Homes\Trustee v. Speer\Discovery\Joint Rule 26(f) Report

millions of dollars from Royce Homes. The self-dealing transactions and payments began in September 2006. The improper transactions and payments continued though to the time Royce Homes ceased operations in August of 2008 and up until a Chapter 7 involuntary bankruptcy petition was filed against Royce Homes on April 7, 2009. These self dealing transactions resulted in approximately $35 million in cash and assets being stripped from Royce Homes leaving approximately $40 million in claims filed in this Bankruptcy Estate.

The Trustee's claims against the Defendants include breach of the partnership agreement, breach of fiduciary duty, civil theft, money had and received, fraudulent transfers, unjust enrichment, equitable subordination, constructive trust and equitable lien. In addition, the Trustee asserts aiding and abetting, conspiracy, and acting in concert claims against the Defendants. Further, the Trustee seeks declaratory judgment actions against Manners and Donnie Lou Speer relating to their receipt of Royce Homes's funds and a declaratory judgment action against Speer and Amegy relating to Speer's contractual agency with Amegy. The Trustee is seeking over $40 million in damages, exemplary damages, interest, attorney fees, and equitable relief of equitable subordination, constructive trust and equitable liens. The Trustee asserts the Defendants have individual liability as well as joint and several liability.

Defendants Contentions:

Defendants deny all claims of Trustee. Defendants have asserted a number of defenses, denials, and avoidances in various answers. Such answers are incorporated herein by reference. Generally, the Defendants intend to prove the following: (1) the transfers at issue were not fraudulent; (2) Royce Homes was not insolvent at the time of any of the transfers at issue; (3) Royce Homes was not left with unreasonably small capital; (4) the Defendants acted in good faith, gave value, and lacked knowledge of the voidability of the transfers at issue; (5) the transfers at issue did not come out of Royce Homes; (6) foreclosure sales are not fraudulent transfers as a matter of law; (7) there was no breach of the Partnership Agreement; (8) any alleged breach of the Partnership Agreement was released; (9) many of Plaintiff's claims are barred by limitations; and (10) Plaintiff's claims are barred by the doctrine of *in pari delicto*.[1]

4.     Specify the allegation of federal jurisdiction.

28 U.S.C. § 1334 (a), (b)

---

[1] This is not intended to be an exhaustive list of the Defendants' defenses. This list represents a broad characterization of the Defendants' general contentions.

Name the parties who disagree and the reasons.

None.

5. List anticipated intervenors or additional parties that should be included, when they can be added, and by whom they are wanted.

    a. For the Plaintiff:

        i. West Harris County Municipal Utility District 11. *See* Trustee Rodney Tow's Motion to Authorize filing of Trustee's Second Amended Complaint (Adversary Docket No. 195) filed on October 4, 2011.

    b. For the Defendants:

        ii. None for Amegy Bank, N.A. and Amegy Mortgage Company, LLC:

        iii. None for John H. Speer and Vestalia, LLC:

        iv. None for Donnie Lou Speer:

        v. None for Hammersmith Group, LLC and Park Lake Communities:

        vi. None for George Kopecky, Watermark Land, LLC f/k/a Watermark Land, LP, and Watermark Tortuga, LLC:

        vii. None for Michael Manners, Allard Investment Company, DMW Holdings, Inc., and MGM Motor Sports:

        viii. None for Saracen Holdings, L.P. and Saracen Holdings GP, L.L.C.

6. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    a.    i. For the Plaintiff:

            Plaintiff will file Rule 26(a) Initial Disclosures by December 9, 2011.

        ii. For the Defendants:

      i. Amegy Bank, N.A. and Amegy Mortgage Company, LLC will file Rule 26(a) Initial Disclosures by December 9, 2011.

      ii. John H. Speer and Vestalia, LLC will file Rule 26(a) Initial Disclosures by December 9, 2011.

      iii. Donnie Lou Speer will file Rule 26(a) Initial Disclosures by December 9, 2011.

      iv. Hammersmith Group, LLC and Park Lake Communities will file Rule 26(a) Initial Disclosures by December 9, 2011.

      v. George Kopecky, Watermark Land, LLC f/k/a Watermark Land LP, and Watermark Tortuga, LLC will file Rule 26(a) Initial Disclosures by December 9, 2011.

      vi. Michael Manners, Allard Investment Company, DMW Holdings, Inc., and MGM Motor Sports will file Rule 26(a) Initial Disclosures by December 9, 2011.

      viii. Saracen Holdings, L.P. and Saracen Holdings GP, L.L.C. will file Rule 26(a) Initial Disclosures by December 9, 2011.

b. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

The parties are not aware of any changes that need to be made.

c. The subject on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The Plaintiff intends to seek discovery on all matters set forth in his operative complaint. The Plaintiff believes discovery can be completed by July 1, 2013 as set forth in paragraph f below. The Plaintiff does not believe it is necessary to limit discovery or conduct it in phases.

The Defendants intend to seek discovery on all matters set forth in Plaintiff's operative complaint. The Defendants believe discovery can be completed by

5

        July 1, 2013 as set forth in paragraph f below.  The Defendants do not believe it is necessary to limit discovery or conduct it in phases.

d.    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

        The parties are not aware of any issues regarding electronically stored information at this time.  Counsel for all parties conferred. It is Defendant's position that Plaintiff should agree to turn over a copy of the electronic information of Royce Homes in native format, including meta-data. Plaintiff agrees to turn over a copy of the electronic information of Royce Homes in the possession of Plaintiff. If the electronic information in Plaintiff possession includes "native format, including meta-data" it will be made available to Defendants.

e.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

        Plaintiff and Defendants do not agree.

        Plaintiff's Position:

        In accordance with Fed. R. Civ. P. 26(a)(1)(B) the Plaintiff intends to, without awaiting a discovery request, provide to the other parties a copy of all documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. Some of the documents that will be produced were provided by certain of the Defendants pursuant to court orders.  These Orders prescribed the use of the produced documents by Plaintiff.  The production of these documents to the Defendants will be done in compliance with the:

        a) Order Regarding Amegy Bank's Motion for Protective Order and  Compelling Production Adv Doc. #276 dated August 24, 2010. This order has not been appealed.

        After a multiday evidentiary hearing on the Amegy's Motion Protective Order and the Trustee's Motion to Compel the Court entered an order with the following relevant language related to the documents the Trustee will produce in this litigation:

6

> *To the extent any communication is claimed by Amegy to be privileged, Amegy shall produce a privilege log.*
>
> *With regard to the attachments to any e-mail:*
>
>> *d. To the extent Amegy Bank asserts a privilege to any designated attachment, it shall redact the privileged portion and send the redacted attachment to the Trustee along with a privilege log describing the basis of the redaction.*
>
> *The Trustee and his counsel shall disclose the information from the Amegy Bank file as it relates to the private information of John Speer's $20 million loan file only for the purposes of his investigation and prosecution of claims. The Trustee may disseminate this information only in furtherance of his investigation or prosecution of claims of the estate. <u>The Trustee may also use these documents as an exhibit in any pleading, deposition, discovery, hearing, settlement communication, or trial and may produce these documents in response to a subpoena or request for production.</u>*
>
> *The Trustee and his counsel shall disclose proprietary information of Amegy Bank, including but not limited to information contained in credit authorizations, problem loan reports, loan committee meetings and internal communications regarding the rating and status of loans, only for the purposes of his investigation and prosecution of claims. The Trustee may disseminate this information only in furtherance of his investigation or prosecution of claims of the estate. <u>The Trustee may also use these documents as an exhibit in any pleading, deposition, discovery, hearing, settlement communication, or trial and may produce these documents in response to a subpoena or request for production</u>.*

The Trustee will comply with the Court Order and produce all document not designated by Amegy on its privilege log.

b)  Stipulation and Agreed Protective Order Regarding Subpoena Duces Tecum Served on Michael Manners Adv. Doc # 287 dated November 12, 2010. This order has not been appealed.

Counsel for Michael Manners and Trustee entered into a stipulation and agreed order which contained the following relevant language related to the documents the Trustee will produce in this litigation:

> *To the extent that any of the documents responsive to the Subpoena are alleged to be privileged, Manners shall produce a privilege log.*
>
> *Manners and Trustee agree that with regard to attachments of any e-mail produced in response to the Subpoena:*
>
>> *(d)To the extent that Manners asserts a privilege to any designated attachment, he shall redact the privileged portion and send the redacted attachment to the Trustee along with a privilege log describing the basis of the redaction.*
>
> *The Trustee and his counsel shall disclose the Private Information of Manners only for the purpose of his investigation and prosecution of claims. The Trustee may disseminate this information only in furtherance of his investigation or prosecution of claims of the estate. <u>The Trustee may also use these documents as an exhibit in any pleading, deposition, discovery, hearing, settlement communication, or trial and may produce these documents in response to a subpoena or request for production.</u> Should the Trustee receive a subpoena which would require the production of Manners' tax returns or financial statements, he will notify counsel for Manners in writing so that Manners may seek any relief he deems appropriate.*

The Trustee will comply with the Court Order and produce all documents which were not designated by Manners on a privilege log at the time of production. The Trustee does not plan to produce Manners's tax returns and financial statements turned over in his production until a subpoena is issued by a party to the litigation and Manners has the opportunity to seek the relief he deems appropriate.

c) Order Granting Chapter 7 Trustee's Motion to Compel Production of Documents Claimed as Privileged by John Speer Adv. Doc # 370 dated March 11, 2011 and Memorandum Opinion Regarding Trustee's Motion to Compel Production of Documents Claimed as

8

>Privileged by John Speer. Adv. Document #368 March 11, 2011. This is order has been appealed by Speer. Speer sought a stay pending appeal however no stay was issued.

>After a multiday hearing on the Motion to Compel Production of Documents Claimed as Privileged by John Speer the Court entered an order with the following relevant language related to the documents the Trustee will produce in this litigation:

>*The Court further finds that none of the documents that the Trustee has subpoenaed are protected by the attorney client privilege which John Speer has invoked. It is therefore:*

>*ORDERED that the Motion to Compel Production of Documents Claimed as Privileged by John Speer is granted in its entirety; and it is further*

>*ORDERED that John Speer shall produce to the Trustee all of the documents requested in the subpoena duces tecum that the Trustee served on John Speer; and it is further*

>*ORDERED that the Trustee may use these documents in any way consistent with his duties as a Chapter 7 Trustee.*

The Trustee will comply with the Court Order and produce all documents in this case.

Defendants' position:

>In the main bankruptcy case, Trustee served a number of Rule 2004 subpoenas and certain parties turned over documents pursuant to limiting conditions or as ordered by the Court. Defendants have been informed that Trustee intends to produce all documents in his possession or obtained by subpoena in the main bankruptcy case to all parties in this case. Defendants' position is that the parties should negotiate and execute a confidentiality agreement, which should be executed before production of any documents. Defendants also state that "dumping" all documents in his possession does not relieve Trustee from any other discovery obligations he may have under the Federal Rules of Civil Procedure, or pursuant to subsequent orders of this Court. Speer and Vestalia intend to move for protection to prevent Plaintiff from disclosing

      the documents which they contend are privileged and which are subject of the appeal presently pending in this court.

      The Manners parties believe the protective order provides the requirements for disclosure of documents produced by Manners.

Due to the complexity of this case and number of parties involved, the parties believe it may be necessary to expand the standard number of interrogatories (25) and depositions (10) allowed under the rules. The parties may seek leave to serve additional interrogatories under Fed. R. Civ. P. 26 and 33. The parties acknowledge that it will be necessary to conduct more than 10 depositions in this case. The parties stipulate and agree that the 10-deposition limit does not apply in this case.

    f.    Proposed Scheduling and Docket Control Order.

        i.    May 18, 2012    Motions to Add New Parties
The attorney causing the addition of new parties will provide copies of this Order to new parties.

        ii.    May 18, 2012    Motions For Leave to Amend Pleadings
Parties filing motions after this deadline must show good cause.

        iii.    February 28, 2013    Experts
The Plaintiff (or the party with the burden of proof on an issue) will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

        iv.    April 26, 2013    The opposing party will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

        v.    November 14, 2012    Mediation/ADR
The parties agree to conduct mediation on or before November 14, 2012.

                                           The parties are to file a joint status report with the Court stating whether mediation or other form of ADR would be helpful. If not, the parties are to state the reasons in detail. If so, the parties are to

                        state the form of ADR they think will best suit the case; whether they want to select a mediator and, if so, who they have agreed to select; when they want to mediate; and any other information relevant to entering a court order on mediation/ADR.

        vi.       July 1, 2013       Completion of Discovery

                        Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

        vii.     August 30, 2013    Pretrial Motions Deadline

                        The parties agree to file all dispositive motions on or before August 30, 2013.

                        No dispositive motion may be filed after this date except for good cause.

7.    a.    When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff may send interrogatories to all parties and expects to do so by April 13, 2012.

    b.    When and to whom the defendant anticipates it may send interrogatories.

        Defendants may send interrogatories to any party and expect to do so by April 13, 2012.

    c.    Of whom and by when the plaintiff anticipates taking oral depositions.

        Plaintiff may take depositions of (i) all parties and/or their corporate representatives; (ii) former officers, directors, employees, and corporate representatives of Royce Homes and affiliates; (iii) any past or present creditor of Royce entities; (iv) corporate representatives of Royce Homes lenders; (v) accountants and auditors of Royce Homes and affiliates; (vi) appraisers of transactions discussed in complaint; (vii) corporate representatives and counsel involved in transactions alleged in complaint; (viii) any expert designated by any party; and (ix) investment bankers with knowledge of the financial affairs of Royce Homes and affiliates. Plaintiff reserves the right to take depositions of any person or entity disclosed in the Rule 26(a)(1) disclosures of any party.

        Plaintiff reserves the right to take depositions of any person or entity with relevant knowledge discovered during the pendency of the case. Any depositions will be conducted before the deadline to complete discovery.

    d.    Of whom and by when the defendant anticipates taking oral depositions.

        Defendants may take depositions of (i) all parties and/or their corporate representatives; (ii) former officers, directors, employees, and corporate representatives of Royce Homes and affiliates; (iii) any past or present creditor of Royce entities; (iv) corporate representatives of Royce Homes lenders; (v) accountants and auditors of Royce Homes and affiliates; (vi) appraisers of transactions discussed in complaint; (vii) corporate representatives and counsel involved in transactions alleged in complaint; (viii) any expert designated by any party; and (ix) investment bankers with knowledge of the financial affairs of Royce Homes and affiliates. Defendants reserve the right to take depositions of any person or entity disclosed in the Rule 26(a)(1) disclosures of any party. Defendants reserve the right to take depositions of any person or entity with relevant knowledge discovered during the pendency of the case. Any depositions will be conducted before the deadline to complete discovery.

8.    If the parties are not agreed on a part of the discovery plan, describe separate views and proposals of each party.

The parties are in agreement on this discovery plan except for the matters set forth in paragraph 6 (d) and (e) above

9.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    a.    The Plaintiff subpoenaed and received over 230,000 documents from various banks and other entities in the main bankruptcy proceeding and has taken the 2004 examination of Mr. Gathmann, Mr. Speer, Mr. Manners, and Mr. Denison.

    b.    The Defendants have not undertaken any discovery to date.

10.    The parties' position on a trial before a magistrate judge is as follows:

The parties do not agree to trial before a magistrate judge.

11.    State the date the planned discovery can reasonably be completed.

July 1, 2013.

12. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

 As stated above, the parties agree to conduct a mediation on or before November 14, 2012.

13. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

 a. The Plaintiff believes mediation is suitable.

 b. The Defendants believe mediation is suitable.

14. State whether a jury demand has been made.

 a. Timely jury demands have been made by John H. Speer, Michael Manners, Allard Investment Company, LLC, DMW Holdings, Inc., MGM Motor Sports, LLC, Donnie Lou Speer, Amegy Bank, N.A., Amegy Mortgage Company, LLC, Park Lake Communities, Hammersmith Group, LLC, George Kopecky, Watermark Land, LLC f/k/a Watermark Land LP, Watermark Tortuga, LLC, Saracen Holdings, L.P. and Saracen Holdings GP, L.L.C.

15. Estimate the number of hours it will take to present the evidence in this case.

 a. The parties believe it will take approximately 45 days (apx. 270 hours) to try both sides of this case.

16. List motions pending.

 a. Motion to Authorize Filing of Trustee's Second Amended Complaint (Adversary Docket No. 195)

17. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

 None.

18. List the names, bar numbers, addresses and telephone numbers of all counsel.

 a. For the Plaintiff, Rodney Tow, Trustee:

      i.      Michael Duncan, Lead Counsel
SBA# 06218700
Fed Id # 13
Cage, Hill & Niehaus
5851 San Felipe, Suite 950
Houston, Texas 77057
713/789-0500

      ii.     Erin E. Jones
SBA# 24032478
Jones Morris Klevenhagen, LLP
6363 Woodway, Suite 570
Houston, Texas 77057
713/589-5513

      iii.    Julie M. Koenig
SBA# 14217300
Fed Id # 10396
Rodney Tow
SBA# 20152500
Fed Id # 3196
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380
281/681-9100

a.    For the Defendants, Amegy Bank, N.A. and Amegy Mortgage Company, LLC:

      i.      George R. Gibson
SBA# 00793802
Fed Id # 19879
Kent Altsuler
SBA# 24001646
Fed Id # 23424
Seth A. Miller
SBA# 24055977
Fed Id # 724733
Nathan Sommers Jacobs, PC
2800 Post Oak Blvd, 61st Floor
Houston, Texas 77056-6102
713/892-4843

    b.    For the Defendants John H. Speer and Vestalia, LLC:

        i.    C. Ed Harrell, Lead Counsel
SBA# 09042500
Fed Id #   2079
Steven Douglas Shurn
SBA# 24013507
Fed Id # 24188
Simon Mayor
SBA# 24060243
Fed Id #876822
Hughes Watters & Askanase
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
713/759-0818

    c.    For the Defendant Donnie Lou Speer:

        i.    Christopher Donald Johnson
SBA# 24012913
Fed Id #24141
McKool Smith, P.C.
600 Travis St., Suite 7000
Houston, Texas 77002
713/485-7315

    d.    For the Defendants Hammersmith Group, LLC and Park Lake Communities:

        i.    David C. Mattka
SBA# 13231500
Fed Id #15867
Munsch Hardt Kopf & Harr, P.C.
Frost Bank Tower
401 Congress Ave., Suite 3050
Austin, TX 78701
Telephone:  (512) 391-6100
Facsimile:   (512) 391-6149

Randall Rios
SBA# 16935865
Fed Id #10225

    Munsch Hardt Kopf & Harr, P.C.
    700 Louisiana Street
    Suite 4600
    Houston, Texas 77002-2845
    Telephone: 713/222/1470
    Fax: 713/222/1475

e. For the Defendants George Kopecky, Watermark Land, LLC f/k/a Watermark Land, LP., and Watermark Tortuga LLC:

 i. Marc J. Magids
  SBA# 12818500
  Fed Id # 114208
  Pascal P. Piazza
  SBA # 15966850
  Fed Id # 166289
  David C. Martin
  SBA # 24052202
  Fed Id # 1004978
  Zukowski, Bresenham & Sinex, L.L.P.
  1177 West Loop South, Suite 1100
  Houston, Texas 77027
  713/965-9969

f. For the Defendants Michael Manners, Allard Investment Company, DMW Holdings, Inc., and MGM Motor Sports, LLC Saracen Holdings, L.P. and Saracen Holdings GP, L.L.C.:

 i. Peter Johnson
  SBA# 10778400
  Fed Id #2475
  Law Offices of Peter Johnson
  Eleven Greenway Plaza, Suite 2820
  Houston, Texas 77046
  713/961-1200

Respectfully submitted this 21st day of November, 2011.

              **CAGE HILL & NIEHAUS, LLP**

          By:  /s/ *Michael Duncan*
              Michael Duncan
              Texas Bar No. 06218700
              Fed Id. #13
              5851 San Felipe, Suite 950
              Houston, TX 77057
              (713) 789-0500 (Telephone)
              (713) 974-0344 (Telecopier)
              mikedunc@cagehill.com

          **JONES MORRIS KLEVENHAGEN, LLP**

          By:  /s/ *Erin E. Jones*
              Erin E. Jones
              Texas Bar No. 24032478
              6363 Woodway Suite 570
              Houston, TX 77057
              (713) 589-5061 (Telephone)
              (713) 589-5513 (Telecopier)
              erin@jonesmorris.com

          **TOW & KOENIG, PLLC**

          By:  */s/ Julie M. Koenig*
              Julie M. Koenig
              SBA# 14217300
              Rodney Tow, Trustee
              Federal ID# 3196
              26219 Oak Ridge Drive
              The Woodlands, Texas 77380
              281/681-9100 (Telephone)
              832/482-3979 (Telecopier)
              jkoenig@towkoenig.com

         **Attorneys For The Trustee**

**NATHAN SOMMERS JACOBS, PC**

By: /s/ George R. Gibson
George R. Gibson
SBA# 00793802
Fed Id # 19879
Kent Altsuler
SBA# 24001646
Fed Id # 23424
Seth A. Miller
SBA# 24055977
Fed Id # 724733
2800 Post Oak Blvd, 61st Floor
Houston, Texas 77056-6102
713/892-4843 (Telephone)
713/892-4840 (Telecopier)
ggibson@nathansommers.com

**Attorneys for Amegy Bank, N.A. and Amegy Mortgage Company, LLC.**

**HUGHES WATTERS & ASKANASE**

By: /s/ C. Ed Harrell
C. Ed Harrell, Lead Counsel
SBA# 09042500
Fed Id # 2079
Steven Douglas Shurn
SBA# 24013507
Fed Id # 24188
Simon Mayor
SBA# 24060243
Fed Id #876822
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
713/759-0818 (Telephone)
713/759-6834 (Telecopier)

        eharrell@hwallp.com

**Attorneys for John H. Speer and Vestalia, LLC.**

**MCKOOL SMITH P.C.**

By: */s/ Christopher D. Johnson*
    Christopher Donald Johnson
    SBA# 24012913
    Fed Id #24141
    600 Travis St., Suite 7000
    Houston, Texas 77002
    713/485-7315 (Telephone)
    713/485-7344 (Telecopier)
    cjohnson@mckoolsmith.com

**Attorneys for Donnie Lou Speer**

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ David C. Mattka*
    David C. Mattka
    SBA# 13231500
    Fed Id # 15867
    Frost Bank Tower
    401 Congress Ave., Suite 3050
    Austin, Texas 78701
    512/391-6100 (Telephone)
    512/391-6149 (Telecopier)

**Attorneys for Hammersmith Group, Inc. and Park Lake Communities**

**ZUKOWSKI, BRESENHAN & SINEX, L.L.P.**

By: *David Martin*

    Marc J. Magids
    SBA# 12818500
    Fed Id # 114208
    Pascal P. Piazza
    SBA # 15966850
    Fed Id # 166289
    David C. Martin
    SBA # 24052202
    Fed Id # 1004978
    1177 West Loop South, Suite 1100
    Houston, Texas 77027
    713/965-9969 (Telephone)
    713/963-9169 (Telecopier)
    mail@zbllp.com

**Attorneys for George Kopecky, Watermark Land, L.L.C. and Watermark Tortuga, LLC**

**LAW OFFICES OF PETER JOHNSON**

By: */s/ Peter Johnson*
    Peter Johnson
    SBA# 10778400
    Fed Id #2475
    Eleven Greenway Plaza, Suite 2820
    Houston, Texas 77046
    713/961-1200 (Telephone)
    713/961-0941 (Telecopier)
    pjlawecf@pjlaw.com

**Attorneys for Michael Manners, Allard Investment Company, LLC, DMW Holdings, Inc., and MGM Motor Sports, LLC**