IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, L.L.C., | § | |
| MICHAEL MANNERS, | § | |
| DONNIE LOU SPEER, VESTALIA, LLC, | § | CIVIL ACTION NO. 4:11-cv-03700 |
| HAMMERSMITH GROUP, LLC, | § | JURY |
| f/k/a HAMMERSMITH GROUP, INC., | § | |
| PARK LAKE COMMUNITIES, L.P., | § | |
| WATERMARK LAND, LP | § | |
| f/k/a WATERMARK LAND, LLC, | § | |
| WATERMARK TORTUGA, LLC, | § | |
| ALLARD INVESTMENT COMPANY, | § | |
| LLC, DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, L.L.C., | § | |
| SARACEN HOLDINGS, INC., and | § | |
| GEORGE KOPECKY, | § | |
| Defendants | § | |

## RULE 502 ORDER

The parties to the above-styled civil action (the "Civil Action") appeared in Court through

counsel of record for a status conference on November 22, 2011, and this Court has issued its

Scheduling and Docket Control Order (Civ. Act. Dkt. No. 23). The parties to the Civil Action

will soon begin discovery and some of the parties to the Civil Action have already testified in

sworn examinations conducted pursuant to FED. R. BANKR. P. 2004 and responded to various

subpoenas issued by Trustee Rodney Tow, as part of Bankruptcy Case No. 09-32467-H4-7 (the

"Bankruptcy Case") and Adversary Proceeding No. 11-03191 (the "Adversary").[1]   This Order addresses protections granted by FED. R. EVID. 502, which states that a federal court may order that privilege is not waived–for the purposes of any federal or state proceeding–by any disclosure connected with any litigation pending before such court.

Now, therefore, the Court orders as follows:

1.   This Order applies to the disclosure in the Matter of documents, communications, and information protected by the attorney-client privilege, common interest privilege and attorney work-product protections ("Privileged Disclosures").   The term Privileged Disclosures includes all disclosures of privileged information that are/were made inadvertently, intentionally, or otherwise.

2.   Pursuant to FED. R. EVID. 502(d), any Privileged Disclosures that may have already occurred in this Matter have not resulted in the waiver, of any type, of any privilege or protection in connection with the documents, communications, or information associated in any way with such Privileged Disclosures.

3.   Pursuant to FED. R. EVID. 502(d), any Privileged Disclosures that occur in this Matter on or after the date of this Order will not result in the waiver, of any type, of any privilege or protection in connection with the documents, communications, or information associated in any way with such Privileged Disclosures.

4.   Upon the discovery of a Privileged Disclosure, the holder of the privilege has an obligation to promptly take reasonable steps to rectify the situation.   If applicable, the holder of the privilege must follow the procedure set forth in FED. R. CIV. P. 26(b)(5)(B).   Under such rule,

---

[1]      The Bankruptcy Case, the Adversary, and the Civil Action together are collectively referred to as this "Matter."

if information produced is subject to a claim of privilege or of protection, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

5.    The intent of this Order is to provide the parties with protection from waiver in the circumstances described herein and the broadest possible protection allowed under FED. R. EVID. 502.

6.    This Order is binding on all of the parties to the Civil Action.


SIGNED this 5th day of December, 2011.


_____
JUDGE PRESIDING