IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:11-cv-03700 |
| | § | JURY |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| et al, | § | |
|     Defendants | § | |

### TRUSTEE'S BRIEF REGARDING HEARING ON DOCUMENTS DEEMED NON-PRIVILEGED

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LEE ROSENTHAL:

Rodney Tow, the chapter 7 trustee for the bankruptcy estate of Royce Homes, L.P. ("Trustee") hereby files this Brief Regarding Hearing on Documents Deemed Non-Privileged.

1.    On November 22, 2011, the Court requested a brief relating to whether the Bankruptcy Court's opinion denying Speer's privilege claim and subsequently appealed to this Court should be heard as an appeal or whether Speer should be granted a new evidentiary hearing.

2.    A district court reviews a bankruptcy court's conclusions of law *de novo*, factual findings for clear error, and mixed questions of law and fact *de novo.* [1]

3.    During the Trustee's investigation of Royce Homes in the main Bankruptcy Case, the Trustee obtained extensive computer data including thousands of emails which had been removed from Royce Homes's computers. The Trustee also subpoenaed documents from Speer under FED. R. BANKR. P. 2004. Speer produced some documents and a series of meaningless

---

[1] *See* Appellee Brief (Appl. Dkt. 6), which briefs in detail the standard of review as to each issue on appeal.

-1-

privilege logs. The privilege logs included emails which were previously on Royce Homes's computers and which the Trustee obtained independently of Speer.

4. After extensive evidentiary hearings the Bankruptcy Court issued a 54-page Memorandum Opinion (Bankr. Case Dkt. 368) and an Order (Bankr. Case Dkt. 370) denying Speer's privilege claim and compelling Speer to turn over documents.[2] Speer appealed this decision.[3] This adversary proceeding was filed months after the Bankruptcy Court's decision.

5. The Trustee expended substantial resources litigating this privilege issue in the main Bankruptcy Case. In contrast, Speer was not present at the hearings and presented no witnesses. Speer's only evidence was a facially defective privilege log. Speer failed to establish the existence of a privilege or the absence of waiver. The Trustee adduced ample evidence that documents were not privileged and/or that Speer waived any privilege.

6. The Court should hear this issue as an appeal based on the evidence at the time the privilege determination was made. Hearing the privilege issue as a trial matter allows Speer to disregard the hearings before the Bankruptcy Court, fail to establish a record, but create an entirely new record in this Court. A new trial will encourage gamesmanship in discovery taken in main bankruptcy cases.

7. An order entered by a bankruptcy court constitutes an adjudication of rights and obligations in question; unless modified or withdrawn pursuant to motion under FED. R. CIV. P. 60(b) or modified or reversed on appeal, such an order is final and binding on parties to the

---

[2] Speer's burden was to prove the existence of the attorney-client privilege with respect to each document and the absence of waiver as to each document claimed as privileged. Speer failed to do either. Royce Homes had a written policy regarding the lack of privacy in personal emails sent or received on Royce Homes computers.

[3] The appeal is pending before this Court as Case No. 4:11-cv-01069. The Trustee's Motion to Dismiss the appeal (Appl. Dkt. 5) is pending.

adversary proceeding, and the parties may not relitigate rights and obligations adjudicated by the order. *In re Grossinger's Associates*, 184 B.R. 429 (Bankr. S.D.N.Y. 1995). The Order compelling Speer to turn over privileged documents must be disposed of as an appeal.

8. There are three requirements for collateral estoppel under federal law: "'(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.'" *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 868 (5th Cir. 2000); *In re Powers*, 421 B.R. 326, 336 (Bankr. W.D.Tex. 2009). The doctrine of collateral estoppel precludes the relitigation of identical privilege issues tried in the main Bankruptcy Case.

9. The privilege issue is not ripe in the Adversary Proceeding. The documents were not subpoenaed in this Adversary Proceeding and the Motion to Compel was not filed in this Adversary Proceeding. The "basic rationale" behind the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements," when those "disagreements" are premised on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Reno v. Catholic Social Services, Inc.,* 509 U.S. 43, 72 (1993) (quoting *Thomas v. Union Carbide Agr. Products Co.,* 473 U.S. 568, 580–581 (1986)). The privilege issue is not ripe before this Court in this Adversary Proceeding and the Court should not consider it as a trial matter.

10. On appeal, the Court will hear the issue *de novo* and has the opportunity to consider the privilege issue based on the record previously created in the previous hearings.

Dated: December 16, 2011.

    Respectfully submitted,

By: */s/ Erin E. Jones*
**CAGE HILL & NIEHAUS, LLP**
Michael Duncan
Texas Bar No. 06218700
Fed Id. No. 13
5851 San Felipe, Suite 950
Houston, TX 77057
(713) 789-0500 (Telephone)
(713) 974-0344 (Telecopier)
mikedunc@cagehill.com

**JONES MORRIS KLEVENHAGEN, LLP**
Erin E. Jones
Texas Bar No. 24032478
Fed Id. No. 34157
6363 Woodway Suite 570
Houston, TX 77057
(713) 589-5061 (Telephone)
(713) 589-5513 (Telecopier)
erin@jonesmorris.com

**TOW & KOENIG, PLLC**
Julie M. Koenig
Texas Bar No. 14217300
Fed Id No. 10396
Rodney Tow, Trustee
Texas Bar No. 20152500
Fed ID No. 3196
26219 Oak Ridge Drive
The Woodlands, Texas 77380
281/681-9100 (Telephone)
832/482-3979 (Telecopier)
rtow@towkoenig.com
jkoenig@towkoenig.com

ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that the foregoing was served via first class U.S. Mail to those listed below and by ECF/PACER to those registered to receive such service on this 16TH day of December 2011.

                                                                    /s/ Erin E. Jones

| | |
|---|---|
| George R Gibson<br>Nathan Sommers Jacobs PC<br>2800 Post Oak Blvd,<br>61st Flr<br>Houston, TX 77056-6102<br>**COUNSEL FOR AMEGY BANK, N.A., AMEGY MORTGAGE COMPANY, LLC** | C Ed Harrell<br>Steven Douglas Shurn<br>Hughes Watters & Askanase<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, TX 77002<br>**COUNSEL FOR JOHN H. SPEER, VESTALIA, LLC** |
| Christopher Donald Johnson<br>McKool Smith P.C.<br>600 Travis St.<br>Suite 7000<br>Houston, TX 77002<br>**COUNSEL FOR DONNIE LOU SPEER** | Randall A. Rios<br>Timothy Million<br>Munsch Hardt Kopf & Harr P.C.<br>700 Louisiana, 46th Floor<br>Houston, TX 77002<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, PARK LAKE COMMUNITIES** |
| Marc J. Magids<br>David Martin<br>Zukowski, Bresenhan & Sinex, L.L.P.<br>1177 West Loop South Suite 1100<br>Houston, TX 77027<br>**COUNSEL FOR GEORGE KOPECKY, WATERMARK LAND LLC, WATERMARK TORTUGA, LLC** | David Mattka<br>Munsch Hardt Kopf & Harr P.C.<br>Frost Bank Tower<br>401 Congress Ave., Suite 3050<br>Austin, Texas 78701<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, PARK LAKE COMMUNITIES** |
| Peter Johnson<br>Law Offices of Peter Johnson<br>Eleven Greenway Plaza Suite 2820<br>Houston, TX 77046<br>**COUNSEL FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DMW HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, INC.** | |