IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
| Plaintiff, | § § | |
| vs. | § § § | |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, L.L.C., | § | |
| MICHAEL MANNERS, | § | |
| DONNIE LOU SPEER, VESTALIA, LLC, | § | CIVIL ACTION NO. 4:11-cv-03700 |
| HAMMERSMITH GROUP, LLC, | § | JURY |
| f/k/a HAMMERSMITH GROUP, INC., | § | |
| PARK LAKE COMMUNITIES, L.P., | § | |
| WATERMARK LAND, LP | § | |
| f/k/a WATERMARK LAND, LLC, | § | |
| WATERMARK TORTUGA, LLC, | § | |
| ALLARD INVESTMENT COMPANY, | § | |
| LLC, DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, L.L.C., | § | |
| SARACEN HOLDINGS, INC., and | § | |
| GEORGE KOPECKY, | § | |
| Defendants | § | |

## AGREED PROTECTIVE ORDER

With respect to the production and use of information in connection with this litigation, the Parties agree, and the Court orders, as follows:

1.  [Plaintiff's requested language: The procedures outlined in this Order do not apply to Documents produced or testimony given and used or incorporated in pleadings or motions on file or hearings conducted prior to the date of this Order.]

   Plaintiff's position is that documents that are already part of the public record cannot be undone. Examples of documents and testimony already in the public record would be

documents and testimony attached to or incorporated to Plaintiffs Complaints and motions on file with the Court.

Defendant's Position is: The procedures outlined in this Order apply to Documents produced or testimony given before or after the date of this Order.

2. **Definitions**

3. "Court" shall mean this Court, or any Court or administrative body to which this case is transferred or appealed.

4. "Document" means all documents, emails, correspondence, memoranda, papers, spreadsheets, photographs, tapes, computer data, databases, programs, and other tangible things containing information or data in any form, including but not limited to written, printed, typed, facsimile, photographic, electronic, video, or audio form, that are produced by any Party to this lawsuit.

5. "Designated Information" means all Documents and Deposition Testimony marked or designated "Protection Asserted".

6. "Supplying Party" means the Party that produces Documents designated as Designated Information.

7. "Order" means this Agreed Protective Order.

8. "Recipient" means any person who receives Designated Information.

9. "Parties" shall refer collectively to the plaintiffs and defendants.

10. "Party" is a reference to each plaintiff or defendant named in this lawsuit, including the Party's employees, officers, directors, shareholders, partners, and members engaged in the prosecution, defense, or preparation of this litigation as well as the Party's attorneys and their clerks, legal assistants, investigators, experts, consultants, and agents engaged in the prosecution, defense, or preparation of this litigation.

**Protection of Designated Information**

11. A Supplying Party may mark or designate Documents it produces as Designated Information that, in good faith, is believed by the Supplying Party to be confidential commercial information and would be subject to protection from disclosure to the general public under applicable law. Confidential commercial information is material that the designating party reasonably and in good faith believes to contain financial, proprietary, technical, commercial or competitively sensitive information or trade secrets, the disclosure of which might harm the competitive position or business interests of the designating party and which the designating party does not reveal to a third party except under confidentiality protections, including, but not

limited to, information which is not known to the general public and/or to the designating party's competitors in the industry and which gives the designating party a competitive advantage.

12.[Plaintiff's requested language: The Trustee shall be the only Party who may mark or designate Designated Information obtained from Royce Homes, its computers or servers, including email servers].

The Plaintiff's position is he owns the Royce Homes documents and would be the only party who would have the authority claim that they are protected from disclosure

Defendants' position is: The Trustee is not the only Party who may mark or designate Designated Information obtained from Royce Homes, its computers or servers, including email servers.

13. All Designated Information produced in this lawsuit will not be disclosed to any person or entity which is not a Party, except as otherwise provided in this Order.

14. Designated Information may be disclosed only to:

    (i)    a Party;

    (ii)    any person designated as a testifying expert witness, including assistants who are actively engaged in the preparation of the expert's testimony or analysis;

    (iii)    any consultant or consulting expert;

    (iv)    witnesses or potential witnesses;

    (v)    court reporters and their necessary stenographic, videographic and clerical personnel;

    (vi)    vendors of litigation support services, such as exhibit preparation, photo-copying, computerized legal support and information management; and

    (vii)    this Court.

15. **Declaration Procedure.** All persons designated as authorized to receive Designated Information under paragraph 14, sections (ii) through (vi) must read this Order, sign a declaration in the form of Exhibit A, and deliver the signed declaration to the attorney providing the Designated Information to him or her. The attorney will keep the signed declaration in trust in his or her file, subject to further order of the court.

16. Any summary derived from specific Designated Information shall be automatically deemed Designated Information.

## Conditions of Disclosure and Use

17. **Use of Designated Information Generally.** Designated Information shall be used by Parties and Recipients, in a manner consistent with the procedures set forth in this order, solely for purposes of investigating, prosecuting, or defending the matters at issue in this lawsuit or the main bankruptcy case, including any appellate proceedings, and shall not be used for any other purpose unless the Court orders otherwise. Designated Information of another Party may not be used by the Recipient for any business, commercial, or competitive purpose.

18. **Designation and Use of Designated Information in Depositions.**

    (i) Prior to using Designated Information at a Deposition, the deposing Party shall provide the deponent a copy of this Order, allow the deponent to read the order, and either follow the Declaration Procedures set forth in Paragraph 15 or have the deponent state on the record that he/she has read the Order and that he/she agrees to the Order.

    (ii) Information disclosed during a deposition may be designated by a Party as Designated Information by indicating on the record at the deposition that specific testimony contains Designated Information and is subject to the provisions of this Order.

    (iii) A Party may also designate information disclosed at the deposition as Designated Information by notifying the attorneys for all Parties in writing, within seven (7) days of receipt of the transcript of the deposition, of the specific pages and lines of the deposition transcript containing Designated Information. Each Party must attach a copy of all such written designations to their copy of the entire deposition transcript. The entire deposition transcript must be treated as Designated Information for seven (7) days after receipt of the transcript in order to provide opportunity for designation.

    (iv) Use of Designated Information at a deposition shall not waive the Designated Information status under this Order.

    (v) There are no requirements for the use of Designated Information at a Deposition other than as set forth in subparagraphs (i) through (iv).

19. **Use of Designated Information in Court.**

    (i) In the event that a Party or Recipient wishes to use Designated Information of another Party as an exhibit in a brief, motion, pleading, memorandum of law, or other paper filed with this Court or any court or administrative body, the Party or Recipient seeking to use the Designated Information shall file the Designated

            Information under seal.[1] The Supplying Party may, within seven (7) days after filing, promptly seek to protect the Designated Information by filing a motion with the Court or administrative body, for an order continuing to seal the court records which contain or refer to the Designated Information. *See* FED. R. CIV. P. 26(c)(1)(H). The confidentiality claim will be waived related to the documents should the Supplying Party not file a motion within the 7 day period. The Designated Information shall be maintained under seal pending the entry of an order of the Court, or the expiration of the seven day period if the Supplying Party does not file a motion.

(ii)     In the event that a Party or Recipient wishes to use Designated Information of another Party as an exhibit in a trial or hearing, the Party or Recipient seeking to use the Designated Information shall offer the Designated Information under seal at the hearing or trial.[2] Designated Information may be used at a trial or hearing under seal. Within seven (7) days after the hearing, the Supplying Party may promptly seek to protect the Designated Information by filing a motion with the Court or administrative body, for an order continuing to seal the court records which contain or refer to the Designated Information. *See* FED. R. CIV. P. 26(c)(1)(H). The confidentiality claim will be waived related to the documents should the Supplying Party not file a motion within the 7 day period. The Designated Information shall be maintained under seal pending the entry of an order of the Court, or the expiration of the seven day period if the Supplying Party does not file a motion.

(iii)    The fact that a Supplying Party claims a document as Designated Information does not affect the admissibility of the document.

---

[1] Designated Information filed under seal pursuant to this provision may be filed under seal in either of the following manners:

Using the electronic filing system in the Southern District of Texas, the Party will identify the matter as a "civil" case, and then utilize the portion of the web site dedicated to "sealed events." The Party will then identify the filing as either a "sealed document" or a "sealed exhibit," depending on the nature of the filing. The Designated Information may be re-filed in the normal electronic filing system in the Southern District of Texas, as opposed to the sealed event site should the Designated Information status terminate; or

The Party may file the Designated Information in a sealed envelope or container on which shall appear the caption of this litigation, a general description of the contents of the envelope or container, and a statement substantially in the following form: "RESTRICTED - THIS ENVELOPE [OR CONTAINER] CONTAINS DOCUMENTS SUBJECT TO THE PROTECTIVE ORDER ENTERED AT DOCKET NO. _____ AND MAY ONLY BE OPENED BY THE COURT OR AS PROVIDED IN THE PROTECTIVE ORDER.

[2] Each Party filing Designated Information as an exhibit in a trial or hearing with the Court or any court or administrative body, shall offer the Designated Information in a sealed envelope or container on which shall appear the caption of this litigation, a general description of the contents of the envelope or container, and a statement substantially in the following form: "RESTRICTED - THIS ENVELOPE [OR CONTAINER] CONTAINS DOCUMENTS SUBJECT TO THE PROTECTIVE ORDER ENTERED AT DOCKET NO. _____ AND MAY ONLY BE OPENED BY THE COURT OR AS PROVIDED IN THE PROTECTIVE ORDER.

20. **Ability to Challenge Designations.** Any Party may challenge the status of Designated Information by filing a motion with the Court. The Supplying Party bears the burden of proving that the information merits the designation.

21. **Subpoena of Designated Information.** If counsel, a Party, or any Recipient receives a subpoena or other process seeking the production of Designated Information of another Party, the attorney, Party, or Recipient shall promptly notify the Supplying Party's attorney of record, furnish the attorney with a copy of the subpoena or other process or order. The attorney, Party, or Recipient receiving the subpoena shall be entitled to comply with it, except to the extent that the Supplying Party obtains an order modifying or quashing the subpoena prior to the response deadline.

22. **Effect of adverse confidentiality ruling.** The Designated Information status of a particular Document or particular portion of testimony shall terminate if the Court orders that such Designated Information is not confidential.

23. **Withdrawal of designation.** The Supplying Party of Designated Information may withdraw the designation of any previously designated material.

24. **Non-waiver.** A party that does not seek to enforce this Order with regard to any portion of the documents or information produced by that party does not waive that party's ability to seek to enforce this Order with regard to any other portion of the documents or information produced by that party.

25. **No reference to this Order.** Absent a signed, written stipulation of the Parties, or an order of the Court, the existence of this Order, the fact of any designation under this Order, and the rulings of the Court regarding any designation under this Order, shall not be admissible during the jury trial of this action.

26. **Duty to Destroy Designated Information Following Conclusion of Lawsuit.** The provisions of this Order shall not terminate at the conclusion of this lawsuit or any related appeal. Within sixty (60) days after the final resolution of the case through whatever means, all originals or copies of Documents containing Designated Information produced by a Supplying Party shall be returned to the Supplying Party or destroyed by the Recipients.

27. **No Right to Withhold Information from Production.** No Party may withhold from production or disclosure to any other Party any document, item or information on the basis that such document, item or information is, constitutes, reveals or contains any Designated Information.

28. **Disclosure to Author or Recipient.** Notwithstanding any other provision, nothing in this Order shall prohibit counsel for a Party from disclosing Designated Information to any person to whom the Document or thing clearly identifies as an author, addressee or copy recipient of such document or thing or to persons who previously had access to the Designated Information as part of their duties or position with the Royce Homes and its' related entities.

      29.    **Inadvertent Production of Designated Information.** The inadvertent or unintentional production or disclosure of a Document shall not waive in whole or in part a Party's claim of confidentiality so long as the Supplying Party took reasonable steps to prevent disclosure and promptly took steps to rectify the error. In the event a Recipient inadvertently or unintentionally discloses such information he/she shall immediately notify the Supplying Party and shall immediately take steps necessary to inform the inadvertent or unintentional recipient of this Order.

      30.    **Reservation of Rights.** The parties reserve all rights to apply to the Court for an order (a) enforcing this Order, (b) modifying or seeking relief from this Order, or (c) seeking further protection against discovery or the use of Designated Information.

      SIGNED this ____ day of _____, 20___.

                                                            UNITED STATES DISTRICT JUDGE

AGREED:


By:_____

**CAGE HILL & NIEHAUS, LLP**
    Michael Duncan
    Texas Bar No. 06218700
    Fed Id. No. 13
    5851 San Felipe, Suite 950
    Houston, TX 77057
    (713) 789-0500 (Telephone)
    (713) 974-0344 (Telecopier)
    mikedunc@cagehill.com

**JONES MORRIS KLEVENHAGEN, LLP**
    Erin E. Jones
    Texas Bar No. 24032478
    Fed Id. No. 34157
    6363 Woodway Suite 570
    Houston, TX 77057
    (713) 589-5061 (Telephone)
    (713) 589-5513 (Telecopier)
    erin@jonesmorris.com

**TOW & KOENIG, PLLC**
    Julie M. Koenig
    Texas Bar No. 14217300
    Fed Id No. 10396
    Rodney Tow, Trustee
    Texas Bar No. 20152500
    Fed ID No. 3196
    26219 Oak Ridge Drive
    The Woodlands, Texas 77380
    281/681-9100 (Telephone)
    832/482-3979 (Telecopier)
    tow@towkoenig.com
    jkoenig@towkoenig.com

ATTORNEYS FOR THE TRUSTEE

**NATHAN SOMMERS JACOBS,**
**A Professional Corporation**

By:_____
      George R. Gibson
      Texas Bar No. 00793802
      Fed Id No. 19879
      Kent Altsuler
      Texas Bar No. 24001646
      Fed Id No. 23424
      2800 Post Oak Blvd, 61st Floor
      Houston, Texas 77056-6102
      713/892-4843 (Telephone)
      713/892-4800 (Telecopier)
      ggibson@nathansommers.com
      kaltsuler@nathansommers.com

ATTORNEYS FOR AMEGY BANK, N.A. AND
AMEGY MORTGAGE COMPANY, L.L.C.

**HUGHES WATTERS & ASKANASE**

By:_____
      C. Ed Harrell
      Texas Bar No. 09042500
      Fed Id No. 2079
      Steven Douglas Shurn
      Texas Bar No. 24013507
      Fed Id No. 24188
      Three Allen Center
      333 Clay, 29th Floor
      Houston, Texas 77002
      713/759-0818 (Telephone)
      713/759-6834 (Telecopier)
      eharrell@hwallp.com
      sshurn@hwallp.com

ATTORNEYS FOR JOHN H. SPEER AND VESTALIA, LLC

**MCKOOL SMITH P.C.**

By:_____
Christopher Donald Johnson
Texas Bar No. 24012913
Fed Id No. 24141
600 Travis St., Suite 7000
Houston, Texas 77002
713/485-7315 (Telephone)
713/485-7344 (Telecopier)
cjohnson@mckoolsmith.com

ATTORNEYS FOR DONNIE LOU SPEER


**MUNSCH HARDT KOPF & HARR, P.C.**

By:_____
David C. Mattka
Texas Bar No. 13231500
Fed Id No. 15867
Frost Bank Tower
401 Congress Ave., Suite 3050
Austin, Texas 78701
512/391-6100 (Telephone)
512/391-6149 (Telecopier)
dmattka@munsch.com

ATTORNEYS FOR HAMMERSMITH GROUP, INC. AND
PARK LAKE COMMUNITIES

**ZUKOWSKI, BRESENHAN & SINEX, L.L.P.**

By:_____
    Marc J. Magids
    Texas Bar No. 12818500
    Fed Id No. 114208
    David C. Martin
    Texas Bar No. 24052202
    Fed Id No. 1004978
    1177 West Loop South, Suite 1100
    Houston, Texas 77027
    713/965-9969 (Telephone)
    713/963-9169 (Telecopier)
    marc.magids@zbsllp.com
    david.martin@zbsllp.com

ATTORNEYS FOR GEORGE KOPECKY, WATERMARK LAND, LLC and WATERMARK TORTUGA, LLC

**LAW OFFICES OF PETER JOHNSON**

By:_____
    Peter Johnson
    Texas Bar No. 10778400
    Fed Id No. 2475
    Eleven Greenway Plaza, Suite 2820
    Houston, Texas 77046
    713/961-1200 (Telephone)
    713/961-0941 (Telecopier)
    pjohnson@pjlaw.com

ATTORNEYS FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DMW HOLDINGS, INC. AND MGM MOTOR SPORTS, LLC

W:\Amegy Bank\Royce-Civil Action\Confidentiality order.wpd

## DECLARATION

I certify that I have read the Agreed Protective Order ("Order") in the lawsuit captioned *Rodney Tow, Trustee v. Amegy Bank, N.A., et al.*; Civil Action 4:11-cv-03700; In the United States District Court for the Southern District of Texas. I understand the Order and agree to be bound by it. I further agree that any Party may apply to a court of competent jurisdiction for injunctive relief to enforce the Order against me or to seek protection from any actual or threatened violation of the Order, without the necessity of demonstrating potential harm. I further agree not to disclose any Designated Information, as that term is defined in the Order, to any person in contravention of the Order.

Agreed this _____ day of _____, 20__ by:

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

Phone: _____



EXHIBIT A