IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-32467-H4-7 |
| ROYCE HOMES, L.P., | § | (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN H. SPEER, AMEGY BANK, N.A., | § | |
| AMEGY MORTGAGE COMPANY, L.L.C., | § | |
| MICHAEL MANNERS, | § | |
| DONNIE LOU SPEER, VESTALIA, LLC, | § | CIVIL ACTION NO. 4:11-cv-03700 |
| HAMMERSMITH GROUP, LLC, | § | JURY |
| f/k/a HAMMERSMITH GROUP, INC., | § | |
| PARK LAKE COMMUNITIES, L.P., | § | |
| WATERMARK LAND, LLC, | § | |
| WATERMARK LAND, LP, | § | |
| WATERMARK TORTUGA, LLC, | § | |
| ALLARD INVESTMENT COMPANY, | § | |
| LLC, DWM HOLDINGS, INC., | § | |
| MGM MOTOR SPORTS, L.L.C., | § | |
| SARACEN HOLDINGS, INC., and | § | |
| GEORGE KOPECKY, | § | |
| Defendants. | § | |

## AMEGY'S OBJECTIONS TO EXHIBITS
### (Relates to Dkt. No. 46)

Amegy Bank National Association and Amegy Mortgage Company, L.L.C. (together, "Amegy") file these objections to several of the exhibits listed in the Witness and Exhibit List of Rodney Tow, Chapter 7 Trustee (Dkt. No. 46) (the "Exhibit List").

## I.
## Background

1.     The Exhibit List was filed in support of Trustee Rodney Tow's (the "Trustee")

Motion for Protection and for Authority to Destroy Boxes of Documents Stored at the File Room, Inc. (the "Motion" or Dkt. No. 38). The Motion will be considered by this Court at an oral hearing scheduled for Monday, April 16, 2012.

## II.
### Argument and authority: Objections to Exhibits 1, 2, and 3

2.      In the Motion, the Trustee requests authorization to destroy 7,836 boxes that are being held in storage at the File Room, Inc. The Trustee also requests the following ruling:

> [It is] ORDERED that the Trustee shall not be liable for spoliation for the destruction of the 7,836 boxes stored at the File Room, Inc. and/or any other documents destroyed pursuant to a final order of this Court or the Bankruptcy Court.

Dkt. No. 38-1, Proposed Protective Order and Order Authorizing Trustee to Destroy Boxes of Documents Stored at the File Room, Inc. Thus, the Trustee frames the issue as follows: whether this Court should protect the Trustee from any spoliation liability that would otherwise result from the intentional destruction of over 7,800 boxes of documents. In other words, is Trustee entitled to a free pass?

3.      Trustee filed his Exhibit List on April 11, 2012. The following are the first three exhibits enumerated:

> 1. Order Authorizing Abandonment;
>
> 2. Order Granting Motion to Abandon the Estate's Interest in Boxes Belonging to Hammersmith Financial, LP (the "Order Granting Motion to Abandon"); and
>
> 3. Order to Pay and Authorizing Abandonment and Destruction (the "Order to Pay").

Dkt. No. 46.

4.      These three exhibits are irrelevant to these proceedings.  The Order Authorizing Abandonment, which is attached hereto as Exhibit 1, stated that approximately 7,731 boxes at the File Room, Inc. belonging to Royce Homes, L.P. could be abandoned.  In similar fashion, the Order Granting Motion to Abandon, which is attached hereto as Exhibit 2, stated that the bankruptcy estate's interest in approximately 1,369 boxes at the File Room, Inc. belonging to Hammersmith Financial, LP could be abandoned.  Finally, the Order to Pay, which is attached hereto as Exhibit 3, stated that the bankruptcy estate's interest in approximately 7,836 boxes at the File Room, Inc. belonging to Royce Homes, L.P. could be abandoned.  The Order to Pay added, "It is further ORDERED that the Trustee is authorized to destroy the boxes currently being stored at the File Room, Inc." Exhibit 3.  The above is the full extent of the applicable content of these orders.  They were entered months before this adversary proceeding was filed.  They explicitly refer to abandonment, as that concept is limited by 11 U.S.C. § 554.  They have nothing to do with the issue of whether the Trustee is protected from a claim for spoliation in the event he destroys documents.[1] Spoliation was not covered in Exhibits 1, 2, or 3.

5.      The Federal Rules of Evidence apply to evidentiary hearings in district court.  *See* FED. R. EVID. 101 and 1101.  Under those rules, evidence must be relevant to be admissible.  *See* FED. R. EVID. 401 and 402 ("Irrelevant evidence is not admissible"); *U.S. v. Salazar*, 440 Fed. Appx. 400, 406 (5th Cir. 2011).  Evidence is only relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action.  FED. R. EVID. 401.  Since Exhibits 1, 2, and 3 do not make it more or less probable that

---

[1] On March 9, 2012, Amegy filed its Response to Trustee's Motion for Protection and for Authority to Destroy Boxes of Documents Stored at the File Room, Inc. (the "Response").  Dkt. No. 42.  In the Response, Amegy sets forth the legal reasons why Trustee is not entitled to immunity from spoliation liability.

Trustee is entitled to protection from spoliation liability, they are inadmissible.  They will not help this Court answer the instant legal questions regarding document preservation and spoliation.

### III.
### Prayer and conclusion

6.      Amegy Bank National Association and Amegy Mortgage Company, L.L.C. respectfully request that this Court (1) disallow the admission of Exhibits 1, 2, and 3 at the April 16, 2012 hearing, and (2) deny the Trustee's Motion for Protection and for Authority to Destroy Boxes of Documents Stored at the File Room, Inc., and for such other and further relief to which they may be entitled.

Respectfully submitted,

George R. Gibson /KA

by permission

George R. Gibson
Southern District No. 19879
Attorney-in-Charge for Amegy Bank
National Association and Amegy Mortgage
Company, L.L.C.
2800 Post Oak Boulevard, 61st Floor
Houston, Texas  77056-6102
713.960.0303
713.892.4800 - Fax

OF COUNSEL:

NATHAN SOMMERS JACOBS
A Professional Corporation
2800 Post Oak Boulevard., 61st Floor
Houston, Texas  77056-6102
713.960.0303
713.892.4800 - Fax

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Amegy's Objections to Exhibits were electronically transmitted to the District Clerk for the United States District Court, Southern District of Texas, for filing on April 12, 2012, and electronic notice was given to the following ECF registrants:

**For Rodney Tow, Trustee**
Rodney Tow                                                    By E-Mail (rtow@towkoenig.com)
Julie Koenig                                                   By E-Mail (jkoenig@towkoenig.com)
Tow & Koenig, P.L.L.C.                                                                  and ECF
26219 Oak Ridge Drive
The Woodlands, Texas 77380

Michael Duncan                                               By E-Mail (mikedunc@cagehill.com)
Cage Hill & Niehaus, L.L.P.                                                             and ECF
5851 San Felipe, Suite 950
Houston, Texas 77057

Erin E. Jones                                                   By E-Mail (erin@jmkllp.com)
Jones Morris Klevenhagen, L.L.P.                                                        and ECF
6363 Woodway, Suite 570
Houston, Texas 77057

**For Allard Investment Company, LLC,**
**MGM Motor Sports, Inc., DMW Holdings,**
**Inc., Saracen Holdings, Inc., Saracen Holdings,**
**L.P., and Saracen Holdings GP, L.L.C.**
Eugene B. Wilshire                                       By E-Mail (ewilshire@wilshirescott.com)
Wilshire & Scott, P.C.                                                                  and ECF
1221 McKinney Street, Suite 3840
Houston, Texas 77010

**For Michael Manners**
William C. Ferebee                                        By E-Mail (wferebee@ofmklaw.com)
O'Donnell, Ferebee, Medley & Keiser, P.C.                                               and ECF
450 Gears Road, Suite 800
Houston, Texas 77067

Peter Johnson                                             By E-Mail (pjlawecf@pjlaw.com)
Law Offices of Peter Johnson                                                            and ECF
Eleven Greenway Plaza, Suite 2820
Houston, Texas 77046

**For John H. Speer and Vestalia, LLC**
Steven Shurn                                      By E-Mail (sshurn@hwallp.com)
C. Ed Harrell                                     By E-Mail (eharrell@hwallp.com)
Hughes Watters Askanase, L.L.P.                                            and ECF
333 Clay Street, 29th Floor
Houston, Texas 77002

**For Donnie Lou Speer**
Christopher D. Johnson                  By E-Mail (cjohnson@mckoolsmith.com)
McKool Smith                                                               and ECF
600 Travis Street, Suite 7000
Houston, Texas 77002

**For Park Lake Communities, L.P.**
**and Hammersmith Group, LLC**
**f/k/a Hammersmith Group, Inc.**
Randall A. Rios                               By E-Mail(rrios@munsch.com)
Timothy A. Million                            By E-Mail (tmillion@munsch.com)
David Mattka                                  By E-Mail (dmattka@munsch.com)
Munsch Hardt Kopf & Harr, P.C.                                             and ECF
700 Louisiana, 46th Floor
Houston, Texas 77002

**For Watermark Land, LLC f/k/a**
**Watermark Land, LP, Watermark**
**Tortuga, LLC, and George Kopecky**
Marc J. Magids                                By E-Mail (mail@zbsllp.com)
Pascal P. Piazza                              By E-Mail (mail@zbsllp.com)
David C. Martin                               By E-Mail (mail@zbsllp.com)
Zukowski, Bresenhan & Sinex, L.L.P.                                        and ECF
1177 West Loop South, Suite 1100
Houston, Texas 77027

George R. Gibson / KA
_____
George R. Gibson          by permission

L:\Amegy Bank\Royce-Civil Action\Objection.wpd

-6-

Case 4:11-cv-03700 Document 47 Filed in TXSD on 04/12/12 Page 7 of 11
Case 09-32467 Document 229 Filed in TXSB on 04/29/10 Page 1 of 1
Case 09-32467 Document 225 Filed in TXSB on 04/27/10 Page 1 of 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
04/29/2010

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, LP | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR(S) | § | (Chapter 7) |
| | § | |
| | § | |
| | § | |
| | § | |

## Order Authorizing Abandonment

*# 204*

On this the day came on to be considered the Motion to Abandon. The Court having reviewed the same and having heard arguments of Counsel, is of the opinion that the motion should be Granted; it is therefore

It is therefore ORDERED that the following property may be abandoned pursuant to 11 U.S.C. §554:

*Approximately 7,731 boxes belonging to the Debtor that are currently being stored at the Fileroom, Inc.*

SIGNED THIS **29th** day of **April**, 2010.

**THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE**

**EXHIBIT
1**

Case 4:11-cv-03700 Document 47 Filed in TXSD on 04/12/12 Page 8 of 11
Case 09-32467 Document 237 Filed in TXSB on 05/27/10 Page 1 of 1
Case 09-32467 Document 228-1 Filed in TXSB on 04/28/10 Page 1 of 1



**ENTERED**
**05/27/2010**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROYCE HOMES, LP | § | CASE NO. 09-32467-H4-7 |
| | § | |
| DEBTOR(S) | § | |
| | § | (Chapter 7) |
| | § | |
| | § | |
| | § | |

## ~~Amended~~ Order Authorizing Abandonment
### (# 228) (# 227)

On this the day came on to be considered the Amended Motion to Abandon the Estate's Interest in Hammersmith Financial, LP's boxes. The Court having reviewed the same and having heard arguments of Counsel, is of the opinion that the motion should be Granted; it is therefore

It is therefore ORDERED that the Estate's interest in the following property may be abandoned pursuant to 11 U.S.C. §554:

*Approximately 1,369 boxes belonging to Hammersmith Financial, LP. that are currently being stored at the Fileroom, Inc.*

SIGNED THIS **27th** day of **May**, 2010.

_____
THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

Case 4:11-cv-03700 Document 47 Filed in TXSD on 04/12/12 Page 9 of 11
Case 09-32467 Document 283 Filed in TXSB on 09/14/10 Page 1 of 1
Case 09-32467 Document 274-2 Filed in TXSB on 08/17/10 Page 1 of 1



**ENTERED**
**09/15/2010**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

IN RE: §
§
ROYCE HOMES, LP § CASE NO. 09-32467-H4-7
§
DEBTOR(S) §
§ (Chapter 7)
§
§

### Order to Pay and Authorizing Abandonment and Destruction
#274

On this the day came on to be considered the Motion to Abandon the Estate's Interest in and Destroy Boxes Belonging to Royce Homes, LP Stored at The Fileroom, Inc. and Request to Pay a Portion of Past Due Storage Fees . The Court having reviewed the same and is of the opinion that the motion should be Granted;

It is therefore ORDERED that the Estate's interest in the following property may be abandoned pursuant to 11 U.S.C. §554:

*Approximately 7,836 boxes belonging to Royce Homes, LP. that are currently being stored at the Fileroom, Inc.*

It is further ORDERED that the Trustee is authorized to destroy the boxes currently being stored at The Fileroom, Inc.

It is further ORDERED that the Trustee is authorized to issue payment to The Fileroom, Inc. in the amount of $4,137.42 for two months past due storage fees.

SIGNED THIS 14th day of Sept. , 2010.

THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

Order Authorizing the Destruction of Records of the Estate                    Page 1
R:\Clients\R\Royce Homes - T\Motions & Orders\Motion to Abandon Estate's Interest in Royce Homes LP's Fileroom Boxes.wpd



# EXHIBIT
# 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                      §

                             §            CASE NO. 09-32467-H4-7

ROYCE HOMES, L.P.,        §            (Chapter 7)

     Debtor.                 §

---

RODNEY TOW, TRUSTEE,     §

     Plaintiff,            §

                             §

vs.                          §

                             §

JOHN H. SPEER, AMEGY BANK, N.A.,  §

AMEGY MORTGAGE COMPANY, L.L.C.,  §

MICHAEL MANNERS,         §

DONNIE LOU SPEER, VESTALIA, LLC,  §     CIVIL ACTION NO. 4:11-cv-03700

HAMMERSMITH GROUP, LLC,      §              JURY

f/k/a HAMMERSMITH GROUP, INC.,   §

PARK LAKE COMMUNITIES, L.P.,    §

WATERMARK LAND, LLC,       §

WATERMARK LAND, LP,        §

WATERMARK TORTUGA, LLC,     §

ALLARD INVESTMENT COMPANY,    §

LLC, DWM HOLDINGS, INC.,      §

MGM MOTOR SPORTS, L.L.C.,     §

SARACEN HOLDINGS, INC., and     §

GEORGE KOPECKY,         §

     Defendants.           §

## ORDER SUSTAINING OBJECTIONS

The Court has considered Amegy's Objections to Exhibits (the "Objections"), and finds that

the Objections should be SUSTAINED. It is therefore

ORDERED that the Objections are SUSTAINED. It is further

ORDERED that the documents enumerated as Exhibits 1, 2, and 3 in the Witness and Exhibit

List of Rodney Tow (Dkt. No. 46) are inadmissible and will not be considered by this Court.

SIGNED _____ day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE