IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| ROYCE HOMES, L.P | § | CASE NO. 09-32467-H4-7 |
| | § | (CHAPTER 7) |

_____

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-03700 |
| | § | |
| JOHN H. SPEER, ET AL, | § | |
| | § | |
| *DEFENDANTS.* | § | |

RESPONSE OF MICHAEL G. MANNERS AND THE MANNERS RELATED DEFENDANTS TO
THE MOTION FOR PROTECTION AND TO QUASH OF GEORGE KOPECKY, WATERMARK LLC
AND WATERMARK LAND, L.P. AND TO THE TRUSTEE'S MOTION TO STRIKE

Michael G. Manners and the Manners Related Defendants (collectively "Manners") respond to the Motion for Protection and to Quash of George Kopecky, Watermark, LLC and Watermark Land, L.P. (sometimes collectively "Kopecky") and to the Trustee's Motion to Strike and show:

1.      After repeated requests from Manners' counsel for deposition dates for Kopecky were ignored, Manners noticed the deposition of Kopecky for June 12, 2012.  The deposition was noticed in the case in both of the styled cases.  When, after receiving a notice, Kopecky's counsel stated Kopecky was not available on June 12, 2012, Manners' counsel offered to accommodate Kopecky provided that the deposition could be completed before June 19, 2012.  This offer was refused.

2.      Kopecky and Rodney Tow, the trustee for Royce Homes, L.P., debtor, are seeking approval for a settlement that on its face appears collusive, i.e. assets of the Watermark entities are

being used by Kopecky to settle personal claims against him.  Kopecky is a defendant in the District

Court case, as is Manners.  Several claims in that case are alleged against both Manners and

Kopecky.  The amount of any settlement paid by Kopecky directly effects the exposure of Manners

in the case.  Therefore, he is directly interested in seeing that any settlement is above board and for

sum fairly representative of Kopecky's real exposure.  Furthermore, as noted in Manners' Response

to the Trustee's Motion to Compromise, Manners has a right to assure that the compromise is fair

and equitable to defendants, such as himself, that are similarly situated to Manners.

Wherefore, Premises Considered, Manners prays that all relief sought by Kopecky and the

Trustee be denied.

Respectfully submitted,


_____/s/_____
Eugene B. Wilshire
SBN 21665500
3840 One Houston Center
Houston, Texas 77010
(713) 651-1221
(713) 651-0020 (Facsimile)
ewilshire@wilshirescott.com

**ATTORNEY-IN-CHARGE FOR THE MANNERS
RELATED DEFENDANTS**


_____/s/_____
William C. Ferebee
SBN 06907500
450 Gears Road, Suite 800
Houston, Texas 77067
(281) 875-8200
wferebee@ofmklaw.com

**ATTORNEY FOR MICHAEL G. MANNERS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served ECF/PACER to those registered to receive such notice on the 11th day of June, 2012.

_____/s/_____
Eugene B. Wilshire