IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| ROYCE HOMES, L.P., | § | |
| | § | |
|     Debtor. | § | |
| _____ | § | |
| | § | |
| RODNEY D. TOW, | § | |
| CHAPTER 7 TRUSTEE | § | |
| | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-11-03700 |
| v. | § | |
| | § | |
| AMEGY BANK, N.A., *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**DONNIE LOU SPEER'S MOTION TO DISMISS TRUSTEE'S
THIRD AMENDED COMPLAINT**

Donnie Lou Speer ("Donnie Lou") moves pursuant to Rules 8(a), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, made applicable by Rules 7008, 7012 and 7009 of the Federal Rules of Bankruptcy Procedure, for an Order dismissing all against her in the Trustee's Third Amended Complaint ("Third Amended Complaint") because the amended complaint fails to give fair notice, does not state a claim upon which relief can be granted, and fails to plead with the requisite particularity.

**SUMMARY OF THE MOTION**

1.    Donnie Lou and John Speer divorced in December 2005; more than a year before the Trustee alleges the Debtor became insolvent, and almost three years before the Debtor ceased operations. As the Trustee has admitted, Donnie Lou had little or no involvement with the Debtor. The Bankruptcy Court previously dismissed most of the Trustee's claims against Donnie Lou. Now, the Trustee has again

amended his complaint to manufacture new fiduciary duty claims against Donnie Lou.[1] The Trustee has not demonstrated that Donnie Lou was a fiduciary. The Trustee has no new facts to support these claims – only empty, speculative accusations. The Trustee has grasped a clause in a confidentiality provision of Donnie Lou's Consulting Agreement (the "Consulting Agreement") and tortured that clause into a fiduciary duty claim.

2. The Trustee's amended complaint fails to plead factual allegations that show that Donnie Lou "knowingly participated" in a breach of fiduciary duties. The Trustee attempts to equate Donnie Lou's inaction with the actions of Speers, Manners, and Kopecky. Donnie Lou does not fit in with the rest of the alleged "Fiduciary Conspirators." Unlike those active participants, Donnie Lou was a passive party who received payments pursuant to the terms of a note from John Speer and a consulting agreement with the Debtor. Donnie Lou was not a fiduciary, had no fiduciary duty to Royce Homes, did not knowingly participate in a breach of fiduciary duty, and the Trustee's allegations fall well short of the pleading requirement.

3. Donnie Lou is also loosely named in the Trustee's claim for civil theft. After these charges were first dismissed, the Trustee attempted to ameliorate the infirmity the Bankruptcy Court indentified by inserting Ms. Speer's name into his amended complaint without including any new factual allegations. This mere recital fails to contain any facts to show how Donnie Lou is liable for civil theft.

4. Finally, the Trustee once again fails to state a claim for unjust enrichment because there is no allegation that Donnie Lou received a benefit by fraud, duress or the taking of an undue advantage. In contrast with this claim, the Trustee has also pled that Donnie Lou's receipt of payment arose from her passive role as a party to a contract – a contract that was formed prior to any allegation of fraud. Because the Trustee knows and *has pled* that John Speer is the transferor, and because the Trustee knows and *has*

---

[1] The Trustee's claims against Donnie Lou for breach of fiduciary duty arise more than three years after the Trustee was appointed and are therefore time barred. The Trustee failed to assert facts in his original complaint giving rise to a fiduciary duty claim, or allege any conduct, transaction or occurrence giving rise to a breach of fiduciary duty. Therefore, the "relation back" doctrine should have prohibited the Trustee from amending his complaint to include this claim.

*not pled* that Donnie Lou received a benefit by fraud, duress or the taking of an undue advantage, the Trustee's claims should be dismissed.

5. Since the Trustee cannot state a plausible claim against Donnie Lou for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and civil theft, or unjust enrichment, these claims do not satisfy Rule 12(b)(6) and should be dismissed.

## FACTUAL BACKGROUND

6. Donnie Lou and John Speer were married for over thirty years before their divorce. During their marriage, Donnie Lou worked for Royce Homes and several of its affiliates. While she was married to John Speer she built an increasingly large stake in Royce Homes and other businesses. By the time Donne Lou and John Speer divorced, the couple's stake in Royce Homes was substantial. In order to facilitate an orderly divorce and division of the marital property estate, John Speer opted to purchase Donnie Lou's stake in the company as part of their divorce settlement.

7. In the December 2005 divorce settlement, John Speer agreed to pay Donnie Lou $3 million for her interest in Royce Homes and other entities in order to expedite and simplify the process of dividing a substantial marital estate. Instead of paying with cash, John Speer made a note for the entire $3 million to Donnie Lou. The note required John Speer to pay Donnie Lou $50,000 in monthly installments.

8. John Speer and Donnie Lou's divorce decree also required Royce Homes to continue to employ Donnie Lou in order to provide her with insurance benefits. The terms of her employment were set forth in a Consulting Agreement. The Consulting Agreement also contained non-disclosure provisions which limited Donnie Lou's ability to continue use her knowledge of Royce Homes' operations to work in the homebuilding industry. In exchange for Donnie Lou's service and compliance with the terms of the Consulting Agreement, Royce Homes agreed to pay Donnie Lou $20,000 per month.

9. Donnie Lou had no other contacts with Royce that would give rise to the claims in the complaint.

**ARGUMENT AND AUTHORITIES**

A.     **The Trustee has failed to meet the standard for pleading under Rules 8(a), 12(b)(6) and the Supreme's Court's holdings in *Twombly* and *Iqbal* on claims against Donnie Lou.**

    1)     **A complaint must contain sufficient facts to state a claim that is *plausible* on its face.**

    10.     Rule 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief. Since at least May 2007, the Supreme Court has held that, in the context of Rule 12(b)(6), Rule 8(a) requires that a complaint contain enough facts to state a claim for relief that is *plausible* on its face.[2] That year, in *Twombly,* the Supreme Court held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[3] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."[4] Subsequently, in *Iqbal*, the Supreme Court clarified that plausibility requires "more than a sheer possibility that a defendant has acted unlawfully.[5]

    2)     **The Trustee's Third Amended Complaint does not satisfy Rule 12(b)(6) because the Trustee pleads insufficient facts to show that Donnie Lou had a fiduciary duty to Royce Homes.**

    11.     The Trustee's breach of fiduciary duty claim in the Third Amended Complaint is inadequate under Rule 12(b)(6) since it fails to state a claim for relief that is plausible on its face. Texas courts have routinely held that "a contractual obligation does not generally give rise to a fiduciary duty … [because] fiduciary duties are equitable in nature."[6] While some informal relationships may give rise to a

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Id.* at 555.

[4] *Id.*

[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[6] *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695 (Tex. 2007).

fiduciary duty, the parties must have developed a mature relationship with each other, such that one party is justified in expecting the other to act in its best interest.[7]

12. An informal fiduciary duty arises only from a confidential relationship when the evidence demonstrates that: (1) influence was acquired and then abused; and (2) confidence was reposed and betrayed.[8] Ordinarily, the existence of a confidential relationship is a question of fact; however, when the issue is one of no evidence, it becomes a question of law.[9] A fiduciary duty "contemplates fair dealing and good faith, rather than legal obligation, as the basis of the transaction."[10] Because the fiduciary duty "imposes extraordinary duties," Fifth Circuit courts recognize that this relationship "will not be lightly created."[11]

13. In the Third Amended Complaint, the Trustee claims that "Donnie Lou Speer was a fiduciary of Royce Homes in that she was an employee of Royce Homes and contractually obligated to have a duty of care, loyalty and trust."[12] The Trustee places the entire weight of this allegation on the assertion Donnie Lou's alleged fiduciary duty was created through the Consulting Agreement—despite the fact that fiduciary duties are equitable, not contractual—without ever specifically showing how that fiduciary relationship was created.

14. The Trustee neglects to explain to this Court that the clause he relies upon is buried within a confidentiality provision requiring that, if the Debtor chose in its sole discretion, to provide Donnie Lou with confidential information, she would keep that information confidential and recognized

---

[7] *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 203 (Tex. 2002) (analyzing when an attorney might act in the client's "best interest").

[8] *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

[9] *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W. 2d 591, 594 (Tex. 1992).

[10] *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002).

[11] *See, e.g., Imperial Premium Fin., Inc. v. Khoury*, 129 F.3d 347, 353 (5th Cir. 1997) (recognizing that "a fiduciary duty will not be lightly created" because "it imposes extraordinary duties") (internal quotations omitted).

[12] Third Amended Complaint at para. 202.

her duty to the Debtor to do so. This is hardly the type of obligation that could make Donnie Lou a fiduciary liable to the Debtor's creditors.

15. Additionally, the Trustee never alleges that Donnie Lou Speer was an officer or director of Royce Homes – only that she was a "purported manager" with an employment agreement.[13] The Trustee never alleges that Donnie Lou obtained confidential information from Royce Homes or from John Speer. The Trustee never alleges that Donnie Lou exerted or abused influence over the affairs of Royce Homes. The Trustee never even alleges that Donnie Lou incurred obligations as an employee or "purported manager" with the extraordinary duties required of a fiduciary. On the contrary, the Trustee claims that John Speer employed Donnie Lou merely to pay his "personal obligation to her under the divorce."[14]

16. This recognition by the Trustee lies in stark contrast to his allegations against other parties. The Trustee attempts to equate Donnie Lou's inaction with Speers, Manners, and Kopecky's actions. Donnie Lou does not fit in the rest of the alleged "Fiduciary Conspirators." Unlike those active participants, Donnie Lou was a passive party who received payments pursuant to the terms of a note from John Speer and a Consulting Agreement with the Debtor. Donnie Lou did not participate in the management of Royce Homes or know about the daily operations of Royce Homes. In fact, Donnie Lou had no access information regarding Royce Homes' operations. Donnie Lou had no fiduciary duties to Royce Homes, contractual or otherwise, and the Trustee's allegations fall well short of the pleading requirement.

17. At a minimum, a breach of fiduciary duty requires a fiduciary relationship.[15] The Trustee fails to allege any facts sufficient to raise a right to relief for a breach of fiduciary duty above a speculative level. Even if the Trustee's allegations are taken as true, the mere relationship of Donnie Lou to Royce Homes as an employee or "purported manager" does not give rise to the existence of a fiduciary

---

[13] Third Amended Complaint at para. 621.

[14] Third Amended Complaint at para. 614.

[15] *Cudd Pressure Control, Inc. v. Roles*, 328 Fed. Appx. 961, 2009 U.S. App. LEXIS 12607 (5th Cir. 2009).

relationship. Because the Trustee failed to plead any facts to show that Donnie Lou had a fiduciary duty to Royce Homes, his claims do not satisfy Rule 12(b)(6) and should be dismissed.

>   **3)** **The aiding and abetting claims do not satisfy Rule 12(b)(6) because the Trustee has not and cannot plead facts to show that Donnie Lou knowingly participated in a breach of fiduciary duty.**

18. The Trustee's Third Amended Complaint includes claims against Donnie Lou for aiding and abetting breach of fiduciary duties to a limited partnership. To state a claim for aiding and abetting breach of fiduciary duties to a limited partnership, the Trustee must allege: "(1) the existence of a fiduciary relationship, (2) the fiduciary breached its duty, (3) a defendant, who is not a fiduciary, knowingly participated in a breach, and (4) damages to the plaintiff resulted from the concerted action of the fiduciary and the non-fiduciary."[16] "Knowing participation" is a high standard. For instance, a party knowingly participates in the breach of fiduciary duties to a limited partnership when he actively assists the fiduciary in completing a merger in violation of his duties.[17]

19. The Trustee's allegations fall short of alleging "knowing participation." Indeed, the Trustee complains that, "Donnie Lou … conspired with, aided and abetted, and acted in concert with [John] Speer in these breaches of fiduciary duty."[18] However, the Trustee does not include any further factual allegations. These blanket assertions do not satisfy the *Iqbal* or *Twombly* standards. According to the Trustee, distributions to Donnie Lou violated the Royce Homes partnership agreement.[19] However, conspicuously absent from the Trustee's complaint are factual allegations that Donnie Lou knowingly participated in a breach of fiduciary duties. The Trustee alleges that Donnie Lou received payment pursuant to agreements with Royce Homes and John Speer. The Trustee does not, and cannot, state any facts that suggest Donnie Lou knowingly participated in a breach of duty to Royce Homes.

---

[16] *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002).

[17] *Twin Bridges LP v. Draper*, No. 2351-VCP, 2007 Del. Ch. LEXIS 136, at *86-88 (Del. Ch. Sept. 14, 2007).

[18] Third Amended Complaint at para. 266.

[19] Third Amended Complaint at para. 618.

20.     Donnie Lou was not in a position to influence Royce Homes in any way. As the Trustee's Third Amended Complaint demonstrates, Donnie Lou was not a knowing participant in any breach of duty. Instead, Donnie Lou was a passive party who received payments pursuant to the terms of a note from John Speer and a Consulting Agreement with the Debtor. Donnie Lou had no knowledge of Royce Homes' financial condition. She did not receive financial statements. She did not knowingly participate in any activities which might be a breach of fiduciary duty. Since the Trustee cannot state a plausible claim against Donnie Lou for aiding and abetting a breach of fiduciary duty, the Trustee's claim does not satisfy Rule 12(b)(6).

**4)     The Third Amended Complaint once again fails to state a claim for Unjust Enrichment because there is no allegation that Donnie Lou received a benefit by fraud, duress or the taking of an undue advantage.**

21.     Paragraphs 644-647 assert fourteen separate unjust enrichment claims. Paragraph 646(m) asserts the only unjust enrichment claim against Donnie Lou; a claim in the amount of (i) salary and benefits paid from Royce Homes 2005-2008, (ii) $50,000 a month she received from [Royce Homes], and (iii) "any tax distribution she received."

22.     The elements of claim for unjust enrichment are: (i) the defendant obtained a benefit, (ii) from the plaintiff, (iii) by fraud, duress, or the taking of an unfair advantage.[20] The Third Amended Complaint fails to assert a single fact that Donnie Lou obtained a benefit by committing fraud, causing duress, or the taking of an unfair advantage. To the contrary, the Debtor was contractually obligated to make the payments to Donnie Lou. The Trustee is well aware of Donnie Lou's role as a passive party to a contract that was formed prior to any allegation of fraud. Regarding the $50,000 monthly payment Donnie Lou allegedly received, the Third Amended Complaint and the deposition excerpts on which it relies, state that those payments were made by John Speer – not the Debtor.

23.     The Bankruptcy Court previously held that although the Trustee's first amended complaint properly alleged that Donnie Lou obtained a benefit from Royce Homes, the Trustee failed to

---

[20] *Matagorda County v. Texas Ass'n of Counties of County Gov't Risk Mgmt. Pool*, 975 S.W.2d 782, 785 (Tex. App. Corpus Christi 1998), judgment aff'd, 52 S.W.3d 128 (Tex. 2000).

assert that she received a benefit by fraud, duress, or taking an undue advantage. The Third Amended Complaint states:

> [Donnie Lou] obtained benefit from Royce Homes in the amount of the salary and benefits paid to Donnie Lou Speer from Royce Homes 2005-2008, the $50,000 per month she received from Royce Homes 2005-2008, and any tax distributions she received from Royce Homes.

The Trustee's Third Amended Complaint states the *exact same facts* from the previously dismissed complaint.

24. The Trustee is deliberately ignoring the Bankruptcy Court's order. On its face, the proposed Third Amended Complaint fails to cure previously noted defects because it does not include any new allegations or factual pleadings that could possibly state a claim for unjust enrichment against Donnie Lou. The Trustee's "amendment" for unjust enrichment falls squarely in the category of amendments that the Fifth Circuit had instructed courts to deny. Accordingly, the Third Amended Complaint fails to state a plausible unjust enrichment claim against Donnie Lou and should once again be denied.

**5) The civil theft and money had and received claims are futile because they do not satisfy Rule 12(b)(6).**

25. The Court previously dismissed the Trustee's claims against Donnie Lou for civil theft, holding that, "the Trustee has failed to allege sufficient facts supporting a plausible claim for civil theft."[21] The Court found, "Ms. Speer was not given fair notice of the civil theft . . . claim and the grounds upon which it rests because the Trustee failed to specifically name Ms. Speer as a defendant."[22]

26. The Trustee attempts to ameliorate the infirmity the Court indentified by inserting Ms. Speer's name into his proposed amended complaint without including any new factual allegations. Instead, the Trustee simply added Donnie Lou's name into his allegations against the other non-dismissed

---

[21] *Id.*

[22] Docket No. 167 at 19.

parties. There are no new facts to allege that Donnie Lou is liable for civil theft or money had and received.

27. To state a claim for civil theft, the Trustee must allege that it was the rightful possessor of property, that the defendant unlawfully appropriated the plaintiff's property, and that the unlawful taking was made with the intent to deprive the plaintiff of property.[23] Here, the Trustee's Third Amended Complaint explicitly states that Donnie Lou received payments pursuant to the terms of the Note. The Trustee's own allegation shows that any benefit paid to Donnie Lou was pursuant to the Note, not through any illegal avenue, by duress, or fraud.

28. Absent any new facts, these claims are subject to dismissal under Rule 12(b)(6).

**6)** **The Trustee's proposed complaint for a declaratory judgment fails to state a claim because the Trustee does not have standing to assert such rights.**

29. The Court should deny the Trustee's Motion seeking a declaratory judgment for turnover of funds held in trust because the Trustee does not have standing to assert such claims. The Fifth Circuit recognizes decades-old Supreme Court precedent that a bankruptcy trustee "has no right to bring claims that belong solely to the estate's creditors."[24] Since the Trustee does not have standing, the Court cannot grant declaratory relief.

30. Further, the Bankruptcy Code provides that a debtor's estate includes, "all legal or equitable interests of the debtor in property as of the commencement of the case."[25] The note Donnie Lou received from John Speer provided that the holder of the note would hold the funds paid in trust in favor of Royce Home's senior debt, not in favor of Royce Homes. Rights held by Royce Home's senior debt are not property of the estate and may not be asserted by the Trustee. Accordingly, the Trustee lacks standing to bring such a cause of action.

---

[23] TEX. CIV. PRAC. & REM. CODE §§ 134.002(2), 134.003, 134.005(a); TEX. PEN. CODE §§ 31.03(a), (b)(1), 31.04(a).

[24] *See Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 584 (5th Cir. 2008) (citing *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972)).

[25] 11 U.S.C. § 541(a)(1).

## CONCLUSION

31. Donnie Lou is entitled to demand that the Trustee file a complaint that gives fair notice of the claims asserted against her. To the extent the Trustee has not plead sufficient facts in the 663-page Third Amended Complaint to show a *plausible* claim, those claims should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Donnie Lou respectfully asks this Court to grant her Motion and dismiss the Trustee's claims against her as set forth above, and grant such other and further relief, both at law and in equity to which she may be justly entitled.

DATED: August 31, 2012.

Respectfully submitted,

**MCKOOL SMITH P.C.**

By: */s/ Christopher D. Johnson*
CHRISTOPHER D. JOHNSON
Texas Bar No. 24012913
ANDREW J. COBOS
Texas Bar No. 24078352
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

COUNSEL FOR DEFENDANT,
DONNIE LOU SPEER

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2012, a true and correct copy of the foregoing document was served via DLR 5.1 and the ECF system to the parties on the ECF service list or via First Class U.S. Mail, postage paid to the parties listed below

| | |
|---|---|
| Michael Duncan<br>Cage, Hill & Niehaus, L.L.P.<br>5851 San Felipe, Suite 950<br>Houston, TX 77057<br>Via ECF:  mikedunc@cagehill.com | Erin E. Jones<br>Jones Morris Klevenhagen, LLP<br>6363 Woodway, Suite 570<br>Houston, TX 77057<br>Via ECF:  erin@jonesmorris.com |
| Julie Mitchell Koenig<br>Rodney Tow<br>Tow and Koenig PLLC<br>26219 Oak Ridge Drive<br>The Woodlands, TX 77380<br>Via ECF:  jkoening@towkoenig.com<br>           rtow@towkoenig.com | William C. Ferebee<br>O'Donnell, Ferebee, Medley & Keiser, P.C.<br>450 Gears Road<br>Houston, TX 77067<br>**COUNSEL FOR MICHAEL G. MANNERS** |
| Randall A. Rios<br>Timothy Million<br>David Mattka<br>Munsch Hardt Kopf & Harr P.C.<br>700 Louisiana, 46th Floor<br>Houston, TX 77002<br>Via ECF:  rrios@munsch.com<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, AND PARK LAKE COMMUNITIES** | C Ed Harrell<br>Steven Douglas Shurn<br>Hughes Watters & Askanase<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, TX 77002<br>Via ECF:  sshurn@hwallp.com<br>           eharrell@hwallp.com<br>**COUNSEL FOR HAMMERSMITH GROUP, LLC, AND PARK LAKE COMMUNITIES** |
| Peter Johnson<br>Law Offices of Peter Johnson<br>Eleven Greenway Plaza<br>Suite 2820<br>Houston, TX 77046<br>Via ECF:  pjlaw@pjlaw.com<br>**COUNSEL FOR MICHAEL MANNERS, ALLARD INVESTMENT COMPANY, LLC, DMW HOLDINGS, INC., MGM MOTOR SPORTS, LLC, SARACEN HOLDINGS, INC.** | Marc J. Magids<br>David Martin<br>Zukowski, Bresenhan & Sinex, L.L.P.<br>1177 West Loop South, Ste. 1100<br>Houston, TX 77027<br>Via ECF:  mail@zbsllp.com<br>**COUNSEL FOR GEORGE KOPECKY, WATERMARK LAND LLC, AND WATERMARK TORTUGA, LLC** |
| Eugene B. Wilshire<br>3840 One HoustonCenter<br>Houston, TX 77010<br>**COUNSEL FOR MANNERS RELATED ENTITIES** | George R. Gibson<br>Nathan Sommers Jacobs PC<br>2800 Post Oak Blvd, 61st Flr<br>Houston, TX 77056-6102<br>Via ECF:  ggibson@nathansommers.com<br>**COUNSEL FOR AMEGY BANK, N.A.. AND AMEGY MORTGAGE COMPANY, LLC** |

                                                        /s/ Christopher D. Johnson
                                                        Christopher D. Johnson