IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rodney Tow, Trustee | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. 4:11-cv-03700 |
| | § | |
| John H. Speer, Amegy Bank, N. A., et al | § | |
|     Defendants | § | |

## West Harris County Municipal Utility District No. 11's Motion to Dismiss
(Regarding Docket No. 77)

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendant West Harris County Municipal Utility District No. 11 (the "District") respectfully moves the Court for an order dismissing the Plaintiff's Third Amended Complaint (the "Amended Complaint") with respect to claims asserted against the District on the grounds that this Court lacks subject-matter jurisdiction over such claims, and that the Amended Complaint fails to state a claim upon which relief can be granted against the District.

### I.
### Summary of Argument

The Court lacks subject matter jurisdiction over the claims asserted by Plaintiff against the District due to the District's governmental immunity from suit. The Amended Complaint fails to state a claim upon which relief may be granted against the District due to the District's governmental immunity from liability.

## II.
## Standard of Review

A.  Rule 12(b)(1) - Lack of Subject Matter Jurisdiction.

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief.  Saraw Partnership v. United States, 67 F.3d 567, 569 (5th Cir. 1995), quoting Hobbs v. Hawkins, 968 F.2d 471, 475 (5th Cir. 1992).  A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Ynclan v. Department of the Air Force , 943 F.2d 1388, 1390 (5th Cir. 1991), citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied , 454 U.S. 897 (1981).  The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. Tex. 2001).

B.  Rule 12(b)(6) - Failure to State a Claim Upon Which Relief Can be Granted.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)), cert. denied, 552 U.S. 1182 (2008).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.

## III.
## The District

Defendant West Harris County Municipal Utility District No. 11 (the "District") is a municipal utility district, a political subdivision of the State of Texas formed under authority of Article 16, Section 59 of the Texas Constitution, and operating under Chapters 49 and 54 of the Texas Water Code.[1]  Municipal Utility Districts are one of thirteen different types of general law water districts in Texas acting as state political subdivisions.  *See* Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth., 320 S.W.3d 829 (Tex. 2010); TEX. WATER CODE Chapters 50-68; Bonnie M. Stepleton, Note, *Texas Groundwater Legislation: Conservation of Groundwater or Drought by Process*, 26 NAT. RESOURCES J. 871, 874 (1986).  As a political subdivision of the state, the District is a governmental unit protected by the doctrine of governmental immunity.  Bennett v. Brown County Water Improvement District No. 1, 272 S.W.2d 498, 499-501 (1954); Willacy County Water Control & Improvement District No. 1 v. Abendroth, 177 S.W.2d 936 (1944); Loyd v. Eco Resources, Inc., 956 S.W.2d 110, 121 (Tex. Civ. App. - Houston [14th Dist.] 1997, no pet.).

## IV.
## Immunity from Suit
### (Lack of Subject Matter Jurisdiction)

Governmental immunity from suit bars a lawsuit against a governmental entity unless the legislature expressly consents to the suit.  When a political subdivision of the State is immune from suit under the doctrine of governmental immunity, a court lacks subject-matter jurisdiction over the suit.  Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006); Tex. Dep't of Transp.

---

[1]  A copy of the Order of the Texas Water Commission creating the District is attached to this Motion as Exhibit A.

v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Higgins v. Montgomery County Hospital District, No. H-10-3787, 2011 WL 3104707, at *2 (S.D. Tex. July 26, 2011); Modica v. Reyna, No. 1:08-CV-871, 2009 WL 2827975, at *6 (E.D. Tex. Sep. 2, 2009) (citing Jones). Governmental immunity has two components: immunity from liability and immunity from suit. Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit bars suit against the entity altogether. *Id.* Immunity from liability, which protects a governmental entity from judgments even if the Legislature expressly consents to suit, does not affect a court's subject-matter jurisdiction. Jones, 8 S.W.3d at 638. In contrast, even if liability is undisputed, immunity from suit deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Id.*

Absent legislative consent, the trial court does not have subject matter jurisdiction to hear the case. *Id.*; City of Fort Worth v. Robles, 51 S.W.3d 436, 439 (Tex. App.- Fort Worth 2001, pet. denied) overruled on other grounds, 195 S.W.3d 689 (Tex. 2006) ("The party suing a governmental entity must allege consent to suit either by statute or express legislative permission.") If a plaintiff sues a governmental entity, it therefor bears the burden of establishing subject matter jurisdiction by alleging facts that affirmatively show the lack of governmental immunity. *See* Texas Nat. Resource & Conservation Com'n. White, 13 S.W.3d 819, 822 (Tex. App.- Fort Worth 2000), rev'd on other grounds, 46 S.W.3d 864 (Tex. 2001); Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Reyes v. City of Houston, 4 S.W.3d 459, 461 (Tex. App.- Houston [1st Dist.] 1999, pet. denied), overruled on other grounds, 195 S.W.3d 689 (Tex. 2006) ("A plaintiff must allege facts affirmatively showing that the trial court had subject matter jurisdiction.")

Only when the legislature has clearly and explicitly waived the state's sovereign immunity may a cause of action accrue. Mt. Pleasant Independent School Dist. v. Estate of Lindburg, 766 S.W.2d

208, 211 (Tex. 1989); <u>Duhart v. State</u>, 610 S.W.2d 740, 742-43 (Tex. 1980). In order to invoke a court's subject matter jurisdiction, a plaintiff must specifically reference a legislative waiver of immunity in its petition. <u>Jones</u>, 8 S.W.3d at 638; <u>Denton County v. Howard</u>, 22 S.W.3d 113, 118 (Tex. App.- Fort Worth 2000, no pet.). In reviewing the pleadings, moreover, the Court is not bound by the plaintiff's legal conclusions or by illogical factual conclusions drawn from the facts plead. *See* <u>Salazar v. Morales</u>, 900 S.W.2d 929, 932 n.6 (Tex. App.- Austin 1995, no writ). Legislative consent for suit or any other sovereign immunity waiver must be "by clear and unambiguous language." <u>University of Texas Med. Ctr. at Galveston v. York</u>, 871 S.W.2d 175, 177 (Tex. 1994); <u>Duhart</u>; 610 S.W.2d at 742.

Complainants against water districts have often argued that the legislature has waived the district's immunity from suit by enacting TEX. WATER CODE § 49.066.[2] Texas courts struggled with whether the "sue and be sued" language found in statutes such as WATER CODE § 49.066 waived immunity from suit. For there to be a waiver of immunity from suit, the Legislature must have waived immunity from suit as to the claim in question by clear and unambiguous language. <u>Tooke</u>, 197 S.W.3d at 333 (requiring clear and unambiguous language to waive governmental immunity); TEX. GOVN'T CODE § 311.034 (Vernon Supp. 2007) (providing that a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language). In <u>Tooke</u> after an exhaustive analysis, the Texas Supreme Court overruled its 1970 decision in <u>Missouri</u>

---

[2] TEX. WATER CODE § 49.066 provides in pertinent part as follows:
Sec. 49.066. SUITS. (a) A district may sue and be sued in the courts of this state in the name of the district by and through its board. A suit for contract damages may be brought against a district only on a written contract of the district approved by the district's board. All courts shall take judicial notice of the creation of the district and of its boundaries.

P. R. Co. v. Brownsville Navigation Dist.,[3] holding that,

> Scores of Texas statutes provide, variously, that individuals and entities, public and private, may "sue and (or) be sued", "(im)plead and (or) be impleaded", "be impleaded", "prosecute and defend", "defend or be defended", "answer and be answered", "complain and (or) defend", or some combination of these phrases, in court. The phrases are also used in municipal charters and ordinances and in corporate articles and bylaws. Read in context, they sometimes waive governmental immunity from suit, sometimes do not, and sometimes have nothing whatever to do with immunity, referring instead to the capacity to sue and be sued or the manner in which suit can be had (for example, by service on specified persons). Because immunity is waived only by clear and unambiguous language, and because the import of these phrases cannot be ascertained apart from the context in which they occur, we hold that they do not, in and of themselves, waive immunity from suit.
> Tooke, 197 S.W.3d at 328, 342.

After Tooke, all of the courts of appeals addressing the issue of waiver under TEX. WATER CODE § 49.066 concluded that the statute does not waive the government's immunity from suit. Clear Lake City Water Auth. v. MCR Corp., 2010 Tex. App. LEXIS 2194, (Tex. Civ. App. - Houston [1st Dist.] 2010 (pet. denied), and numerous cases cited therein. The Texas Supreme Court agreed in a case also involving the Clear Lake City Water Authority handed down in 2010. In Kirby v. Clear Lake cited above, the Texas Court reviewed the history of water districts in Texas, their governmental immunity as political subdivisions of the state, and the lengthy line of cases construing "sue and be sued" statutory language, concluding that TEX. WATER CODE § 49.066 does not on its own abrogate governmental immunity. Kirby, 320 S.W.3d at 838.

The District's governmental immunity from suit has not been waived, the Amended Complaint does not and can not allege a legislative waiver of the District's governmental immunity because no such waiver has occurred, and accordingly the Court lacks subject matter jurisdiction over Plaintiff's claims against the District.

---

[3] 453 S.W.2d 812 (Tex. 1970).

**V.**
**Immunity from Liability**
(Failure to State a Claim Upon Which Relief Can be Granted)

Even if the Texas legislature had "clearly and unambiguously" waived the District's immunity from suit, which it has not done, the Amended Complaint fails to state a claim upon which relief may be granted against the District because the District is immune from liability. As noted above, in Texas governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. Immunity from liability protects the state from judgment even if the Legislature has expressly consented to the suit. Jones, 8 S.W.3d at 638; Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). By entering into a contract, a governmental entity may waive immunity from liability, voluntarily binding itself like any other party to the terms of agreement (although it does not thereby waive immunity from suit). Tooke, 197 S.W.3d at 332; Clear Lake, 2010 Tex. App. LEXIS at *5 (holding that the district there involved waived immunity by entering into a contract to acquire utilities). *See* TEX. LOC. GOV'T CODE § 271.151-.160, enabling a waiver of immunity only by written contract for goods or services. In the case at bar of course there is no contract even alleged between Plaintiff and the District, written or unwritten.[4] The District has no relationship whatsoever with the Plaintiff trustee or his bankruptcy debtor, and in any event TEX. LOC. GOV'T CODE § 271.156 provides that, **"This subchapter does not waive sovereign immunity to suit in federal court."** (emphasis added)

---

[4] Plaintiff asserts a "constructive trust and equitable lien" against the District for an amount contractually owed by the District to Vestalia. *See* Amended Complaint (Docket No.77) at 184-85, 193-94.

## VI.
### Prayer

For the reasons set forth above, the District requests that its Motion to Dismiss be granted, and that the District have such other and further relief to which the Court may deem the District entitled.

Respectfully submitted this 26th day of September, 2012.

**YOUNG & BROOKS**

By: /s/ Mark W. Brooks
Mark W. Brooks
Texas Bar No. 03070860
Young & Brooks
10000 Memorial Drive, Suite 260
Houston, TX 77024
Telephone:  (713) 951-0800
Telecopier:  (713) 951-9605

### Certificate of Service

The undersigned hereby certifies that the foregoing was served electronically via ECF/PACER to parties registered to receive such notice, and that paper copies will be sent to parties indicated as non-registered users, if any, on this 26th day of September, 2012.

/s/ Mark W. Brooks
Mark W. Brooks

8

EXHIBIT A
ORDER GRANTING PETITION FOR CREATION OF WEST HARRIS COUNTY
MUNICIPAL UTILITY DISTRICT NO. 11

OFFICE OF THE TEXAS WATER COMMISSION
OF THE STATE OF TEXAS, AUSTIN, TEXAS

ORDER GRANTING PETITION FOR CREATION OF
WEST HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 11

On October 14, 1981, before the Texas Water Commission of the State of Texas, in regular session convened at its regular meeting place in Austin, Texas, a quorum of said Commission being present, as follows:

Felix McDonald, Chariman
Dorsey B. Hardeman
Lee B.M. Biggart

and the following absent:

None

after the giving of public notice as required by law, there duly came on for hearing the petition of the landowners and holders of title of land in proposed West Harris County Municipal Utility District No. 11, praying for the creation and establishment of said district, which petition has heretofore been duly set for hearing before this Commission at said time and place.

Upon the hearing being opened, the following persons entered their appearances in their respective capacities on behalf of petitioners:  Bill Krewson, Jones Road Development Co.; Conrad Hinshaw, Edminster, Hinshaw & Russ; and Kent Dussaire, CDS Research.  Ron Young of Rowe & Young was attorney for petitioners.  No one entered an appearance in opposition to petitioners.

There was presented proof of proper notice of this hearing verifying that notice was published in the Houston Chronicle, a newspaper of general circulation in Harris County, the county in which the proposed district is located, on September 12 and 19, 1981, that copies of the petition were mailed to the City of Houston and Harris County and that copies of the Notice of Hearing were sent by certified mail, return receipt requested, to all fee simple land owners as reflected on the tax rolls of Harris County, whose property

is located within the district, with the exception of those property owners signing the petition for creation.

Thereupon, all persons were invited to present evidence and testify for or against the allegations in the petition, the form of the petition, the necessity and feasibility of the district's project, and the benefits to accrue.

Thereupon, the above-named engineer and representatives of the petitioners testified orally and introduced documentary evidence in favor of the creation and organization of the district and in support of all allegations in the petition.  No person testified or offered to testify against the petition or the creation of the district.

The Commission, having heard the evidence and statements of counsel, and having fully considered all issues of fact and law relevant to the creation of West Harris County Municipal Utility District No. 11, and the qualifications of the proposed temporary directors, finds in favor of petitioners on all issues necessary and material to the organization of said district, including, but not limited to, the following specific findings of fact and conclusions of law:

<u>FINDINGS OF FACT</u>

1.  Notice of this meeting was published in accordance with Article 6252-17, V.A.T.C.S., and the Administrative Procedure and Texas Register Act.

2.  The petition for creation of the subject district was filed with the Commission on May 26, 1981, seeking creation of the district under the authority of Chapter 54, Texas Water Code.

3.  All of the area of the district is within the extraterritorial jurisdiction of the City of Houston, Texas and none of the area of the district is within the extra-

territorial jurisdiction of any other city pursuant to the Municipal Annexation Act and Section 54.016, Texas Water Code.

4.  The petition was duly filed with this Commission and the statutory filing fee and deposit paid.  The petition was presented to the Commission, and notice was issued setting a hearing thereon for October 14, 1981.

5.  Notice of this hearing was duly given by publishing a copy thereof in the Houston Chronicle, a newspaper of general circulation in Harris County, Texas, once a week for two consecutive weeks, the first publication thereof being made more than thirty days prior to the date of this hearing.  The publisher's affidavit as to giving of notice is in proper form and the statements of fact therein are true.

6.  Notice of the hearing was sent by certified mail, return receipt requested, to all fee simple landowners, as reflected on the county tax rolls on the date of the filing of the petition with this Commission, whose property is located within the proposed district except for property owners who signed the petition for creation.

7.  There are no cities having extraterritorial jurisdiction in Harris County, Texas, which have requested notice of hearing in accordance with Section 54.019(b), Texas Water Code.

8.  Said petition is signed by a majority in value of the holders of title to the lands within the area of the proposed district, as shown by the tax rolls of Harris County, Texas, who are qualified to sign same.

9.  The allegations of the petition are true.

10.  The territory included in the proposed district lies entirely within Harris County, Texas.

11. The area of the proposed district is urban in nature, and the district has expectancy for new and sufficient revenue from the operation of its proposed waterworks and sewer system as contemplated by law.

12. The general nature of the work to be done and the estimated cost thereof are as set forth in the petition, and negotiations are under way for the financing of the proposed work and improvements.

13. In determining whether or not the district's project is feasible, practicable, necessary and whether or not it would be of benefit to the land included in the district, the Commission has considered, among other things, the following:

(a)  The availability of comparable service from other systems;

(b)  The reasonableness of projected construction costs, tax rates, and water and sewer rates; and

(c)  Whether or not the district, its system and subsequent development within the district would have an unreasonable effect on land elevation, subsidence, ground water level within the region, recharge capability of a ground water source, natural runoff rates and drainage, water quality, and total tax assessments on all land located within the district.

14. Because of the reasonableness of the projected costs of the district's water, sewer and drainage project, the district's close proximity to the central business district of the City of Houston, and in order to insure that future residents of the district will have adequate water, sewer and drainage facilities, the proposed project is feasible and practicable and is necessary and would be a benefit to the land included within the district.

15. Each of the following five named persons is over eighteen years of age, is a resident of the State of

Texas, owns land subject to taxation in the district, and is otherwise and in all respects qualified to serve as a director for the district:

Ann Boone
Marietta Pickens
Jerry Kuna
Ronald Pawlik
Norbert Klotz

16. The petition for creation of the district should be granted.

## CONCLUSIONS OF LAW

1. The Commission has jurisdiction to consider the petition for creation of the district.

2. The petition for creation of the district conforms in all respects to Section 54.015, Texas Water Code, is in proper and legal form, and the purposes thereof are lawful.

3. The City of Houston, by its Ordinance No. 79-645, duly consented to the creation and organization of the district, as required by law.

4. Notice of the hearing on the petition for creation of the district has been published in conformity with Section 54.019, Texas Water Code, and all other requirements of said Section have been met.

5. The hearing on the petition for creation of the district has in all respects been conducted by the Commission in accordance with Sections 54.020 and 54.021, Texas Water Code.

6. There has been full compliance with all applicable provisions of Chapter 54 of the Texas Water Code and all applicable Rules of the Texas Department of Water Resources and the Texas Water Commission concerning the creation of the district.

7. In determining whether or not the proposed project is feasible, practicable and necessary and would be a benefit to the land included in the district, the Commission

has considered, among other things, all matters specified in Section 54.021, Texas Water Code.

8.  Ann Boone, Marietta Pickens, Jerry Kuna, Ronald Pawlik, and Norbert Klotz are in all respects legally qualified to serve as directors for the district.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER COMMISSION, as follows:

1.  Said petition is granted in all respects, and West Harris County Municipal Utility District No. 11 is organized, created and established.

2.  Said district is organized, created and established under the terms and provisions of Section 59 of Article XVI of the Constitution of the State of Texas, as provided in Chapter 54, Texas Water Code.

3.  The purposes of the district are those specified in Section 54.012, Texas Water Code, and district may exercise all of the powers granted by Section 54.201, as now enacted or hereafter amended.

4.  The following five persons, each of whom is more than eighteen years of age, is a resident citizen of the State of Texas, owns land subject to taxation in the district, or is a resident of the district and is otherwise qualified by law to serve as a director of the district, are hereby named and appointed as such directors to serve until their successors are duly elected or appointed and qualified:

        Ann Boone
        Marietta Pickens
        Jerry Kuna
        Ronald Pawlik
        Norbert Klotz

Said directors shall file their official bonds with the district, and take the oath of office as provided in Section 54.116, Texas Water Code; and said directors are authorized and directed to do any and all things required of them by law and necessary and proper for the conduct of the district's affairs.

5.   The description of the district by metes and

bounds is as follows:

Lying wholly in Harris County, Texas and being 727.1862 acres
of land out of the J.D. Egbert Survey, A-246, Harris County, Texas
and being part of that certain 1591.796 acre tract called Tract 3
and recorded under Film Code No. 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 of the Official Public
Records of Real Property, Harris County, Texas, said 727.1862 acres
being more particularly described by metes and bounds in strict
conformance with the Texas State Plane Coordinate System, South
Central Zone as follows:

Commencing at a one (1) inch galvanized iron pipe found at the
northwest corner of the above described tract being also at the
intersection of the north line of the said J.D. Egbert Survey,
A-246 and the northeast corner of that certain 150 foot wide
Houston Lighting and Power fee strip as recorded in Volume 1254,
Page 218, Deed Records of Harris County, Texas, said galvanized
iron pipe having Texas State Plane Coordinates of X = 3,084,143.50
and Y = 773,258.22;

Thence, N 89° 22' 53" E, with the north line of the herein described
Tract 3, a distance of 4637.99 feet to an old 5/8 inch iron rod
found for the southeast corner of that certain 206.405 acre tract
recorded under Film Code No. 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 and the southwest corner
of that certain 313.8382 acre tract recorded under Film Code No.
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, both of the Official Public Records of Real Property
of Harris County, Texas;

Thence, N 89° 30' 24" E, a distance of 456.66 feet to a 3/4 inch
galvanized iron pipe for corner, the point of beginning of the
herein described tract;

Thence, continuing N 89° 30' 24" E, a distance of 1968.60 feet to
a 1/2" iron rod  at the southeast corner of the aforesaid 313.8382
acre tract;

Thence, N 89° 25' 28" E, a distance of 1598.06 feet to an old 1
inch iron rod found at a fence corner for the northeast corner
of the said J.D. Egbert Survey, A-246;

Thence, S 00° 29' 24" E, along the west lines of the J.W. Kiney
Survey, A-502; the W.M. Cooper Survey, A-213, and the P. Walton
Survey, A-1253, a distance of 6697.59 feet to a point, the south-
east corner of the herein described tract;

Thence, S 89° 20' 06" W, a distance of 6342.35 feet to the west
right-of-way of White Oak Bayou as recorded in Volume 4325, Page
488, Deed Records of Harris County, Texas;

Thence, N 41° 29' 45" W, a distance of 160.32 feet to an angle
point;

Thence, N 10° 09' 45" W, a distance of 923.89 feet to an angle
point;

Thence, N 05° 44' 15" E, a distance of 627.47 feet to a point for
corner;

Thence, N 89° 20' 06" E, a distance of 2285.60 feet to a point for
an ell corner;

Thence, N 00° 40' 14" W, a distance of 2308.49 feet to a 3/4 inch
galvanized iron pipe at the point of curvature of a curve to the right;

Thence, around said curve to the right having a radius of 5729.58 feet,
through a central angle of 28° 35' 02", a distance of 2858.40 feet to
the POINT OF BEGINNING and containing 727.1862 acres of land, more or
less.

This order shall in no event be construed as an approval of any proposed agreements or of particular items in any documents provided in support of the creation petition, nor as committing or requiring the Commission in the future to approve or disapprove any particular items or agreements in future applications submitted by the District for Commission consideration.

This order shall not constitute approval or recognition of the validity of any provisions in City of Houston Ordinance No. 79-645 and the other ordinances incorporated therein by reference to the extent that such provisions exceed the authority granted to the City of Houston by the laws of the State of Texas.

The foregoing order was duly read and considered by the Texas Water Commission, whereupon it was moved and seconded that same be passed, and upon the motion's being put, it was duly passed, all Commissioners present voting "aye" and no one voting "no".

Executed and entered of record, this ___14th___ day of ____October_____, 1981

_____
FELIX McDONALD
Chairman

ATTEST:

_____
DORSEY B. HARDEMAN
Commissioner

_____
MARY ANN HEFNER
Chief Clerk

_____
LEE B.M. BIGGART
Commissioner

(SEAL)

STATE OF TEXAS        X
                      X
COUNTY OF TRAVIS      X

     I, Mary Ann Hefner, Chief Clerk of the Texas Water Commission of the Department of Water Resources, do hereby certify that the attached and foregoing is a true and correct copy of an Order Granting Petition for Creation of West Harris County Municipal Utility District No. 11, the original of which is filed in the permanent records of the Commission.

     Given under my hand and the seal of the Texas Water Commission, this _____ November 9, 1981 _____.

Mary Ann Hefner, Chief Clerk
Texas Water Commission

(SEAL)