# APPENDIX 2

## Affidavit of Marc Schwartz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-03700 |
| | § | |
| JOHN H. SPEER, ET AL, | § | JURY DEMANDED |
| | § | |
| DEFENDANTS. | § | |

### AFFIDAVIT OF W. MARC SCHWARTZ

State of Texas        §
County of Harris     §

Before me, the undersigned authority, personally appeared W. Marc Schwartz, who, after being by me duly sworn did depose and state as follows:

1. My name is W. Marc Schwartz. I am over the age of eighteen (18), have never been convicted of a felony or a misdemeanor involving moral turpitude and am in all ways competent to make this affidavit. I have personal knowledge of the facts stated herein and they are true.

2. I have a Bachelor of Arts in Economics from Princeton University and a Masters of Business Administration from the University of Chicago. I am a certified public accountant licensed to practice in the State of Texas and serve as a Chapter 11 Bankruptcy Trustee for the United States Bankruptcy Court for the Southern District of Texas. Attached is my complete *curriculum vitae* and it is true and correct. In addition to the matters set forth in my *curriculum vitae,* I have on numerous occasions advised both buyers and sellers in connection with the acquisition of closely held businesses.

3. Counsel for Michael Manners and counsel for the business entities owned by Mr. Manners asked me to evaluate the consequences had Royce Homes, L.P. ("Royce"), rather than John Speer, purchased Mr. Manners fifty percent (50%) in Royce. It would have been foolish to have consummated the buyout of Mr. Manners using such a structure for the transaction.

4. The purchase contemplated a total price of approximately $33,000,000 with $20,000,000 cash paid at closing and the remainder by a $13,000,000 promissory note to Mr. Manners to be paid in installments. Had Royce purchased Mr. Manners' interest, the approximately $33,000,000 price would have been accrued, in its entirety, as a Royce liability without a corresponding asset to offset the loss. Royce would have had an immediate $33,000,000 loss

in equity. On the other hand, when Mr. Speer made the purchase without any liability being assumed by Royce, the companies equity position was precisely the same after the purchase as before.

5. Furthermore, had Royce consummated the purchase, tax losses attributable to the purchased interest could not be used by Mr. Speer, then effectively Royce's sole owner. As actually structured, however, these losses were available to Mr. Speer.

6. In my opinion, no prudent investor acquiring Mr. Manners' interest in Royce would have structured the acquisition by having Royce redeem the interest rather than a direct purchase by Mr. Speer.

W. Marc Schwartz

Subscribed and sworn to before me on this the ___ day of November, 2012, to certify which witness my hand and seal of office

Notary Public for State of Texas



SALLY S. ALLEN
MY COMMISSION EXPIRES
August 18, 2016