United States District Court
Southern District of Texas
**ENTERED**
September 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODNEY TOW, TRUSTEE, § | |
| § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-11-3700 |
| § | |
| JOHN H. SPEER, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO COMPEL**

This 2011 case was resolved in 2015 by a jury verdict followed by a mediated settlement agreement. The settlement parties were Rodney Tow, the chapter 7 trustee of the bankruptcy estate of Royce Homes, L.P.; John Speer, named as a defendant in an adversary proceeding by the Trustee, as the former principal of Royce Homes; and Amegy Bank, another defendant in the adversary proceeding. The court authorized the trustee to enter into the settlement, which the parties negotiated and drafted. The drafting required a number of documents.

One set of documents concerned Speer's agreement to secure a $1 million nonrecourse note with a first lien deed of trust on a large tract of land. If Speer did not timely satisfy the debt owed under the nonrecourse note, the debt would be nonrecourse as to Speer, but the trustee had the right to foreclose on a first lien deed of trust on that tract of land to satisfy the $1 million loan.

Other documents addressed the final settlement agreement and release, the deed of trust on the large tract of land and its description, and notes. After months of work and many revisions to the closing documents, the settlement concluded on January 28, 2016. The day before, the parties exchanged copies of the documents that were to be signed at the closing that would occur the

following day. On the date of the closing, the parties, and the documents, were all in the room where the closing occurred. The Title Company closer, not Speer, presented the documents for the parties and their lawyers to review and execute.

Now, over five years later, Tow argues that Speer and his counsel deliberately arranged to have an incorrect version of a Note signed at the closing. According to Tow, Speer slipped in a version of the Note that added two paragraphs giving Speer a potential offset or credit to the $1 million nonrecourse debt obligation. Tow argues that he did not know of this provision or approve it. Tow moves to compel compliance with the obligations in the version of the Note without the offset or credit provision. (Docket Entry No. 493).

Speer has responded in detail. (Docket Entry No. 495). He points out that the closing documents had been provided to, and approved by, the parties in advance of the closing itself. He points out that at the closing, each party, represented by separate counsel, had another opportunity to review the documents before signing. Speer denies any effort to "sneak" an unauthorized version of the Note into the Closing Document Package that the Title Company closer—not Speer— presented to the parties for review and signature. Tow and his lawyer were present, received and had the chance to read each document as it was presented by the Title Company, and signed.

Speer points out that this court's order approving the settlement agreement required the parties to advise the court of issues preventing consummation within 14 days after the settlement was entered. That date occurred in January 2016. The fact that no issue was raised until September 2021 raises issues that include waiver, lack of diligence, limitations, and lack of support.

There is no basis for this court to find that Speer failed to comply with the agreements that the parties signed. There is no basis to find that the parties signed agreements that they did not

have the opportunity to read and review.  There is no basis to find that Speer lured or deceived Tow into signing a version of the Deed that Tow did not intend to sign or know he was signing.  There is no basis to ignore limitations or ignore the fact that in the years since the documents were signed, properties have been sold and payments have been received.

The record shows that the number of lawyers exchanging a large number of documents did result in confusion over the documents—a "mixup in documents"—in the days before the closing occurred.  (Docket Entry No. 495, Exs. 1, 2).  The record shows that after a number of email exchanges, the parties resolved the confusion.  When the parties and counsel gathered to review and sign the closing documents, no issue was raised at about whether an improper version of any document was presented for signature.  There is, in short, no record basis to compel further or different action on the part of Speer.

Tow's Motion to Compel Compliance with Order Approving Settlement and Enforcing Terms of Settlement, (Docket Entry No. 493), is denied.

SIGNED on September 27, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge