United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3700 |
| | § | |
| JOHN H. SPEER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

John H. Speer moves for Rule 11 sanctions in the form of a court order requiring Rodney Tow to pay Speer the fees and expenses incurred responding to Tow's Motion to Compel Compliance with Order Approving Settlement and Enforcing Terms of Settlement. (Docket Entry No. 498). This court previously denied Tow's motion to compel, finding "no record basis to compel further or different action on the part of Speer." (*See* Docket Entry No. 497).

"Rule 11 'prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support.'" *Vessel Statistics, Inc. v. Albert Garaudy & Assocs., Inc.*, 2011 WL 843904, at *5 (S.D. Tex. Mar. 7, 2011) (quoting *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005)). A motion for sanctions must be served on the opposing party 21 days before it is filed with the court. Fed. R. Civ. P. 11(c)(2).

Tow asserts that Speer did not serve the motion for sanctions 21 days before filing the motion in this court. (Docket Entry No. 499, at 6–7). Speer's motion for sanctions states that "Mr. Speer believes that he gave the required 21 day notice pursuant to FRCP Rule 11(c)(2)," but Speer did not reply to Tow's response that "Speer's motion itself was not served on Tow in advance of

filing." (Docket Entry No. 498, at ¶ 18). Tow alleges that "the first date [he] received Speer's Motion for Sanction was October 12, 2021 when the same was filed with this Court." (Docket Entry No. 499, at 7).

Speer's failure to serve a copy of the motion for sanctions 21 days before filing is a sufficient reason to deny his motion for sanctions. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory."). But even if Speer did comply with Rule 11—as he "believes" he did—the record before this court does not support the sanctions that Speer seeks. Speer alleges that Tow "threaten[ed] Mr. Speer with contempt and sanctions," and that Tow's "threats" "caused Mr. Speer to engage counsel and spend thousands of dollars defending himself against Trustee's spurious and baseless claims." (Docket Entry No. 498, at 2). Before Tow filed the motion to compel, Tow sent Speer a letter demanding that "Mr. Speer [] remit the requirement payment of $1,000,000 to the Trustee no later than November 30, 2020 by 5:00 p.m." (Docket Entry No. 498-1). Speer argues that this demand letter "was subterfuge and pure harassment, the type of conduct that clearly violated [Rule 11]." Speer encloses a copy of the November 18, 2020, demand letter, which states:

> On November 3, 2015, the Honorable Chief United States District Judge Lee H. Rosenthal entered an Order . . . approving the terms of a compromise between Mr. Speer and a number of parties, including Rodney Tow as the chapter 7 trustee ("Trustee") for the Royce Homes L.P. bankruptcy estate. Pursuant to the Compromise Order, the parties executed a Full and Final Settlement Agreement and Release dated January 28, 2016 ("Settlement Agreement"). Pursuant to the Compromise Order and Settlement Agreement, five years after entry of the Compromise Order (November 3, 2020), Speer's obligation to pay the Trustee $1,000,000 under a non-recourse note (secured by a first lien deed of trust on 318.51 acres) matured and became due and payable. The Trustee has not received the required $1,000,000 payment from Mr. Speer in breach of the Settlement Agreement and in violation of the Compromise Order.
>
> Demand is hereby made for Mr. Speer to remit the required payment of $1,000,000 to the Trustee no later than **November 30, 2020 by 5:00 p.m. (CST)**. The trustee intends to file the appropriate pleadings to compel Mr. Speer's compliance with all

2

>   obligations arising under the Compromise Order and the Settlement Agreement if payment is not received by November 30, 2020 at 5:00 p.m. (CST). The Trustee reserves all rights, including any right to recover sanctions for Mr. Speer's contempt and/or attorneys' fees for Mr. Speer's breach of the Settlement Agreement.

(Docket Entry No. 498-1 (emphasis in original)).

This letter cannot be characterized as "pure harassment" or "threatening," as Speer alleges. (Docket Entry No. 498, at 2). The terms of the Non-Recourse Promissory Note required Speer to pay his $1,000,000 debt obligation by November 30, 2020. By November 18, 2020, Speer had not paid. Tow's counsel demanded payment "[p]ursuant to the Compromise Order and Settlement Agreement." Speer did not comply.

Tow filed the motion to compel after Speer failed to pay his debt obligation by the Non-Recourse Promissory Note's maturity date. Tow presented evidence that the settlement agreement signed by both parties contained terms that were not previously approved by the court. This court noted, however, that the parties were required to advise the court of issues preventing consummation of the settlement within 14 days after notice of the settlement was entered. Tow did not raise any concerns about the contents of the settlement agreement, that he knowingly signed, for almost six years. Although this court denied the motion to compel, (Docket Entry No. 497), Tow's motion was not so frivolous as to warrant sanctions.

Speer's motion for sanctions, (Docket Entry No. 498), is denied.

SIGNED on December 7, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge