United States District Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RODNEY TOW, TRUSTEE | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3700 |
| | § | |
| JOHN H. SPEER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This 2011 case appeared to have been resolved seven years ago, when a trial on Rodney Tow's fraudulent transfer claims resulting in a jury verdict awarding Tow damages was followed by a mediated settlement agreement. Instead, in the past eight months, this court has been asked to compel compliance with its order approving the settlement, (Docket Entry No. 493); to award sanctions, (Docket Entry No. 498); and now to reopen this long-closed case and reinstate it to the active docket, (Docket Entry No. 501). Tow, the Trustee for Royce Homes Estate, asks the court to take these steps so that he can move for judicial foreclosure on a 381-acre tract of land under the settlement agreement. Tow's requests stem from the failure of John H. Speer to fulfill his obligation under the parties' settlement agreement to execute and pay a $1 million nonrecourse note by November 30, 2020. Speer argues that his alleged failure to pay is due to Tow's failure to "provide the information necessary to enable [Speer] to calculate the amount of . . . the two offsets referenced in the [nonrecourse note]," and that the court should not reopen, because it lacks subject-matter jurisdiction over Tow's proposed judicial foreclosure claim. (Docket Entry No. 502).

Tow presents two grounds to support this court's subject-matter jurisdiction over the reopened case he seeks.  First, Tow points "to the Settlement Agreement, approved by the 2019 Order," (Docket Entry No. 501, at 2), which states:

> Any action or proceed to enforce the terms of this Agreement (unless expressly provided for otherwise herein) must be brought before Judge Lee Rosenthal in the United States District Court for the Southern District of Texas.  The Parties hereby consent to the personal jurisdiction of such courts for the purpose of enforcing this Agreement.

(Docket Entry No. 501-2, at 17).

This argument is unpersuasive.  Parties cannot contract for Article III jurisdiction.  Once a case is closed, "[e]nforcement of a settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  A court has an independent basis for jurisdiction if it "embod[ies] the settlement contract in its dismissal order."  *Id.* at 381–82.  If the dismissal order incorporates the settlements terms, then a violation of the settlement would also be a violation of the court's order, and the court would have ancillary jurisdiction to "vindicate its authority."  *Id.* at 378–80.

This court entered an order approving "[t]he terms of the Mediated Settlement Agreement and the Addendum to the Mediated Settlement Agreement" as "fair and equitable and in the best interest of the [bankruptcy] estate."  (Docket Entry No. 501-1 (quoting *In re Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th Cir. 1995)).  The order did not "include a separate provision expressly retaining jurisdiction" and did not "incorporate or embody the terms of the settlement agreement directly into the order," *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462 (5th Cir. 2010).  As a result, this court "lack[s] the ancillary jurisdiction necessary to enforce the settlement terms."

2

*Id.*; *see also Kokkonen*, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.").

Tow argues, alternatively, that this court has jurisdiction under the Bankruptcy Code, 28 U.S.C. § 1334, because "[t]he Trustee's request to seek judicial foreclosure . . . implicates matters central to the purpose and policies of the Bankruptcy Code." (Docket Entry No. 503, at 3). Section 1334 gives the court jurisdiction over cases arising in, arising under, or related to a pending bankruptcy case. Claims "arise in" a bankruptcy proceeding if the "matter[] . . . could arise only in bankruptcy." *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Claims "arise under" a bankruptcy proceeding if they "invok[e] a substantive right created by federal bankruptcy law." *Id.*

Tow's judicial foreclosure claim does not "arise in" or "under" the Bankruptcy Code. The claim "is not based on any right created by federal bankruptcy law. It is based on state created rights." *Id.* "Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state. . . action that, had there been no bankruptcy, could have proceeded in state court." *Id.*; *cf. In re Brooks Mays Music Co.*, 363 B.R. 801, 810 (Bankr. N.D. Tex. 2007) ("The claims asserted . . . are quintessentially state law claims sounding in tort and contract. . . . [The] claims are not claims that concern the administration of the . . . bankruptcy estate; nor are they claims that would be incapable of existence absent the bankruptcy case.").

Claims are "related to" a bankruptcy proceeding "if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Wright*, 545 B.R. 541, 549 (S.D. Tex. 2016) (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.6 (1995)). "In other words, an 'action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts

the handling and administration of the bankruptcy estate." *Volvo Trucks N.A., Inc. v. Crescent Ford Truck Sales, Inc.*, 273 F. App'x 368, 369 (5th Cir. 2008) (quoting *Bass v. Denney*, 171 F.3d 1016, 1022 (5th Cir. 1999)).  Although Tow argues that "the Note and Deed of Trust are property of the estate" under 11 U.S.C. § 541(a)(7), (Docket Entry No. 507, at 2), Tow has not explained how, or pointed to record support to show that, the judicial foreclosure claim would impact the bankruptcy court's handling and administration of the bankruptcy estate.  Tow has that burden as the party seeking to establish subject-matter jurisdiction.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Even if Tow had shown that his ability to collect on the settlement agreement affects the administration of Royce Homes's bankruptcy estate, the court would and does decline to exercise jurisdiction over this judicial foreclosure action.  "Nothing [in 28 U.S.C. § 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1); *see also In re O'Connor Int'l, Inc.*, 174 F. App'x 209, 212 (5th Cir. 2006) ("Section 1334(c)(1) gives district courts discretion to abstain from hearing 'related to' cases in the interests of justice, comity with state courts, or respect for state law."); *Matter of Wood*, 825 F.2d at 93 ("The act gives the district court broad power to abstain . . . .").

This case has been closed since 2015.  Tow asks this court to reopen this case and reinstate it to the active docket so that he can file a state-law claim based on a nonrecourse promissory note. The note states that it was "made in the State of Texas and shall be governed by and construed in accordance with the internal laws of the State of Texas, without regard to conflict of laws principles."  (Docket Entry No. 501-3).  There is no showing that the Texas state court cannot

4

timely adjudicate Tow's claims.   Out of "respect for State law," this court abstains from considering Tow's judicial foreclosure claim.   Tow has not shown an impediment to bringing his claim in a state-court action.

Tow's motion to reopen and reinstate this case to the active docket, Docket Entry No. 501, is denied.   Speer's request for legal fees, Docket Entry No. 502, is also denied, for lack of support, authority, or justification, and in light of his failure to pay.   The court will not entertain any motions by Speer for costs, attorney's fees, or sanctions.

SIGNED on April 20, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge